Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET, INC., a Texas corporation,<br><br>Defendant. | Case No. 8:22-CV-01562 JWH-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**<br>Date: December 9, 2022<br>Time: 09:00 AM |

Plaintiffs Sara Safari, Peymon Khaghani, ("Consumer Plaintiffs") and Farm Forward (collectively, "Plaintiffs"), and defendant Whole Foods Market, Inc. ("WFM Inc." or "Defendant") jointly submit this Rule 26(f) Report.

1. **Statement of the Case:**

   a. **Plaintiffs' Position**

Whole Foods maintains a long-standing advertising campaign that promises "At Whole Foods Market: No Antibiotics EVER is our standard..." It promises "No Antibiotics, Ever" for the meat products it sells. This unequivocal advertising message is made consistently on product packaging and in other advertisements, including in-store displays.

Whole Foods makes this advertising claim because consumers highly value meat from animals raised antibiotic-free, allowing Whole Foods to sell more product at a higher price. "Antibiotic-free" advertising claims are a top attribute for meat purchasers. Nearly two-thirds of shoppers are more likely to buy meat advertised as antibiotic-free over meat without that attribute. Antibiotic-free conveys to a reasonable consumer higher quality and better taste. Antibiotics in meat also poses a public health threat that many consumers are concerned about. Antibiotics in the food supply contributes to the growth of antibiotic resistant bacteria (superbugs). Many consumers also find factory farming models that must use antibiotics objectionable and less healthy.

Despite promising "No Antibiotics, Ever," Whole Foods sells meat that comes from animals given antibiotics. Although claiming it closely monitors its suppliers, it fails to adequately do so. As a result, Whole Foods meats advertised as antibiotic-free are not.

Whole Foods "No Antibiotics, Ever" promises are false and misleading in violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*

Plaintiffs reasonably believed that when Whole Foods promised "No Antibiotics,

Ever," that Whole Foods was telling the truth. As a result, they and similarly-situated consumers were harmed by paying a premium for falsely marketed meat.

### b. **Defendants' Position**

Defendant disputes that Whole Foods Market's antibiotic representations are false or misleading to reasonable consumers. Regardless, defendant WFM Inc. is a Texas holding company that owns shares of other operating companies. It does not own or operate the Whole Foods Market stores in California, or any other state, and does not conduct or transact any business in California. It does not set policies for any Whole Foods Market store, nor does it regulate or assure the uniformity of policies in those stores. WFM Inc. also does not design, develop or manufacture any products including the beef products sold at Whole Foods Market stores. It does not determine what products are sold at Whole Foods Market stores, nor does it decide which suppliers, vendors, or distributors are to be used by Whole Foods Market stores. Finally, WFM Inc. does not review or approve the labelling of any products and is not involved in any way in the labeling of products sold at Whole Foods Market stores. Thus, WFM Inc. contends it is not subject to personal jurisdiction in California and is not a proper party to Plaintiffs alleged claims.

WFM Inc. discussed these issues with Plaintiffs and asserted them, among others, in its Motion to Dismiss (ECF No. 24). The Court thereafter granted the parties' stipulation to allow Plaintiffs to file an Amended Complaint that, in part, names different defendants and dismissed WFM Inc.'s motion as moot. Plaintiffs have indicated an intent to name several different entities in the Whole Foods Market family of companies. Plaintiffs Amended Complaint is due for filing on November 29, 2022.[1]

---

[1] Defendant suggested the parties seek a continuance of the Initial Case Management Conference until after the Amended Complaint was filed and the new defendants had appeared so the parties would have the benefit of the operative complaint and

2. **Subject Matter Jurisdiction:**

    a. **Plaintiffs' Position**

This Court has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332, because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Plaintiffs and Defendant Whole Foods are domiciled in different states. Plaintiffs Safari and Khaghani reside in Orange County and purchased the beef products at issue from Whole Foods in Orange County.

    b. **Defendant's Position**

Defendant does not dispute that CAFA jurisdiction likely exists as to the claims alleged in the current Complaint. Defendant, however, reserves the right to contest subject matter jurisdiction over any claims asserted in Plaintiffs' Amended Complaint. Defendant understands that Plaintiffs intend to name in their Amended Complaint the entities that operate the Whole Foods Market stores in Northern and Southern California. These entities are California corporations with their principal offices in California. Thus, depending on other named defendants and Plaintiffs' standing to bring claims on behalf of a nationwide class of consumers, the Court may lack CAFA jurisdiction over any claims asserted in the Amended Complaint due to a lack of minimal diversity and application of the home-state exception.

