UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | |
|---|---|
| Case No. 8:22-cv-01562-JWH-KES | Date December 5, 2022 |
| Title *Sara Safari, et al. v. Whole Foods Market, Inc.* | |

Present: The Honorable    JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Deborah Lewman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER GRANTING MOTION TO WITHDRAW AS PLAINTIFFS' COUNSEL (IN CHAMBERS)**

Before the Court is the unopposed motion of attorneys Adam E. Polk, Jordan Elias, Simon Grille, and Jordan N. Isern ("Girard Sharp Counsel") to withdraw as counsel of record for Plaintiffs Sara Safari, Peymon Khaghani, and Jason Rose, on behalf of themselves and all others similarly situated, and Farm Forward, on behalf of the general public (collectively, "Plaintiffs").[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support, and in the absence of any opposition,[2] the Court orders that the Motion is **GRANTED**, for the reasons set forth herein.

### I.    BACKGROUND

Plaintiffs filed the instant action on August 23, 2022, asserting the following claims for relief against Defendant Whole Foods Market, Inc.: (1) Violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*; (2) Violation of the

---

[1]    Mot. to Withdraw as Counsel of Record for Pls. (the "Motion") [ECF No. 33].

[2]    The Court considered the following papers: (1) Compl. (the "Complaint") [ECF No. 1]; and (2) the Motion (including its attachments).

Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (3) Violation of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (4) Unjust Enrichment; and (5) Fraudulent Concealment.[3]

On November 9, 2022, Girard Sharp Counsel filed the instant Motion to withdraw as counsel for Plaintiffs. The Motion is unopposed.

## II.  LEGAL STANDARD

Under this Court's Local Rules, an attorney may not withdraw as counsel from a case pending in this Court except upon leave of court, which must be supported by good cause. *See* L.R. 83-2.3.2. A motion to withdraw as counsel may be made only upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id.*

District courts have broad discretion in determining what constitutes good cause to withdraw as counsel. *See Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008). Absent undue prejudice to the client's interests or the case's proceedings, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Id.* In ruling on a motion to withdraw as counsel, courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, 2014 WL 12580249 at *5 (C.D. Cal. July 11, 2014).

## III.  DISCUSSION

Girard Sharp Counsel seek to withdraw as counsel of record for Plaintiffs because Jason Rose, the only Plaintiff who had retained Girard Sharp Counsel (even though Girard Sharp Counsel appeared as counsel for all Plaintiffs), voluntarily dismissed his claims in the instant action.[4] Girard Sharp Counsel have notified all other counsel in this matter of their intent to withdraw, both orally and

---

[3]  *See generally* Complaint ¶¶ 105-152.

[4]  Motion ¶¶ 1 & 2.

in writing, and no party or other counsel opposes this relief.[5]  Elsner Law & Policy, LLC, and Grime Law will continue to represent all remaining Plaintiffs.[6]

In view of those facts, Girard Sharp Counsel have established good cause to withdraw as counsel of record for Plaintiffs.  Accordingly, the Motion is **GRANTED**.  See L.R. 83-2.3.2.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Girard Sharp Counsel's Motion is **GRANTED**.

2. Girard Sharp Counsel are **DIRECTED** forthwith to give notice to Plaintiffs of this Order.  Girard Sharp Counsel are also **DIRECTED** to file no later than December 8, 2022, a declaration detailing all of their efforts to give such notice.  Upon Girard Sharp Counsel's filing of a declaration that complies with those requirements, Girard Sharp Counsel and their law firm are **RELIEVED** as counsel of record for Plaintiffs in this action without further order of this Court.

3. The Court previously vacated the Scheduling Conference that had been set for December 9, 2022.[7]  In view of the resolution of the instant Motion and Plaintiffs' filing of their Amended Complaint,[8] the Court determines that a Scheduling Conference is warranted.  Accordingly, the video Scheduling Conference is **RESET** for December 9, 2022, at 11:00 a.m.

**IT IS SO ORDERED.**

---

[5]   *Id.* at ¶ 3.

[6]   *Id.* at ¶ 4.

[7]   *See* (In Chambers) Order [ECF No. 36].

[8]   *See* First Am. Compl. [ECF No. 35].