Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC. doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH-KES<br><br>**PLAINTIFFS SARA SAFARI, PEYMON KHAGHANI and FARM FORWARD'S RESPONSE TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Date: March 10, 2023<br>Time: 9:00 a.m.<br>Department: 9D, 9th Floor<br>Judge: Hon. John W. Holcomb<br><br>Complaint Filed: August 23, 2022<br>Trial Date: Not Set<br><br>Jury Trial Demanded |

# INTRODUCTION

Farm Forward diverted its organizational resources to counteract the effects of Whole Foods' false and misleading statements about Beef Products. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss (filed concurrently with this brief). The two articles for which Defendants seek judicial notice are examples and explanations of that diversion of resources.

1. Ben Goldsmith, *The Drugs Farm Forward Found Hiding in Your Meat,* Farm Forward (April 13, 2022), cited in the First Amended Complaint (FAC), ECF No. 35 at footnote 12 and docketed by Defendants at ECF No. 46-3.

2. Andrew deCoriolis, *Farm Forward Finds Drugs in Certified Meat at Whole Foods*, Farm Forward (Apr. 4, 2022), cited in the First Amended Complaint, ECF No. 35 at footnote 18 and docketed by Defendants at ECF No. 46-4.

In their Motion to Dismiss, Defendants argue that Farm Forward's articles show that Farm Forward did not divert any resources to counteract Defendants' unlawful activity. Defs.' Mot. to Dismiss 13. As Plaintiffs explain in their Opposition to Defendants' Motion to Dismiss, Farm Forward's mission is to end factory farming. Factory farming is linked to antibiotics use. *See, e.g.,* FAC ¶¶ 33-34. For many years, Farm Forward worked with Defendants to advance its mission to end factory farming. FAC ¶¶ 23, 81. Defendants, however, misled Farm Forward into believing its Beef Products were from a supply chain where no antibiotics were used in cattle production, ever. That frustrated Farm Forward's mission and caused it to divert—reallocate—its resources to counteract Defendants' false, misleading, and public statements about the Beef Products in their supply chain. FAC ¶ 88 ("[A]fter Farm Forward concluded it had been misled by Whole Foods, Farm Forward expended significant staff time and organizational resources to address Whole Foods' false advertising and to expose the confusion and misimpressions among consumers that Whole Foods had caused and

continues to cause."); FAC ¶ 91 ("Farm Forward invested in and initiated a new campaign designed to expose Whole Foods' (and other companies') false advertising of meat . . . because Farm Forward had promoted these products as 'better choices' for many years. Farm Forward has spent over 5,000 employee hours on this new campaign to educate the public."). The two articles that Defendants have asked this Court to judicially notice are part of the new campaign Farm Forward had to undertake in order to educate the public about Defendants' deception, which was a reallocation or diversion from Farm Forward's other work. FAC ¶ 92.

## ARGUMENT

**I.     The Court May Not Judicially Notice Any Disputed Facts or Conclusions.**

The Court may take judicial notice of adjudicative facts not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). A Court may not take judicial notice of disputed facts one party argues ***might*** be supported by the documentary evidence. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999-1001 (9th Cir. 2018). Judicial notice is generally appropriate for concrete, particularized ***facts***. *See* Fed. R. Evid. 201; *see also, e.g.*, *United States v. Kelly*, 535 F.3d 1229, 1236-37 (10th Cir. 2008) (taking notice of the geographical location of various counties); *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1280 (C.D. Cal. 2016) ("[A] court might take judicial notice that January 4, 1986, was a Saturday, or that a party filed a brief opposing a motion in a state court case, or that a particular document was recorded with the county recorder's office."); *Datlof v. United States*, 252 F. Supp. 11, 23 (E.D. Pa. 1966) (taking notice that October 5, 1955 was a Wednesday).

In contrast, a court should not derive evidentiary conclusions about disputed facts and call it "judicial notice." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hsu*, 213 F.Supp. at 1280-85; *Vesta Corp. v. Amdocs Mgmt.*, 129 F. Supp. 3d 1012, 1020-22 (D. Or. 2015); *Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061-62 (C.D. Cal. 2012). The doctrine of judicial notice is never appropriate for disputed facts

because "the taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of adjudicative facts." *Banks v. Scheiker*, 654 F.2d 637, 640 (9th Cir. 1981); *see also Korematsu v. United States*, 584 F. Supp. 1406, 1415 (N.D. Cal. 1984) ("Care must be taken that Rule 201 not be used as a substitute for more rigorous evidentiary requirements and careful factfinding."); *accord Wright v. Brooke Grp. Ltd.*, 114 F. Supp. 2d 797, 816 (N.D. Iowa 2000) ("Because the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b).").

Defense attorneys seeking judicial notice often conflate judicial notice and incorporation by reference. *Hsu*, 213 F. Supp. 3d at 1281 (regarding notice sought to accompany Rule 12(b)(6) motions).

> Too often, these mountainous motions make arguments more appropriate for a motion for summary judgment or some other later stage of the case. Nonetheless, with little to lose, too many defense attorneys are tempted by the puncher's chance offered by such a motion. At worst, they lose a generally inexpensive motion. But at best, they can knock their opponent out cold, right at the beginning of round one.

*Id.* Here, Defendants appear to conflate the doctrine of "incorporation by reference" with judicial notice, but even the incorporation by reference doctrine has limits. *See Gammel*, 905 F. Supp. 2d at 1061; *see Khoja,* 899 F.3d at 1003 ("what inferences a court may draw from an incorporated document should also be approached with caution.").

## II.   Defendants' Request for Judicial Notice is Not Appropriate Here.

Judicial notice of documents is generally limited solely to "'the existence and authenticity of the documents rather than allowing notice of the truth of their contents.'" *See Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1097 (N.D. Cal. 2015) (quoting *Smith v. Nw. Tr. Servs., Inc.*, No. 13-3124, 2014 U.S. Dist. LEXIS 74220, at *3 (E.D. Wash. May 30, 2014)). Consistent with that principle, this Court should, if it grants

Defendants' request in whole or in part, refuse to take judicial notice of any factual conclusions that might be derived from the documents.

To be clear, Plaintiffs do not oppose this Court taking judicial notice of the existence of Farm Forward's articles. However, in ruling on Defendants' Motion to Dismiss, the Court must accept as true all facts alleged in the Complaint and draw all reasonable inferences in Plaintiffs' favor. Plaintiffs oppose judicial notice of disputed facts or disputed conclusions that Defendants make from the articles. Specifically, Plaintiffs dispute that the articles support Defendants' 'business as usual' conclusion because the articles are evidence of Plaintiff Farm Forward reallocating resources in response to Defendants' misleading representations to consumers.

DATED: February 9, 2023

Respectfully submitted,

/s/ *Paige M. Tomaselli*
Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

/s/ *Gretchen Elsner*
Gretchen Elsner
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

      I hereby certify that on February 9, 2023, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notification of the filing of this document to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Service List.

Dated: February 9, 2023           Respectfully submitted,

/s/ *Paige M. Tomaselli*
Paige M. Tomaselli (Bar ID CA 237737)
GRIME LAW, LLP
730 Arizona Avenue
Santa Monica, CA 90401
ptomaselli@grimelaw.com
Telephone: (310) 747-5095