UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                          Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| V.R. Vallery | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                          Attorneys Present for Defendants:

Not Present                                                                  Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 17)**

Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant ALDI, Inc. ("ALDI"). (Mot., Doc. 17.) Plaintiff Elizabeth Henriquez opposed, and ALDI replied. (Opp., Doc. 20; Reply, Doc. 23.) The Court found this matter appropriate for decision without oral argument and took it under submission. Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court DENIES ALDI's Motion.

**I.     BACKGROUND**

Henriquez's 77-page First Amended Complaint ("FAC") is replete with background details about commercial fishing practices, dolphin safety legislation, and labeling regulations, which the Court will not recount here. (*See* FAC ¶¶ 13–31, 60–65, Doc. 16.) The allegations relevant to the Motion before the Court are set forth below.

In 2021, Henriquez purchased a can of Northern Catch Chunk Light Tuna in Water (the "tuna") from an ALDI store in Los Angeles, California. (*Id.* ¶ 9.) Henriquez

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                                                                    Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

paid approximately $0.75 for the tuna.  (*Id*.)  She alleges that when she purchased the tuna she relied on ALDI's promises and representations on the labeling, packaging and advertising that the tuna was "Dolphin Safe."  (*Id*.)  Henriquez alleges that she "believed that [ALDI] used fishing methods that did not harm or kill dolphins and was unaware that the [tuna was] not "Dolphin Safe" as [ALDI] represented and promised."  (*Id*.)  She would not have bought the tuna if she had known that the tuna was not in fact "Dolphin Safe."  (*Id*.)

Henriquez describes "an extensive marketing campaign" by ALDI "premised on [the tuna's] dolphin safety and sustainability promises."  (*Id.* ¶ 33.)  The alleged promises and representations are:

- ALDI's unique "Dolphin Safe" logo on the tuna's label, packaging, and official website;

- ALDI's promises that the tuna is "Dolphin Safe" on the tuna's packaging, advertising, and official website;

- ALDI's promises that "the fishing methods utilized to source the tuna" are "sustainable and dolphin-safe";

- ALDI's use of a unique "Wild Caught" logo on the tuna's packaging;

- ALDI's official website supporting its sustainability representations, which claims that ALDI "[e]xclude[s] illegally caught fish," "[r]educe[s] by-catch," [m]inimize[s] impact on the ecosystem," and "[i]mprove[s] traceability throughout the entire supply chain";

**CIVIL MINUTES – GENERAL**                                                                                                                         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                    Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

- ALDI's promises of sustainability regarding its seafood products on social media such as Instagram and Twitter;

- ALDI's promise on its "Aldi US Seafood Buying Policy" webpage "to source 100% of [its] fresh, frozen and shelf-stable fish and seafood products from responsible sources," which includes the tuna;

- ALDI's claim that it participates in the International Seafood Sustainability Foundation ("ISSF"), "which promises to prioritize the long-term conservation and sustainable use of tuna stocks, illegal fishing prevention, reducing bycatch and promoting ecosystem health";

- ALDI's promotion of its participation in the Sustainable Fisheries Partnership ("SFP"), a "leading non-government organization" in "sustainable fishing" that "acts as [ALDI's] independent advisor to continuously improve [ALDI's] Seafood Buying Policy";

- ALDI's advertising that it is a member of the Seafood Task Force ("STF"), "an industry-led group that purportedly aims to drive greater business confidence for global seafood buyers purchasing from Asia by tackling fishing practices in Thailand's seafood supply chain" that purportedly aims "to achieve clean seafood supply chains from vessel to retailer";

- ALDI's claim that it participates in the Ocean Disclosure Project ("ODP"), which publishes "voluntarily disclosed wild caught seafood sourcing information to the public on behalf of paying participants such as seafood companies, retailers, suppliers, and manufacturers in order to "[i]ncrease[] seafood transparency"; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                  Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

- ALDI's promise of "responsible sourcing and tracing for all its seafood products, including the [tuna]."

(*Id.*, citing Exs. 2–8.)   Per Henriquez, ALDI represents to consumers that its tuna is dolphin safe "by representing that [it] is sustainably sourced in a manner that does not harm or kill dolphins."  (*Id.* ¶ 44.)  But, she alleges, ALDI's "representations are false and deceptive because the manufacturing of the [tuna] involve[s] unsustainable fishing practices that are known to kill and harm dolphins and other marine life."  (*Id.*)

The FAC then describes those fishing practices and how "the fishing methods utilized are unsustainable and known to seriously harm and kill dolphins."  (*Id.* ¶ 46.)  Specifically, "purse seine (free school) or longline, pole and line fishing methods are used to source the tuna[.]"  (*Id.* ¶ 47, citing Exs. 9–10.)

