UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01562-JWH-KES | Date | March 14, 2023 |
| Title | Sara Safari, et al. v. Whole Foods Market, Inc., et al. | | |

Present: The Honorable  JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER DIRECTING SUPPLEMENTAL BRIEFING CONCERNING ARTICLE III STANDING (IN CHAMBERS)**

Before the Court is the motion of Defendants Whole Foods Market Services, Inc.; Whole Foods Market California, Inc.; and Mrs. Gooch's Natural Food Market, Inc., d/b/a Whole Foods Market to dismiss the Complaint of Plaintiffs Sara Safari and Peymon Khagani, on behalf of themselves and all others similarly situated, and Farm Forward.[1]

Although the pending Motion to dismiss is primarily centered on Article III standing,[2] neither side cites nor references the Supreme Court's most recent and apparently controlling case concerning standing: *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). While the parties cited older cases concerning Article III standing—such as *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), and its Ninth Circuit progeny—*TranUnion* significantly altered how the standing requirements for injury-in-fact are to be applied by this Court. *See* Jacob Phillips, *Transunion, Article III, and Expanding the Judicial Role*, 23 Federalist Soc' Rev. 186, 189 (2022)

---

[1]  Defs.' Mot. to Dismiss Pls.' First Am. Compl. (the "Motion") [ECF No. 46].

[2]  *Id.* at 6:14-7:18.

(describing *Transunion* as "a battering ram" "[w]hen it comes to the constitutional separations-of powers-framework").

Accordingly, the Court **DIRECTS** supplemental briefing on the following questions:

- As discussed in *TransUnion*, how does Plaintiffs' instant action fit within the "types of cases" that "history and tradition" show "Article III empowers federal courts to consider"? *See TransUnion*, 141 S. Ct. at 2204 (citing *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269, 274 (2008)).[3]

- What is the constitutional viability of organizational standing following the Supreme Court's decision in *TransUnion*? *Compare Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) (describing a defendant impairing the plaintiff-organization's "ability to provide counseling and referral services for low-and moderate-income homeseekers" as a "concrete and demonstrable injury to the organization's activities"), *with TransUnion*, 141 S. Ct. at 2203 ("Requiring a plaintiff to demonstrate a concrete and particularized injury caused by the defendant and redressable by the court ensures that federal courts decide only 'the rights of individuals' . . . .") (citing *Marbury v. Madison*, 1 Cranch 137, 170, 5 U.S. 137 (1803)).

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The parties are **DIRECTED** to file simultaneous supplemental briefs, not to exceed 25 pages,[4] no later than March 27, 2023, providing an analysis of the questions set forth above.

---

[3] For further discussion concerning the "historical inquiry" used in other constitutional law contexts, *see New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2130 n.6 (2022) ("'In our adversarial system of adjudication, we follow the principle of party presentation.' *United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020). Courts are thus entitled to decide a case based on the historical record compiled by the parties.").

[4] The 25-page limit is indeed a limit, not a suggested length.

  2. The hearing on the Motion is **CONTINUED** to April 7, 2023, at 9:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

 **IT IS SO ORDERED.**