Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH (KESx)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO COMPEL AND IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**<br><br>Date: July 14, 2023<br>Time: 9:00 a.m.<br>Place: 411 West Fourth Street<br>Courtroom 9D, 9th Floor<br>Santa Ana, California 92701<br><br>The Honorable John W. Holcomb<br>The Honorable Karen E. Scott<br><br>Complaint Filed: August 23, 2022<br>Discovery Cutoff: Not Set<br>Pretrial-Conference: Not Set<br>Trial Date: Not Set |

# LOCAL RULE 37-2.3 SUPPLEMENTAL BRIEF

Plaintiffs submit this memorandum of points and authorities in support of their Motion to Compel, ECF Nos. 63, 67, and in opposition to Defendants' Motion for Stay, ECF No. 62.

Discovery may be limited *only* in certain circumstances, none which apply here:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2). Rule 26(b)(2) supports Plaintiffs' discovery requests because (i) the discovery is directly inside the scope permitted by Rule 26(b)(1); (ii) Defendants' supplier information is not available from a more convenient source nor is there a "less burdensome" way to gather this information; (iii) Plaintiffs have not had an ample—let alone any—opportunity to obtain the information because Defendants stopped engaging in discovery based on their erroneous position that Plaintiffs must provide receipt-level purchase information.

## I.  Plaintiffs' Requests Are Directly Inside the Parameters of Rule 26(b)(1).

Rule 26(b)(1) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 26(b) is to be "liberally interpreted to permit wide-ranging discovery of information," even if that information is not ultimately admitted at trial. *Comcast of Los Angeles, Inc. v. Top End Int'l, Inc.,* No. CV032213JFWRCX, 2003 WL 22251149, at *2 (C.D. Cal. July 2, 2003).

Rule 26(b)(1) also requires that the discovery be proportional to the needs of the case. Proportionality is determined by the following factors: "the importance of

the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Defendants promise consumers "no antibiotics, ever" in their supply chain, yet Defendants argue that it is "unduly burdensome and oppressive" to identify their suppliers. ECF No. 63-13 at 12. The hypocrisy of Defendants' position is plain: they want to profit off their representations, but they are unwilling or unable to disclose details about their supply chain or how they allegedly know the beef in their supply chain was raised without antibiotics. Plaintiffs' discovery requests cut to the heart of the case. If Defendants are unwilling or unable to disclose the most basic information—where the Beef Products come from—how can they promise consumers that their beef products are "no antibiotics, ever"?

The benefit of this information outweighs any "burden" in producing it. The information directly relates Plaintiffs' claims that Defendants' advertising is deceptive and fraudulent because the supplier information will provide further support to Plaintiffs' testing, scientific literature, and anecdotal evidence. *Vance v. Church & Dwight Co.,* No. 222CV00044MCEKJN, 2023 WL 2696826, at *4 (E.D. Cal. Mar. 29, 2023) (citing *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1348). As explained in *Norman v. Gerber Prod. Co.,* No. 21-CV-09940-JSW, 2023 WL 122910, at *9–10 (N.D. Cal. Jan. 6, 2023), when a plaintiff alleges (1) independent testing from a non-profit showing the presence of a contaminant in at least one of a defendant's products, (2) statistical evidence concerning the presence of the contaminants in similar products and plausible connections to the defendant's products, a plaintiff has made a plausible inference on a motion to dismiss. Here, Plaintiffs have plausibly alleged that Defendants'

advertising is false and misleading based on testing, scientific studies, and anecdotal evidence. Defendants' supplier information is relevant and proportional to those allegations. Thus, Defendants must comply with their discovery obligations and cannot hide behind their Motion to Dismiss to avoid them.

## II. The Discovery Sought is Only Within Defendants' Knowledge and Currently at Issue Due to Defendants' Motion to Dismiss Arguments.

Defendants conceded that supplier information is not publicly available, yet Defendants contend that they do not have to identify their suppliers because Plaintiffs did not identify Defendants' suppliers. ECF No. 63-13 at 13. Plaintiffs did identify which Beef Products they purchased, and the stores at which they purchased these products during the statutory period, in their First Amended Complaint, ECF No. 35, and sworn interrogatory responses, ECF Nos. 63-6 at 3-4 (Safari), 63-7 at 3-4 (Khaghani), 63-13 at 33 (Farm Forward). Plaintiffs specifically pled facts surrounding Defendants' misrepresentation to which Plaintiffs can reasonably be expected to have access. *See Concha v. London,* 62 F.3d 1493, 1503 (9th Cir. 1995). No other information is required at this stage, and Plaintiffs' requests are entirely proper, especially because the information is only within Defendants' possession.

