1  BRIAN R. BLACKMAN (SBN 196996)
   bblackman@blaxterlaw.com
2  J.T. WELLS BLAXTER (SBN 190222)
   wblaxter@blaxterlaw.com
3  DAVID P. ADAMS (SBN 312003)
   dadams@blaxterlaw.com
4  BLAXTER | BLACKMAN LLP
   601 Montgomery Street, Suite 1110
5  San Francisco, California 94111
   Telephone: (415) 500-7700
6
7  Attorneys for defendants WHOLE
   FOODS MARKET SERVICES, INC.;
8  WHOLE FOODS MARKET CALIFORNIA,
   INC.; and MRS. GOOCH'S NATURAL FOOD
9  MARKETS, INC.

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH (KESx)<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STAY**<br><br>Date:      July 14, 2023<br>Time:     9:00 AM<br>Place:    411 West Fourth Street<br>              Courtroom 9D, 9th Floor<br>              Santa Ana, California 92701<br><br>The Honorable John W. Holcomb<br><br>Complaint Filed: August 23, 2022<br>Trial Date:           Not Set |

## I. INTRODUCTION

The Court should grant Defendants' motion for a stay of discovery because Defendants should not be forced to incur the time and expense of responding to Plaintiffs' overly broad and burdensome discovery requests regarding each and every beef product sold by Defendants in California during the statutory period, when this Court may either dismiss, or substantially narrow, Plaintiffs' claims when it rules on Defendants' Motion to Dismiss. Importantly, no discovery from Defendants is needed to resolve Defendants' pleading challenges, Plaintiffs have articulated no harm resulting from a stay, and staying discovery at this juncture is not inequitable because any stay in discovery is the result of Plaintiffs' refusal to identify what beef products they purchased from Defendants.

## II. RECENT FACTUAL DEVELOPMENTS

Several important factual developments have occurred since the parties filed the Joint Stipulation. First, although Plaintiffs included a section in the Joint Stipulation addressing their motion to compel regarding Defendants' responses to Plaintiffs' written discovery (ECF No. 63, pp. 23-42), the parties have since filed a separate joint stipulation addressing this motion. ECF Nos. 66, 67. Defendants will, therefore, not address Plaintiffs' motion to compel in this briefing.

Second, Defendants have moved forward with those aspects of discovery on which they were able while still standing on their objections. For instance, Defendants fully met and conferred with Plaintiffs regarding Defendants' discovery responses by sending a responsive letter on June 13, 2023 and meeting and conferring by telephone on June 16, 2023. ECF No. 67-1, p.3-4, 151-161. Additionally, Defendants made progress in negotiating the parties' ESI protocol, sending Plaintiffs a list of potential document custodians, providing revisions to Plaintiffs' draft ESI protocols, revising Plaintiffs' proposed list of ESI search terms, and providing a revised ESI stipulation on June 22, 2023. *Id.* at p. 4.

## III. ARGUMENT

**A. The Court Should Grant Defendants' Request for a Stay.**

Plaintiffs argue that a stay is not proper for four reasons: 1) Defendants fail to satisfy the motion to stay standard; 2) staying this case after Plaintiffs already responded to discovery would be inequitable; 3) Defendants' burden objections are unsubstantiated; and 4) Plaintiffs' allegations in the FAC entitle Plaintiffs to discovery regarding all beef products sold at Whole Foods Market stores in California during the class period. Each argument fails.

**1. Defendants Satisfy the Motion to Stay Standard.**

Plaintiffs first contend that the burden of responding to discovery when a motion to dismiss is pending does not demonstrate "good cause" to stay. Not so. Courts in this district routinely consider whether to stay actions pending determination of motions to dismiss. *See e.g. Quezambra v. United Domestic Workers of Am. AFSCME Loc. 3930,* 2019 WL 8108745, at *2 (C.D. Cal. Nov. 14, 2019). So long as Defendants meet the factors set out in *Quezambra* and other cases addressing stays in this context, they have met their burden to stay this action.

Plaintiffs next contend that a stay is not proper because additional discovery will assist the Court in deciding Defendants' Motion to Dismiss. Plaintiffs, however, fail to explain what pending discovery would assist the Court, and how it would do so. No discovery from Defendants is needed for the Court to resolve Defendants' Motion to Dismiss. Should the Court dismiss the FAC because the Individual Plaintiffs failed to explain what products they purchased or connect their alleged testing to either their purchased products or Whole Foods Market, and/or because Farm Forward lacks organizational standing, then all the relevant additional facts needed to prevail against any subsequent pleading challenges are in the possession of Plaintiffs. No Discovery from Defendants is needed.

### 2. Defendants' Stay Request is Not Inequitable

Plaintiffs claim it would be inequitable for the Court to stay this case when Plaintiffs have already responded to discovery, but Defendants have not. Not so. Plaintiffs cite no case law, and Defendants are aware of no case law, holding that a stay is improper when a Plaintiff has responded to discovery while a motion to dismiss is pending.

