BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE
FOODS MARKET SERVICES, INC.;
WHOLE FOODS MARKET CALIFORNIA,
INC.; and MRS. GOOCH'S NATURAL FOOD
MARKETS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH (KESx)<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Date: August 16, 2023<br>Time: 9:30 AM<br>Place: 411 West Fourth Street<br>Courtroom 6D, 9th Floor<br>Santa Ana, California 92701<br><br>The Honorable Karen E. Scott<br><br>Complaint Filed: August 23, 2022<br>Trial Date: Not Set |

## I.    INTRODUCTION

The present discovery dispute focuses on two issues common to all of the remaining disputed discovery requests:  1) what is the relevant scope of discovery based on Plaintiffs' allegations of tainted "beef products," in their First Amended Complaint ("FAC"), given the Court's order dismissing many of the claims alleged in the FAC; and 2) what, if any, beef products are "substantially similar" to those still remaining at issue in the FAC following the Court's ruling.[1]  Plaintiffs contend that the scope of discovery should include all "beef products," meaning any food product that contains any amount of beef (including deli meats, ground beef, beef from the store meat case, meatballs, prepackaged meats, prepared foods, etc.), sold at any Whole Foods Market store in California over the last seven years. Defendants contend that, considering the District Court's ruling, relevant discovery should be limited to the beef products Khaghani purchased from the San Francisco store and those that allegedly tested positive for antibiotic residue.[2]

Defendants' position is the more reasonable and correct one under Fed. R. Civ. P. 26, 33 and 34 for several reasons.  It is consistent with the District Court's ruling that the FAC only connects plaintiff Khaghani's San Francisco beef purchases to Plaintiffs' allegation of allegedly positive antibiotic testing.  It addresses the fact that plaintiffs Safari and Farm Forward's claims have been dismissed from this action.  It resolves the issues of burden and proportionality inherent in Plaintiffs' position.  Finally, it allows the parties to proceed with discovery based on the current scope of the pleadings.

## II.    RECENT FACTUAL DEVELOPMENTS

On July 24, 2023, the District Court issued its order denying in part and granting in part Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint

---

[1] This Supplemental Brief uses the same terms as defined in Defendants' portion of Joint Statement [ECF No. 67].

[2] Plaintiffs have, to this point, refused to identify what product tested positive.

(the "Court's Order").  *See* ECF No. 75.  The Court dismissed plaintiffs Safari and Farm Forward claims with leave to amend and let stand the claims of plaintiff Khaghani.  The Court's conclusions and the reasoning underlying those decisions directly impact the scope of this case and by extension the scope of relevant discovery under Fed. R. Civ. P. 26, 33 and 34.  Although the scope of discovery may change again if Plaintiffs elect to amend, they have so far refused to tell Defendants if they will amend and on what factual basis.  Instead, Plaintiffs have moved for reconsideration of the Court's Order as to Farm Forward and received an extension of their time to amend (several months) until that motion is resolved.

**A.      The Dismissal of Plaintiff Safari's Claims Limit the Scope of Discovery.**

The Court dismissed Plaintiff Safari's claims because she did "not plead that the supply chain providing beef to Whole Foods' Tustin store [where she allegedly purchased beef products from Defendants] received products from the same source as any of the other locations" and thus failed to demonstrate an injury for purposes of Article III standing.  *See* ECF No. 79 at 9, citing ECF No. 35, ¶59.  This finding is significant and impacts the scope of allowable discovery in a couple of ways.

First, it establishes that Plaintiffs failed to allege a factual connection between the meat products Safari purchased from the Whole Foods Market store in Tustin and their allegations of an alleged meat supply chain tainted by antibiotic use.  As such, Safari lacks standing to pursue claims based on her purchases from the Tustin store.  *See* ECF No. 79 at 9.  This determination should apply with equal force to plaintiff Khaghani's alleged purchases from the Tustin store because he alleges the same facts as Safari about his meat purchases from the Tustin store.  *Compare* ECF No. 35, ¶¶9-15 to ¶¶16-22.  Thus, if Safari has failed to connect her Tustin purchases to any alleged antibiotic use, so too has Khaghani.  *Id.*

Second, defendant Mrs. Gooch's owns and operates the Whole Foods Market stores in Southern California (i.e., the stores south of Fresno), including the Tustin

store.  *See* ECF No. 35, ¶28.  The stores north of Fresno are owned and operated by defendant WFM California.  *Id*., ¶26.  Aside from the Tustin store, Khaghani only alleges purchasing beef products from the Whole Foods Market stores in San Francisco and Cupertino.  *Id.,* ¶18.  Moreover, Khaghani only connects the San Francisco store to his allegations of alleged antibiotic use.  *Id.,* ¶59.  This connection was central to the Court's finding that Khaghani has standing to pursue his claims.  ECF No. 79 at 14, citing ECF No. 34, ¶¶18, 60.  Thus, Plaintiffs failed to allege any facts connecting Mrs. Gooch's stores to any alleged antibiotic use.  *Id.* Discovery, therefore, should be limited to the San Francisco store, the beef products Khaghani purchased from that store, and the beef product from the San Francisco store that allegedly tested positive for antibiotics.  *See* ECF No. 35, ¶¶16-22, 59-60.