3. **Legal Issues:**

    a. **Plaintiffs' Position**

Plaintiffs have met and conferred with defense counsel to try to avoid wasting the Court's time adjudicating which Whole Foods entities are properly named. In the event Defendants are unwilling or unable to engage in such efforts, Plaintiffs anticipate the possibility of jurisdictional discovery to determine which Whole Foods entities are

allegations. Plaintiffs do not wish to seek a continuance and instead believe the parties will benefit from the Court's guidance on scheduling.

responsible for the conduct alleged in the complaint.

Plaintiffs also anticipate filing a motion for class certification and potentially a motion for summary judgment.

### b. Defendants' Position

Defendant does not have a draft of Plaintiffs' Amended Complaint and therefore cannot identify the key legal issues involved in Plaintiffs' allegations. Despite providing Plaintiffs with the correct legal entities based on the current allegations, Defendant anticipates that Plaintiffs will name several new defendants who are not subject to personal jurisdiction in California nor appropriate parties to the anticipated claims. As such, Defendant anticipates there will be jurisdictional issues. Defendant also anticipates, based on the current allegations, that the Amended Complaint will raise the following disputed points of law:

- Whether Plaintiffs have statutory standing under Article III and the CLRA, UCL and FAL to sue the newly named defendants and/or bring their claims on behalf of a nationwide class of consumers;
- Whether Plaintiffs' Amended Complaint will state plausible claims under the CLRA, UCL and FAL or any common law fraud claims;
- Whether reasonable consumers are misled by Whole Foods Market's antibiotic representations;
- Whether Whole Foods Market's advertising caused injury to Plaintiffs and the proposed class;
- Whether Plaintiffs are entitled to an injunction, damages, disgorgement, or any of the other requested remedies; and
- Whether a class can be properly certified under Ruel 23.

### 4. Parties, Evidence, Key Documents, Main Issues:

The parties are: 1) the Consumer Plaintiffs - Sara Safari and Peymon Khaghani; Plaintiff Farm Forward, a public interest organization; and Defendant WFM Inc.

Defendant anticipates Plaintiffs will dismiss WFM Inc. and name several other entities from Whole Foods Market family of companies in their Amended Complaint.

Anticipated witnesses are the consumer Plaintiffs, Farm Forward's representative, the anticipated defendants' employees and 30(b)(6) representatives, third-party meat distributors and producers, and various experts. Defendant also anticipates third-party discovery and witnesses from the Global Animal Partnership ("GAP"), GAP's auditors and third-party suppliers, producers and certifiers.

Key documents relating to the main issue of whether Whole Foods Market's advertising deceives consumers will include the challenged advertising, documents addressing the truth or falsity of that advertising including testing data, sales data, certification documents, and documents pertaining to efforts to test and verify the use or non-use of antibiotics by meat suppliers. Defendant reserves the right to identify further witnesses and documents based on the allegations of Plaintiffs' Amended Complaint.

WFM Inc. is an indirect subsidiary of Amazon.com, Inc. and the parent of several subsidiary companies, including Whole Foods Market California, Inc., Mrs. Gooch's Natural Foods Markets, Inc., Whole Foods Market Services, Inc., and Whole Foods Market IP, Inc.

**5. Damages:**

Plaintiffs seek restitution or damages. Without sales data, Plaintiffs are unable to calculate class-wide damages.

**6. Insurance:**

Plaintiffs currently are unaware of any insurance coverage. Defendant is not aware of any insurance coverage for the alleged claims.

**7. Motions:**

The likelihood of Plaintiffs adding parties or claims depends on the resolution of any motion to dismiss filed by Defendant. Depending on the success of the parties meet and confer efforts regarding which Whole Foods Market corporate entities are

responsible for the conduct alleged in the complaint, Plaintiffs may need to amend to name different corporate entities. Plaintiffs anticipate moving for class certification. Plaintiffs and absent members of the class reserve certain rights relating to the addition and substitution of class representatives.