Henriquez alleges that purse seine fishing "easily catches dolphins along with the targeted tuna school" because vessels using purse seine fishing have historically engaged in a technique dubbed "setting on dolphins," which involves "using dolphins as a visual cue to lead the boat towards schooling fish."  (*Id.*)  During the "setting," dolphins can become entangled in the nets and get injured.  (*Id.*)  According to Henriquez, "From 1960 to 1970, it is estimated that between 200,000 and 400,000 dolphins were killed annually as a result of the 'setting on dolphins' practice for purse seine fishing[,]" a number that has grown larger "as the demand for tuna products has risen."  (*Id.* ¶ 49.)  Purse seine fishing, like "[a]ny fishing method that involves a net," Henriquez alleges, brings "an entanglement risk to the dolphins that are often found with those schools of tuna" and causes "[d]olphins get tangled in the nets and drown before they are able to get free."  (*Id.* ¶ 52.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                                         Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

  As to longline fishing, Henriquez avers that it is "one of the most damaging fishing methods to dolphins and marine ecosystems." (*Id.* ¶ 53.) She alleges that this fishing method "has been recognized as an unsustainable fishing practice because it is indiscriminate in that it attracts and snags a wide array of non-target marine life, known as bycatch, including dolphins, sharks, seals, sea turtles, sea birds, and other marine mammals." (*Id.* ¶ 54.) Henriquez further alleges that the National Oceanic and Atmospheric Administration ("NOAA") "lists dolphins, bottlenose dolphins, and several species of whales as having been documented as longline bycatch, with injuries including lacerations, puncture wounds, exhaustion, and drowning." (*Id.* ¶ 55.) Henriquez adds that "the economic costs associated with marine mammal depredation of longlines (fish removed from fishing gear by predators during hauling) have led fishermen to harass and kill dolphins by shooting them, using explosives, or otherwise employing harmful measures to avoid depredation and gear damage." (*Id.* ¶ 57.)

  Last, Henriquez alleges that pole and line fishing, which "involves catching one fish at a time[,]" amounts to "only eight percent of all tuna caught." (*Id.* ¶ 59.) Henriquez faults ALDI for allegedly "fail[ing] to indicate how much of its tuna for the Northern Catch Solid White Tuna Albacore in Water is sourced using the pole and line method compared to the other methods it uses" and not providing "any means for consumers to find or confirm this information." (*Id.*)

  Henriquez contends that ALDI falls short of its "Dolphin Safe" and sustainability promises. According to Henriquez, ALDI's tuna is "sourced from fisheries that utilize unsustainable fishing methods, longline and purse seine, that are known to harm and kill dolphins." (*Id.* ¶ 66.) She adds that, "according to the ODP, many of the fisheries from which [ALDI] sources its fish are not certified, and many are deemed not well managed." (*Id.*) Of the eight fisheries that provide ALDI with albacore tuna, none have received a "well managed" sustainability rating from the ODP. (*Id.* ¶¶ 66–69.) Similarly, of the eight fisheries that provide ALDI with skipjack tuna, none have received a "well

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                              Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

managed" sustainability rating from the ODP either.  (*Id.* ¶ 70.)  Henriquez contends that "[t]he many issues relating to sustainability, fishing methods, transparency, legality, and data collection associated with the fisheries from which [ALDI] sources the tuna . . . render its sustainability and 'Dolphin Safe' representations false and deceptive."  (*Id.* ¶ 71.)

With regard to the represented traceability of the tuna that ALDI sells, Henriquez alleges that ALDI "does not have any publicly accessible traceability program in place for its Products in California or the United States that can be used by consumers to verify these representations."  (*Id.* ¶ 73.)  Henriquez alleges that this sets ALDI apart from other tuna sellers, "such as Starkist Co., [which] allow consumers to easily enter a number associated with a tuna product on their website and track the source of their specific batch of tuna" and "provide consumers with more thorough and transparent tracking information relating to canned tuna products."  (*Id.* ¶ 74.)