Defendants put their supplier information at issue by arguing in their Motion to Dismiss that Plaintiffs only have standing to challenge those products that they specifically purchased, and that Plaintiffs have not pled with specificity the who, what, when, where, and why of the offending purchases. ECF Nos. 50 at 8, 46 at 9. The discovery Plaintiffs seek that is the subject of the pending motions to dismiss, stay, and compel involve matters known only to Defendants. Plaintiffs have no independent knowledge of Defendants' allegedly "trade secret" supplier information, nor could they, because Plaintiffs purchased individual Beef Products primarily at the butcher counter, the deli, and in the prepared food department, locations in the store that do not disclose the brand names of the beef that consumers purchase. Because Defendants do not advertise the supplier information at the stores, Plaintiffs are not

privy to the brand name of the Beef Products they purchased. Plaintiffs know that they were consistent and frequent purchasers of Beef Products (raw, cooked, prepared) at Whole Foods during the statutory period, and relied on Whole Foods' representations that "no antibiotics" were "ever" used in Defendants' supply chain.

When matters are within the opposing party's knowledge and known only to defendants—such as the names of Defendants' suppliers—courts in the Ninth Circuit can relax Rule 9(b)'s pleading requirements. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *Concha* at 1503 (Rule 9(b) pleading requirements relaxed when "relevant facts are known only to the defendant."). Contrary to Defendants' protestations, Plaintiffs are not required to plead the undisclosed brand name or UPC code of Defendants' Beef Products to trigger Defendants' discovery obligations because the information is solely in Defendants' possession.

### III. The Purchase Details Plaintiffs Provided Are Consistent with Ninth Circuit Case Law on Class Ascertainability for Low-Cost Products.

Facilitating small claims is the "policy at the very core of the class action mechanism." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997). Therefore, Courts in the Central District have rejected the argument that consumers must have a verifiable purchase record, such as a receipt, or that the manufacturer or seller must keep a record of buyers. *Forcellati v. Hyland's, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 WL 1410264, *5 (C.D. Cal. Apr. 9, 2014) (rejecting an argument that a putative class of consumers of children's cold/flu products was not ascertainable); *McCrary v. Elations Co., LLC*, No. EDCV 13-00242 JGB (OPx), 2014 WL 1779243, *8 (C.D. Cal. Jan. 13, 2014); *In re NJoy, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1092 (C.D. Cal. 2015) (agreeing with those courts that have found classes ascertainable without a record of purchase).

Defendants essentially argue that Plaintiffs cannot have standing without the information that could be on a receipt or without information known only to Defendants—the supplier—and therefore are not entitled to discovery regarding the

same. Defendants' argument for receipt-level purchase details before they must respond to discovery fails under this Court's case law. Self-identification is entirely proper in the Ninth Circuit. In *In re NJOY, Inc. Consumer Class Action Litig.*, this Court explained that "it is enough that the class definition describes 'a set of common characteristics sufficient to allow' a prospective plaintiff to 'identify himself or herself as having a right to recover based on the description.'" 120 F. Supp. 3d 1050, 1092 (citation omitted). There, the class definition provided a description of the allegedly offending product and the eligible dates of purchase. *Id.* Here, Plaintiffs exceeded the requirement by pleading a description of the allegedly offending products, the advertising that they relied on in purchasing the products, and the date range and location of their purchases.

      Plaintiffs' allegations are sufficient to support Article III and statutory standing, *see* ECF No. 57, as well as Rule 9(b)'s particularity requirement (described above). Defendants simply have no basis on which to withhold discovery. The exact dates of Plaintiffs' grocery purchases, or the UPC code of the purchased products, is not required for the case to proceed because standing is not dependent on Plaintiffs' knowing Defendants' suppliers or their exact grocery purchase dates. Defendants both advertised and sold the products to Plaintiffs throughout the statutory period, Plaintiffs have disclosed the Beef Products they purchased, the stores at which they shopped, and the advertising upon which they relied. This satisfies Article III standing requirement at this stage of the litigation. *TransUnion v. Ramirez,* 141 S.Ct. 2190, 2204 (citing *Spokeo v. Robins*, 578 U.S. 330 (2016), as revised (May 24, 2016). Plaintiffs have Article III and statutory standing because they alleged economic injury and actual reliance on Defendants' "no antibiotics, ever" advertising that uniformly applies to all Beef Products purchased at Whole Foods stores. *Id.*

| | | |
|---|---|---|
| 1 | Dated: June 30, 2023 | GRIME LAW LLP |
| 2 | | |
| 4 | | By: ___/s/ Paige Tomaselli___ |
| 5 | | PAIGE M. TOMASELLI |
| 6 | | DYLAN D. GRIMES |
| 7 | | ELSNER LAW & POLICY, LLC |
| 8 | | GRETCHEN ELSNER |
| 9 | | *Attorneys for Plaintiffs* |
| 10 | | SARA SAFARI, PEYMON |
| 11 | | KHAGHANI and FARM FORWARD |