Further, the "inequity" Plaintiffs complain of was caused by their own actions. Defendants offered to respond to Plaintiffs discovery if the Individual Plaintiffs would only identify what beef products they purchased. ECF No. 63-5 [WFM Services' Responses to Plaintiffs' Requests for Production, Set One]. The Individual Plaintiffs, however, did not provide this information in the parties' meet and confer. Thus, Defendants were forced to attempt to obtain this information through discovery by propounding their Interrogatories, Set One on Plaintiffs. The Individual Plaintiffs, however, did not identify what products they purchased with enough particularity. ECF No. 67-1, pp. 3, 130-148.[1] The parties met and conferred on June 16, 2023, and defense counsel explained that Defendants needed the purchase date and location, product name, brand name, and UPC/barcode for each product the Individual Plaintiffs purchased to narrow down the scope of Plaintiffs' claims and provide responses to Plaintiffs' discovery. *Id.* at p. 3. The Individual Plaintiffs have yet to provide any of this information. *Ibid.*

The Individual Plaintiffs' refusal to identify the items they purchased, and over which they might have standing, converts what could be proper discovery into an impermissible fishing expedition, thus preventing Defendants from providing

---

[1] Although Farm Forward did respond to Defendants' written discovery and identify what products it purchased with particularity, the identity of products purchased by Farm Forward is not needed to rule on Defendants' Motion to Dismiss. Defendants' motion challenges Farm Forward's organizational standing, which is not tied to the products it purchased, but rather to the resources it expended as a result of Defendants' alleged practices.

responsive information that is within the permissible scope of discovery. There is no inequity because neither Defendants nor Plaintiffs have received the discovery they seek. Moreover, since Defendants cannot respond to discovery until the Individual Plaintiffs identify what beef products they purchased, it is Plaintiffs, not Defendants, who created this discovery bottleneck, thus causing the "inequity" they complain of.

### 3. Plaintiffs are Not Entitled to Discovery Regarding Every Beef Product Sold at Whole Foods Market Stores in California.

Plaintiffs erroneously claim that the broad scope of their FAC entitles them to discovery regarding every beef product sold at Whole Foods Market stores in California over the statutory period, and that Defendants fail to substantiate the burden of producing this information. Each argument fails.

First, the declaration of Erin Keefe submitted in support of the Joint Statement explains the burden associated with producing responsive documents to Plaintiffs' discovery regarding every beef product sold at Whole Foods Market stores in California. ECF No. 63-1, pp. 5-6. This is a massive undertaking requiring Defendants to pull and review product labels, supply agreements, marketing materials, sales data, and substantial ESI discovery from 17 different custodian's files. *Ibid.* The cost of producing these documents for every single beef product sold in California potentially runs into the hundreds of thousands of dollars and will take considerable time. *Ibid.* Contrastingly, Plaintiffs have identified no prejudice to them that would result if discovery is stayed.

Second, Plaintiffs' broad allegations in the FAC do not entitle them to discovery regarding every single beef product sold in California. Although Plaintiffs' FAC challenges the labeling of all such beef products, Defendants' Motion to Dismiss seeks a ruling that Plaintiffs do not have standing to sue based on products they did not purchase. If this Court dismisses Plaintiffs FAC, and grants

the Individual Plaintiffs leave to allege what products they purchased, then the scope of discovery will involve these products and any "substantially similar products."

Plaintiffs cannot rely on *Norman v. Gerber Prod. Co.*, No. 21-cv-09940-JSW, 2023 WL 122910, at *4–5 (N.D. Cal. Jan. 6, 2023), and *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) to argue that all beef products in California are "substantially similar" to those purchased by the Individual Plaintiffs because these cases are distinguishable. Both *Norman* and *Anderson* concerned products that were all sold and manufactured by the same defendant. *Norman*, 2023 WL 122910, at *4–5 (Plaintiff alleges that all baby food manufactured by defendant is substantially similar); *Anderson*, 888 F. Supp. 2d at 1006 (Plaintiff argued that all home smoothie kits manufactured by the defendant were substantially similar).

Contrastingly, unlike in *Norman* and *Anderson* where the defendants manufactured all the similar products, here Whole Foods Market stores in California have sourced beef from a myriad of different suppliers varying over time, region and production processes and of varying types. Without knowing what products the Individual Plaintiffs purchased, Defendants cannot narrow down the suppliers and advertising at issue, and figure out based on this information what products are substantially similar to the products Plaintiffs purchased.

The Court should see Plaintiffs' discovery salvos as what they are – improper fishing expeditions to learn Defendants' suppliers and use this information to attempt to substantiate the allegations in their pleadings.[2] Courts routinely deny discovery propounded for this purpose. *See, Webb v. Trade Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021); see *also Souter v. Edgewell Personal Care Co.*, No. 20-cv-1486-TWR, 2022 WL 4088614, at *5 (S.D. Cal. Sept. 6, 2022) (plaintiff cannot use discovery as a "'fishing expedition' to substantiate a claim for relief.")

---

[2] Further underscoring the indiscriminate nature of Plaintiffs' discovery requests is their own admission that of the numerous products they allegedly tested, only *one* have been positive for an undisclosed amount of monensin sodium residue.

| | | |
|---|---|---|
| 1 | Dated: June 30, 2023 | BLAXTER | BLACKMAN LLP |

By: /s/ *David P. Adams*
BRIAN R. BLACKMAN
DAVID P. ADAMS
Attorneys For Defendants WHOLE FOODS MARKET SERVICES, INC.; WHOLE FOODS MARKET CALIFORNIA, INC.; MRS. GOOCH'S NATURAL FOOD MARKETS, INC.