**B.      The Parties' Meet and Confer**

The parties met and conferred on August 8, 2023 and Plaintiffs tentatively agreed to withdraw their motion as to RFP Nos. 2 and 5 if Defendants provided amended responses stating that Defendants were unable to locate any agreements between Whole Foods Market entities that discussed the marketing of beef products. Thus, the remaining dispute relates to the relevant and proportional scope of "beef products" in connection with Plaintiffs' RFP Nos. 1 and 4 and ROG Nos. 1 and 2. A ruling on this issue will also affect the scope of Defendants' responses to many of Plaintiffs' other RFPs that are not at issue in this motion but concern the same general scope of discovery, including the extensive ESI Plaintiff seeks.

## III.    ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).  As such, "the allegations in a complaint generally dictate what evidence is discoverable." *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, No. 817CV02088JLSSK, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018), citing to

*Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).  Since the scope of discovery is defined by the well-pled allegations in a complaint, "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken…"  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978); *accord In re BofI Holding, Inc. Secs. Litig.*, No. 15-cv-2324-GPC (KSC), 2021 WL 1812822, at *7 (S.D. Cal. May 6, 2021) ("If a court has dismissed one of several claims in a complaint, discovery into topics relevant only to that dismissed claim is no more permissible than if it had been the sole claim raised and the case were dismissed outright."); *Rich v. Shrader*, No. 09CV652 AJB (BGS), 2013 WL 12188592, at *4 (S.D. Cal. Oct. 9, 2013).

Here, the Court dismissed Safari and Farm Forward's claims for lack of standing.  Thus, discovery which only concerns these claims is not permissible.  The remaining party with viable claims is Khaghani, and his standing is tied to his specific purchase from the San Francisco Whole Foods Market store and the antibiotic testing that potentially links that store's beef products to a supply chain allegedly tainted by antibiotic use.  *See* ECF No. 75, at 14, citing ECF No. 34, at ¶¶18, 60.  Judge Holcomb went into great detail explaining how the individual consumer plaintiffs' standing is tied to the specific ***supply chain*** from which they made their purchase.  *See e.g., id.* at 9-10, 12 ("Plaintiffs do not plead that the ***supply chain*** providing beef to Whole Foods' Tustin store received products from the same source as any of the other locations."); ("Safari fails to state a claim sufficient for Article III standing because she does not plead that the beef that she purchased in Tustin came from the same beef ***supply chains*** used by Whole Foods' where testing showed traces of antibiotics in cattle."); ("Plaintiffs cite two authorities in support of their Opposition, but in both instances Plaintiffs misinterpret the standing requirements for economic injuries, and they ignore those courts' emphasis on the ***supply chain*** in question."); ("Unlike Safari, the plaintiffs in

*Wright* and *Henriquez* specifically alleged that their purchased tuna was sourced from **supply chains** that involved fishing methods that were unsafe for dolphins…").

Accordingly, the scope of permissible discovery regarding the remaining claims should be limited to the **supply chain** giving rising to Khaghani's standing in this action – i.e., the supplier who provided the beef products Khaghani purchased and the beef product at the San Francisco store in which Plaintiffs allegedly found antibiotic residue.  The bulk of discovery at issue in the present motion, however, is not tethered to either Khaghani's beef purchases or the allegedly tainted supply chain and should be denied.

Pulling the vendor and supplier agreements, sales data, labeling and marketing materials for *every beef product sold in California during the statutory period* is an immense burden, that is simply not justified for products that are not at issue in this action.  *United States v. Metic Transplantation Lab Inc*., No. CV1307039SJOJEMX, 2017 WL 11636152, at *2 (C.D. Cal. Feb. 16, 2017) ("the burden associated with irrelevant discovery [regarding dismissed claims from action was] sufficient [to deny motion to compel].").  Further, as detailed in Defendants' portion of the Joint Statement (ECF No. 67 at 20:11-22:5), Plaintiffs cannot rely on *Norman v. Gerber Prod*. Co., No. 21-cv-09940-JSW, 2023 WL 122910, at *4–5 (N.D. Cal. Jan. 6, 2023) to claim that all beef products in California are "substantially similar" to those purchased by Khaghani and therefore discoverable. Just as the supply chain is the relevant criteria to determine standing, it is also the relevant line for determining what products are similar under *Norman.*

Finally, Plaintiff's motion should be denied in its entirety as to Mrs. Gooch's. Mrs. Gooch's owns and operates the Whole Foods Market stores in Southern California, and there are no active claims involving allegedly contaminated beef products from Southern California stores.  ECF No. 35, ¶28; *Acunis-Graham v. Select Portfolio Servicing, Inc*., 2018 WL 6071049, at *1 (C.D. Cal. Mar. 1, 2018).

1   Dated:  August 14, 2023                BLAXTER | BLACKMAN LLP

2

3                                     By:  _____*/s/ Brian R. Blackman*_____

4                                          BRIAN R. BLACKMAN
                                           DAVID P. ADAMS
5                                          Attorneys For Defendants WHOLE FOODS
                                           MARKET SERVICES, INC.; WHOLE
6                                          FOODS MARKET CALIFORNIA, INC.;
                                           MRS. GOOCH'S NATURAL FOOD
7                                          MARKETS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28