The parties agree that venue is proper because Plaintiffs Safari and Khaghani reside in and purchased the products in question from Whole Foods Market stores in Orange County.

The Court entered a schedule relating to Plaintiff's anticipated amended complaint and any related motion to dismiss briefing. ECF No. 26. Pursuant to that schedule, Defendant anticipates filing a motion to dismiss on or before January 10, 2023. Defendant will set the hearing on its motion for March 10, 2023, at 9:00 a.m. Defendant also anticipates opposing class certification, possibly filing *Daubert* motions and moving for summary judgment.

**8.   Manual for Complex Litigation:**

   **a.   Plaintiffs' Position**

Plaintiffs believe the Manual for Complex Litigation may be a useful reference, but with the possible exception of § 21.14's guidance relating to the scope of precertification discovery, do not believe there is need to rely on any specific procedure from the Manual at this stage.

   **b.   Defendant's Position**

Depending on the parties named and the claims alleged in the Amended Complaint, Defendant believes discovery should initially be limited to class certification issues.  Bifurcation of class issues will serve the interests of judicial economy.  As explained in the Manual for Complex Litigation, "discovery relevant only to the merits delays the certification decision and may ultimately be unnecessary." (Manual for Complex Litigation, Fourth (2004) § 21.14 at p. 256.)  "In cases that are unlikely to continue if not certified, discovery into aspects of the merits unrelated to certification

delays the certification decision and can create extraordinary and unnecessary expense and burden." (*Id.*)

Here, bifurcation will allow the parties to approach discovery in an orderly manner, focus their discovery efforts to achieve a timely resolution of the class issues and, depending on the outcome of class certification, conserve resources for the parties and the Court. Bifurcation is also especially appropriate here because of the small amount of Plaintiffs' alleged individual damages, and the unlikelihood that this case will continue absent class certification.

9. **Status of Discovery:**

Plaintiffs' Amended Complaint is due November 29, 2022. Defendant expects this will change the parties by dismissing the current defendant and naming several other Whole Foods Market entities, who are not presently before the Court. Thus, the parties have not yet served their first sets of discovery.

10. **Discovery Plan:**

    a. **Rule 26(f)(3)(A)** (Initial Disclosures):

The current parties agree that no changes need to be made to the Rule 26(a) initial disclosures requirements and that initial disclosures will be made on or before Monday, November 28, 2022.

    b. **Rule 26(f)(3)(B)** (Subjects of Discovery, When Discovery Shall be Completed, and Proposals for Phased or Bifurcated Discovery):

**Plaintiffs' Position**

The subject on which discovery may be needed include Defendant's marketing and advertising strategy, including the advertising itself, how consumers understand the advertising, the truth or falsity of the advertising, pricing strategies relating to the products at issue, retail sales and pricing data, and documents pertaining to Whole Foods' efforts to test and verify the use or non-use of antibiotics by its suppliers.

Plaintiffs propose that the Court should set a status conference within 30 days of

1  its ruling on the motion for class certification during which remaining pretrial deadlines
2  shall be set, including fact discovery and expert related deadlines.

3  Plaintiffs do not believe formal bifurcation of discovery is necessary or efficient. Plaintiff Farm Forward will not be part of the certified consumer class(es) and so precertification bifurcation is not applicable. Furthermore, discovery will largely consist of ESI. Given the organization and maintenance of ESI and the Rule 23 analysis which "frequently…entail[s] some overlap with the merits of the plaintiff's underlying claim," Plaintiff does not believe formally bifurcating discovery will be the most efficient or the least burdensome procedure in this case. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ahmed v. HSBC Bank USA, N.A.*, No. C15-2057, 2018 U.S. Dist. LEXIS 2286, at *9 (C.D. Cal. Jan. 5, 2018) (collecting cases and explaining courts' reluctance to bifurcate "because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst."); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 172-73 (D.C. Cir. 2009) (explaining why bifurcation of discovery into merits and class certification is unworkable when "most of the discovery is going to be of ESI"); Manual for Complex Litig. § 21.14 (4th ed.) ("Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes."). Instead, Plaintiffs propose to work to prioritize the production of documents given the importance of specific subsets relative to the stage of litigation and the burden of production.