Also relevant here are federal legislators' efforts to better protect marine life.  (*See id.* ¶¶ 22, 24–30.)  The Dolphin Protection Consumer Information Act ("DPCIA"), which is part of the Marine Mammal Protection Act ("MMPA"), established an official "dolphin safe" label and outlines situations in which that label may or may not lawfully be used.  (*See id.* ¶¶ 26–29.)  According to the FAC, the DPCIA was enacted "[i]n response to the increase in consumer demand for dolphin-safe tuna" and in "recognition that consumers wanted to know if the tuna they purchased was dolphin-safe."  (*Id.* ¶ 22.)

Henriquez alleges that ALDI's "'Dolphin Safe' representations exceed the requirements of the DPCIA," and create their own "heightened standard" that ALDI violates because the tuna is obtained "using unsustainable fishing methods that are known to harm and kill dolphins and other marine life, and thus, are not dolphin-safe."  (*Id.* ¶ 76.)  According to Henriquez, ALDI "deceives consumers by promising a higher dolphin-safe standard th[a]n what the DPCIA requires and then breaks that promise by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

utilizing unsustainable fishing methods known to harm and kill dolphins." (*Id*.) Henriquez contends that ALDI's "Dolphin Safe" false representations lead her and other reasonable consumers to believe that the tuna is sourced "using sustainable fishing practices that do not kill or injure dolphins." (*Id.* ¶¶ 79–80.)

In the FAC (Doc. 16.), Henriquez brings six claims against ALDI for: (1) violations of California's Consumers Legal Remedies Act ("CLRA"); (2) violations of California's False Advertising Law ("FAL"); (3) violations of California's Unfair Competition Law ("UCL"); (4) breach of express warranty; (5) breach of implied warranty; and (6) unjust enrichment. (FAC ¶¶ 104–89.)  Henriquez brings her CLRA, FAL, and UCL claims on her own behalf and on behalf of a putative California Subclass, defined as "All residents of California who, within four years prior to the filing of this Complaint, purchased the [tuna]." (*Id.* ¶¶ 90, 104–65.)   She brings her express and implied warranty and unjust enrichment claims on her own behalf and on behalf of a putative Nationwide Class, defined as "All residents of the United States who, within the applicable statute of limitations periods, purchased the [tuna.]" (*Id.* ¶¶ 90, 166–89.)

ALDI has now moved to dismiss Plaintiff's FAC on the grounds that "Plaintiff lacks [Article III] standing, fails to state a claim upon which relief can be granted, and fails to plead her fraud-based claims with sufficient particularity." (Mot. at 1.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003).  In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual. *Safe Air for*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                                                  Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

*Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*.  "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).  "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039.  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*.  When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

      B.    Rule 12(b)(6)

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-06060-JLS-JEM | Date: February 07, 2023 |
| Title:  Elizabeth Henriquez v. ALDI Inc. | |

true, [it] '[is] not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

    C.    **Rule 9(b)**

Claims sounding in fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that such claims "state with particularity the circumstances constituting fraud or mistake," including the "who, what, when, where, and how of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  To satisfy Rule 9(b), the complaint must detail "'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'"  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).  These circumstances must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1106 (cleaned up).

**III.**    <u>**DISCUSSION**</u>

    A.    **Request for Judicial Notice**

ALDI requests judicial notice of excerpts from a Federal Trade Commission ("FTC") response to a Freedom of Information Act request dated September 15, 2020. (Request for Judicial Notice ("RJN"), Doc. 17-1.)  In support of its Reply, ALDI also requests judicial notice of additional documents that it argues are incorporated by reference in Henriquez's FAC.  (*See* Reply RJN, Doc. 24.)  Henriquez objected to the initial request for judicial notice but not to the request for judicial notice ALDI filed with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                    Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

its Reply.  (*See* Opp. at 24; RJN Objection, Doc. 21.)

A court can take judicial notice of a fact that is not subject to reasonable dispute because it is either generally known within this court's territorial jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Here, ALDI requests that the Court take judicial notice of the contents of documents that are either not relevant for deciding the instant Motion or that purportedly—but not in fact—contradict Henriquez's allegations.  (See Reply RJN Exs. 1–4, Docs. 24-1–4.)  The facts ALDI asks the Court to judicially notice are neither beyond reasonable dispute nor from sources of indisputable accuracy.  Accordingly, the Court DENIES ALDI's request for judicial notice.