**Defendants' Position**

Defendant cannot fully define the scope of discovery until it has reviewed the allegations of Plaintiffs' Amended Complaint. Based on the current allegations, Defendant anticipates discovery related to, among other things, the advertisements that Plaintiffs are challenging (including when Plaintiffs allegedly viewed those advertisements), Plaintiffs' alleged reliance on Whole Foods Market's advertisements,

Plaintiffs' purchases of beef products from Whole Foods Market, Plaintiffs' claimed damages, Plaintiffs' testing of beef products and the bases upon which Plaintiffs' Complaint has been filed. Defendant further expect there will be discovery directed to third parties including GAP, its third-party auditors, and other certifying organizations. Defendant believes discovery should be bifurcated for the reasons outline in Section 8(b) above.

      c.    **Rule 26(f)(3)(C)** (Electronic Discovery Issues)

Plaintiffs issued an evidence preservation letter to Defendant on September 21, 2022.

On November 21, 2022, Plaintiffs sent Defendant a proposed ESI Protocol, relating to methods for searching for responsive, relevant information and the form(s) of production of documents originating in hard-copy and electronic format. The parties will meet and confer regarding the proposed protocols, and understand their obligations to preserve documents and other information.

      d.    **Rule 26(f)(3)(D)** (Issues About Privilege or Trial-Preparation Protection)

On September 29, 2022 and November 17, 2022, Plaintiffs provided Defendant with a draft Protective Order based on Magistrate Judge Scott's model. The Parties will meet and confer and anticipate submitting a Protective Order for the Court's approval.

      e.    **Rule 26(f)(3)(E)** (Changes to Discovery Limitations)

Without waiving any rights to seek changes, including depositions or interrogatories beyond the numbers set by the federal rules, the parties do presently propose any changes to discovery limits. Defendant reserves its right to request additional discovery based on Plaintiffs' anticipated Amended Complaint.

      f.    **Rule 26(f)(3)(F)** (Need for Other Orders):

The parties do not anticipate the need for any other orders under Rule 26(c) or Rule 16(b) or Rule 16(c) at this time.

11. **Discovery Cut-off:**

    a. **Plaintiffs' Position**

As discussed above, Plaintiffs propose the Court hold a scheduling conference following a ruling on class certification to set final pretrial deadlines. Notwithstanding, Plaintiffs believe a discovery deadline of approximately 90 days following a ruling on Plaintiffs' motion for class certification is likely reasonable.

    b. **Defendant's Position**

As a preliminary matter, Defendant believes the issue of setting a discovery cutoff is premature given that Plaintiffs will be filing an Amended Complaint that will involve several new parties, who are not presently before the Court, and additional allegations as to those parties' involvement in the alleged claims and basis for liability.

That said, should Plaintiffs succeed in certifying a class, the certification order may give rise to new issues on which the parties might need discovery. Defendant, therefore, believe the Court should hold a further case management conference for the purpose of setting final pretrial deadlines after its ruling on the class certification. Defendant anticipates that it may require 120 days after the class certification ruling to complete merits discovery.

12. **Expert Discovery:**

With the same caveats stated in Section 11 above, Plaintiffs believe a deadline of approximately 120 days following a ruling on class certification is likely reasonable to exchange initial Rule 26(a)(2) expert disclosures and reports, 150 days following a certification order to exchange rebuttal expert disclosures and reports, and 180 days following a certification order to complete expert discovery. Defendant would extend these deadlines an additional 30-days based off its request for 120 days to complete merit discovery as set forth in Section 11 above.

**13. Dispositive Motions:**

Plaintiffs do not yet anticipate any issues that may be determined by motions for summary judgment or motions in limine. Defendant expects to file a motion for summary judgement if it is not dismissed as part of the First Amended Complaint or subsequent motion to dismiss.