**B.  Standing**

ALDI contends that Henriquez lacks standing to sue here because she has not pleaded a sufficiently concrete injury.  (Mot. at 21–22.)  "To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered a concrete harm.  No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021).  Key to determining the concreteness of the alleged injury is "whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms[.]" *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340–41 (2016)).

ALDI argues that Henriquez has not alleged a concrete injury because she alleges only "the mere speculative *possibility* that dolphins could have been harmed or seriously injured through use of purse seine or longline fishing methods." (Mot. at 22.)  Henriquez offers only "general allegations" concerning dolphin mortalities arising from those practices, which, ALDI argues, are "not even *speculative* criticism that an Aldi supplier

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                            Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

caught tuna in a manner resulting in bycatch, much less resulting in serious harm or mortality to a dolphin." (*Id.*)

ALDI's argument misses the mark.  The harm that Henriquez alleges here is not dependent on whether dolphins were killed in relation to the sourcing of the can of tuna that she purchased.  Rather, Henriquez alleges that she was harmed by paying for tuna that she would not have purchased absent ALDI's allegedly deceptive representations and by paying a premium for the tuna.  (FAC ¶¶ 9, 11, 21, 77, 82–85, 145.)  As noted recently in a similar case, the claimed injury here "aligns with the well-established principle that a monetary harm is a sufficiently concrete injury." *Wright v. Costco Wholesale Corp.*, 2023 WL 210936, at *4 (N.D. Cal. Jan. 17, 2023). (citing *TransUnion*, 141 S. Ct. at 2200; *Maya v. Centex Corp.*, 658 F.3d 1060, 1069 (9th Cir. 2011)).  This Court has also recently ruled that alleged overpayment for a product that does not satisfy consumer expectations is a sufficiently concrete injury.  *See Sonneveldt v. Mazda Motor of Am., Inc.*, 2022 WL 17357780, at *32 (C.D. Cal. Oct. 21, 2022).  Henriquez alleges a monetary harm in the $0.75 that she paid for the tuna. (FAC ¶ 9.)  Even "small, nominal damages are certainly concrete." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801 (2021).

Accordingly, the Court DENIES ALDI's motion to dismiss for lack of standing.

### C.  Preemption and Primary Jurisdiction

ALDI argues that: 1) Henriquez's claims are preempted by the DPCIA; and 2) the case should be dismissed or stayed under the doctrine of primary jurisdiction. (Mot. at 16–22.)  These arguments are premised on the idea that this case is "essentially an attack on Aldi's use of a Dolphin Safe logo, authorized by the DPCIA, on its Northern Catch Light Tuna in Water and Northern Catch Solid White Tuna Albacore in Water" and that Henriquez "plainly mounts a direct challenge to the DPCIA's uniform 'Dolphin Safe' labeling standard[.]"  (*Id*. at 2, 12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                               Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

1. **Field and Conflict Preemption**

ALDI argues that, in enacting the DCPIA, Congress intended to occupy the field by creating a uniform national standard for labeling tuna products as "Dolphin Safe." ALDI asserts that Henriquez is "attempting to use state law to impose Dolphin Safe labeling requirements that are stricter or vary from the federal requirements" and "encroach[] into each and every policy that Congress carefully balanced in creating a federal regulatory framework that fully and comprehensively set the standards for Dolphin Safe labeling in the tuna industry and for consumers." (Mot. at 17.) However, as explained more fully below, Henriquez's claims are not premised on any alleged violations of the DCPIA's standard for dolphin safety on ALDI's part. And the presence of an extensive or detailed federal regulatory scheme does not necessarily imply preemption of state law. *See English v. Gen. Elec. Co.*, 496 U.S. 72, 87 (1990); *see also Hillsborough Cnty. v. Automated Med. Lab'ys, Inc.*, 471 U.S. 707, 717 (1985) ("To infer pre-emption whenever an agency deals with a problem comprehensively is virtually tantamount to saying that whenever a federal agency decides to step into a field, its regulations will be exclusive."). Henriquez's claims do not turn on ALDI's compliance or noncompliance with DCPIA standards, but on ALDI's alleged promise to consumers that the tuna was dolphin safe and whether that promise was deceptive. There is no field preemption here.