**14. Settlement/Alternative Dispute Resolution (ADR):**

The parties have not engaged in any settlement discussions or written communications regarding settlement. The parties agree that any ADR would be more fruitful after class certification discovery or motions.

**15. Trial Estimate:**

    **a. Plaintiffs' Position**

Plaintiffs request a jury trial. Plaintiffs believe it is premature to accurately estimate the length of trial. Nevertheless, Plaintiffs estimate that trial will require seven days. Plaintiffs intend to call several witnesses, including Plaintiffs, Defendants' Rule 30(b)(6) witnesses, percipient witnesses, and expert witnesses.

    **b. Defendant's Position**

Defendant does not know the scope of the claims to be alleged in the Amended Complaint nor the number of potential defendant entities. As such, Defendant cannot accurately estimate the length of trial nor the number of potential witnesses. Defendant does not believe that Plaintiffs are entitled to a jury on their claims under the UCL and FAL. Based on the current claims, Defendant estimate that trial will require 15-20 days and Defendants will call 10 to 15 witnesses.

**16. Trial Counsel:**

Plaintiff: Gretchen Elsner, Paige Tomaselli

Defendant: Brian Blackman and Wells Blaxter of Blaxter | Blackman LLP

**17. Independent Expert or Master:**

The parties do not anticipate needing an independent expert or master.

**18. Timetable:**

Attached as Exhibit A is the parties' scheduling proposal.

**19. Amending Pleadings and Adding Parties:**

The parties stipulated to Plaintiffs amending the complaint and the defendants' anticipated motion to dismiss (ECF No. 23). This Court entered an Order (ECF No. 26) setting November 29, 2022 as Plaintiffs' deadline to file an amended complaint and January 10, 2022 as the defendants' deadline to respond. If defendants respond with a motion, then Plaintiffs will file any opposition on or before February 9, 2023 and defendants will reply on or before February 23, 2023. Defendants' motion, if any, will be heard on March 10, 2023.

**20. Other issues:**

The parties do not anticipate any unusual issues.

**21. Consent to Proceed Before Magistrate Judge:**

The parties do not consent to proceed before a Magistrate Judge for the entry of judgment.

**Exhibit A: Schedule of Pretrial and Trial Dates Worksheet
as Modified By Parties to Address Class Certification Deadlines[2]**

| Case No.: | 8:22-CV-01562 JWH | | |
|---|---|---|---|
| Case Name: | Safari v. Whole Foods | | |
| Event | Plaintiffs' Request month/day/year | Defendant's Request month/day/year | Court's Order |
| Last Day to File Motion for Class Certification | October 6, 2023 | Jan. 12, 2024 | |
| Last Day to File Opposition to Motion for Class Certification | November 10, 2023 | Feb. 16, 2024 | |
| Last Day to File Reply in Support of Motion for Class Certification | December 15, 2023 | Mar. 22, 2024 | |
| Hearing on Motion for Class Certification | Pursuant to Court's Schedule | Apr. 12, 2024 @ 9 AM | |
| Status Conference to Discuss Scheduling Order through Trial and Trial Date | Pursuant to Court's Schedule | Pursuant to Court's Schedule | |

---

[2]   Pursuant to their Joint Rule 26(f) Report, the parties respectfully request that the Court delay the scheduling of trial and other related post-certification deadlines until after it has decided whether a class should be certified.

DATED: November 22, 2022    Respectfully submitted,

/s/ *Paige M. Tomaselli*
Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com


/s/ *Gretchen Elsner*
Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

*Attorneys for Plaintiffs*


Dated: November 22, 2022

**BLAXTER | BLACKMAN LLP**


By:  /s/ *Brian R. Blackman*
    BRIAN R. BLACKMAN
    J.T. WELLS BLAXTER
    DAVID P. ADAMS
    *Attorneys for Defendant*
    WHOLE FOODS MARKET, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notification of the filing of this document to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Service List.

Dated: November 22, 2022

Respectfully submitted,

/s/ *Paige M. Tomaselli*
Paige M. Tomaselli (Bar ID CA 237737)
GRIME LAW, LLP
730 Arizona Avenue
Santa Monica, CA 90401
ptomaselli@grimelaw.com
Telephone: (310) 747-5095