Nor is there conflict preemption, which arises "where compliance with both federal and state regulations is a physical impossibility and those instances where the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Arizona v. United States*, 567 U.S. 387, 399–400, (2012) (cleaned up). Here, Henriquez does not seek to impose a novel definition of "Dolphin Safe" that is inconsistent with the DCPIA standard. Rather, Henriquez seeks to hold ALDI liable for the totality of its representations that it is committed to dolphin

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                                             Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

safety, which she claims go beyond the DCPIA standard and deceive consumers.  ALDI's liability does not arise from its use of a DCPIA-compliant "Dolphin Safe" logo, but rather from use of that logo in conjunction with several other representations that a reasonable consumer may interpret as a heightened standard of dolphin safety.  That means there is no conflict between the federal standard and the state consumer protection standard: Henriquez does not claim that ALDI has run afoul of the latter by complying with the former.  There is no conflict between federal and state law.  *Cf. Wright*, 2023 WL 210936, at *7.

### 2. Heightened Promises of Dolphin Safety

ALDI recognizes that, in similar cases, another district court has concluded that a showing of a "heightened" promise of dolphin safety beyond what the DCPIA requires for use of the "Dolphin Safe" label has defeated preemption arguments.  *See Wright*, 2023 WL 210936, at *5–6; *Gardner v. Starkist Co.*, 418 F. Supp. 3d 443, 456–59 (N.D. Cal. 2019).  ALDI argues that even if promises of dolphin safety that go beyond DCPIA requirements could form the basis of a state law claim, here ALDI made no such promises.  (Mot. at 2–3, 12–15.)  ALDI stresses in particular that its website's statements regarding sustainability "in no way refer to dolphin safe tuna, dolphin stocks or a dolphin-safe policy, and Plaintiff fails to plausibly show how a reasonable consumer would read those concepts into statements that otherwise are clear and unambiguous on their face." (Reply at 8–9.)  ALDI argues that Henriquez's allegations of heightened promises here are weaker than those made by plaintiffs in similar cases: *Wright v. Costco Wholesale* and *Gardner v. Starkist*.  (Reply at 9, citing *Wright*, 2023 WL 210936, at *6.)  According to ALDI, Henriquez presses an unreasonable argument that consumers would confuse general claims regarding sustainable sourcing of seafood products with specific representations as to dolphin safety.  (*Id.* at 9–18.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                                    Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

At this stage, the Court cannot accept ALDI's argument that, as a matter of law, no reasonable consumer would understand general claims about how seafood products—which include tuna—are sustainably sourced to imply a heightened promise of dolphin safety.  True, sustainability does not necessarily implicate specific concerns about dolphin safety—the preservation of marine ecosystems and biodiversity encompasses more than dolphin welfare.  But dolphin preservation is reasonably understood as a sustainability concern, especially when it comes to the marketing of tuna products.  It is plausible to infer that a reasonable consumer would understand commitments to sustainability, traceability, and the preservation of marine life to at least include a commitment to ensuring dolphin safety.  ALDI may be able to prove that inference erroneous, but it is not so unreasonable as to warrant dismissal at the pleading stage.

More importantly, Henriquez alleges that consumers encounter ALDI's representations at issue here as a bundle—not each in isolation from the others.  The FAC is clear that ALDI makes its alleged heightened promise of dolphin safe tuna through the aggregate of the following representations:

> (1) affixing its own unique "Dolphin Safe" logo on the Products' labels, packaging, and official website; (2) advertising that the fishing methods used to source the tuna in the Products, purse seine (free school) or longline, pole and line, are sustainable and "Dolphin Safe"; (3) promising to consumers on its official website and social media that its tuna sourcing methods are sustainable; (4) implementing its own unique "Wild Caught" logo on the Products' label to support its sustainability representations; (5) promising "100%" responsible sourcing for all its seafood products; and (6) highlighting its involvement in organizations like the International Seafood Sustainability Foundation, the Seafood Task Force, and the Ocean Disclosure Project, to perpetuate its dolphin-safe promise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                   Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

(FAC ¶ 3; *see also id.* ¶ 33.)  Henriquez alleges that these representations *in the aggregate* demonstrate a commitment to a standard of dolphin safety beyond the DCPIA requirements.  Henriquez's allegations are not reducible to an unwarranted leap from general sustainability claims to dolphin safety specifically, as ALDI suggests.

Viewing the facts alleged in the light most favorable to Henriquez—as the Court must at this stage—the inference that ALDI's representations constitute a heightened promise of dolphin safety is not so implausible as to warrant dismissal.  *Cf. Wright*, 2023 WL 210936, at *6 ("Along with the "dolphin safe" label on the product and its packaging, the "dolphin safe" assertion on the online product listing, and the statements about traceability and fishing practices on the product labels, this is enough—at least at this stage of the litigation—to show that Costco has made its own, heightened promise that the product is dolphin-safe.").  Regardless of how the allegations here compare to the allegations in similar cases, the Court concludes that the FAC here pleads sufficient facts to support a plausible inference that ALDI has represented it follows a heightened dolphin safety standard.  Therefore, Henriquez's claims are not preempted by the DCPIA.

### 3. Primary Jurisdiction Doctrine

The primary jurisdiction doctrine "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency.  It is a prudential doctrine that does not implicate the subject matter jurisdiction of the federal courts."  *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 909–10 (9th Cir. 2019)  (cleaned up).  Primary jurisdiction "permits courts to determine that an otherwise cognizable claim implicates technical and policy questions that should be addressed in the first instance by the agency with regulatory authority over the relevant industry rather than by the judicial branch."  *Id.* (cleaned up).  According to ALDI, this action "should be dismissed (or at least stayed) because the FTC and NOAA, not the courts, are the proper enforcement authorities."  (Mot. at 20.)  But

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:22-cv-06060-JLS-JEM | Date: February 07, 2023 |
| Title:  Elizabeth Henriquez v. ALDI Inc. | |

Henriquez is suing under California consumer protection laws, not federal statutes.  Nor does the case implicate complex federal regulatory questions of first impression on which the Court would defer to federal enforcement authorities.  Accordingly, the Court concludes that the doctrine of primary jurisdiction does not warrant dismissal or a stay here.

### D. ALDI's Arguments Under Rule 9(b)

Last, the Court addresses ALDI's arguments that Henriquez's allegations, which sound in fraud, fall short of Rule 9(b)'s specificity requirement.  (Mot. at 23–25.)  According to ALDI, Henriquez's allegations are conclusory and fail to specify what statements made by ALDI were deceptive and why.  (*Id.* at 23–24.)  ALDI further contends that Henriquez has not plausibly alleged that a reasonable consumer would be misled by the representations that she alleges were deceptive.  (*Id.* at 24–25.)

Here, Henriquez adequately alleges the circumstances of the alleged fraud, which include the "who, what, when, where, and how of the misconduct charged."  *Vess*, 317 F.3d at 1106.  Henriquez alleges that ALDI (who) made false, misleading, and deceptive representations that the tuna is "Dolphin Safe" (what) on the tuna's labeling, packaging, and advertising (where) during the four-year class period and in 2021, when Henriquez purchased the tuna (when), and that those representations were false because instead of using dolphin safe and sustainable sourcing practices, ALDI uses fishing methods known to kill and injure dolphins (how).  (*See* FAC ¶¶ 9, 23, 33–81.)  Henriquez's allegations are sufficient to put ALDI on notice of the conduct alleged to be fraudulent.  Henriquez also alleges that she relied on the statements at issue when she purchased the tuna.  (*Id.* ¶ 9.)

And the Court has already addressed above ALDI's arguments that a reasonable consumer would not understand general sustainability claims to implicate dolphin safety.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-06060-JLS-JEM                                    Date: February 07, 2023
Title:  Elizabeth Henriquez v. ALDI Inc.

At the pleading stage, the Court must draw every reasonable inference in the plaintiff's favor, and the idea that a reasonable consumer would understand commitments to sustainability in seafood sourcing along with a "Dolphin Safe" label to implicate a heightened commitment to dolphin safety is sufficiently plausible to defeat dismissal. Here, again, the Court finds the *Wright* court's reasoning sound and applicable: the logo on the tuna label and packaging, and online marketing "would lead a reasonable consumer to believe that the product was indeed dolphin-safe and did not result in harm to dolphins," and additional alleged statements related to "sustainable seafood sourcing . . . only bolster this already-reasonable belief." *Wright*, 2023 WL 210936, at *8.

Accordingly, the Court concludes that Henriquez has adequately alleged a promise by ALDI that it observes a higher standard of dolphin safety in sourcing its tuna than required by the DCPIA. Accordingly, Henriquez's claims are not preempted and neither a stay nor dismissal is warranted under the doctrine of primary jurisdiction. Further, Henriquez's allegations satisfy Rule 9(b)'s heightened pleading requirements for fraud and adequately allege that a reasonable consumer would be deceived by ALDI's representations.

IV.   **CONCLUSION**

For the above reasons, ALDI's Motion is DENIED.

Initials of Deputy Clerk: vrv