Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH (KES)<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING DISCOVERY PROPOSAL**<br><br>Date: August 16, 2023<br>Time: 9:30 a.m.<br>Place: Telephonic<br><br>The Honorable John W. Holcomb<br>The Honorable Karen E. Scott<br><br>Complaint Filed: August 23, 2022<br>Discovery Cutoff: Not Set<br>Pretrial-Conference: Not Set<br>Trial Date: Not Set |

In response to the Court's order dated July 27, 2023, ECF No. 80, counsel for Plaintiffs conferred with counsel for Defendants on August 8, 2023, for the purpose of coming to an agreement on a schedule for production of the disputed discovery. The parties did not reach an agreement. In response to the Court's request, Plaintiffs explain the parties' competing proposals for the disputed discovery and Plaintiffs' objections to Defendants' proposal.

### 1. Status of the Pleadings

Since the parties submitted their Joint Stipulation Regarding Plaintiffs' Motion to Compel, ECF No. 67, this Court ruled on Defendants' motion to dismiss Plaintiffs' claims. On July 24, 2023, the district court denied that motion with respect to Plaintiff Khaghani, finding that Plaintiff Khaghani has Article III standing to pursue all seven causes of action, and granted the motion with leave to amend with respect to Plaintiffs Safari and Farm Forward. *See* ECF No. 75. Plaintiff Farm Forward has moved the district court to reconsider its decision that Plaintiff Farm Forward lacks Article III standing to sue, ECF No. 81, and Plaintiffs intend to amend their operative complaint to correct the deficiencies the Court identified in Plaintiff Safari's claims for relief, *see* ECF No. 84 (order granting application to extend deadline to amend complaint).

### 2. Status of Discovery

The day after the district court, Judge John W. Holcomb, entered the order on Defendants' Motion to Dismiss, Judge Holcomb also denied Defendants' Motion to Stay. ECF No. 78. As of this filing, Defendants have not produced any documents other than one organizational chart and have not identified when they will produce documents in response to discovery requests served on February 10, 2023, or respond to the two interrogatories that Plaintiffs served on April 28, 2023. ECF No. 63-13.

### 3. Plaintiffs' Proposal on Disputed Discovery

The parties' positions on the disputed discovery remain largely the same as those set forth in their Joint Stipulation Regarding Plaintiffs' Motion to Compel. *See*

ECF No. 67. Defendants' only concession—made at the parties' conferral on August 8, 2023—is that they *may* respond to *some* discovery at some unidentified date in the future but *only* regarding Plaintiff Khaghani's purchases at *some* of the stores (the San Francisco stores). Plaintiffs' position, by contrast, is that Plaintiffs' discovery requests are both relevant and proportional to Mr. Khaghani's claims because they request information related to beef products that are sold throughout California, not just at a single store or in a certain region and thus must be produced in accordance with Federal Rule of Civil Procedure (Rule) 26. Thus, Plaintiffs request that Defendants immediately produce documents responsive to Plaintiffs' Requests for Production and that each Defendant answer Interrogatories 1 and 2. *See, e.g., Comcast of Los Angeles v. Top End International*, 2003 WL 2221149, *2 (C.D. Cal. 2003) (federal courts including the central district permit wide-ranging discovery of information.).

**4. Plaintiffs' Objection to Defendants' Proposed Limitations to Disputed Discovery**

Defendants, for their part, continue to contend that discovery in this action should be limited to documents relating to the specific products that the individual Plaintiffs purchased and/or tested. ECF No. 67, at 19 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330,339, 578 S. Ct. 330 (2016). Defendants urge that 'the generalized allegations in Plaintiffs' FAC do not grant Plaintiffs a cart blanch fishing expedition into vendor agreements, correspondence, and other documentation related to every beef product at Whole Foods Market stores in California." ECF No. 67, at 19–20. For at least three reasons, this Court should reject Defendants' proposal to improperly limit discovery.

*First*, Defendants are wrong on the law. In the Ninth Circuit, including in this district, plaintiffs with article III standing—as Judge Holcomb ruled that Plaintiff Khaghani has—in class action cases may pursue claims on behalf of absent class members who purchased different products so long as the products and alleged misrepresentations are substantially similar as between the plaintiff and the absent

class members. *See, e.g.*, *Norman v. Gerber Prods. Co.,* No. 21-CV-09940-JSW, 2023 WL 122910, at *9–10 (N.D. Cal. Jan. 6, 2023) (plaintiff sufficiently alleged that the products she did not purchase are substantially similar to the product she did purchase and thus she had standing to challenge those products); *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-CV-00413-TSH, 2021 WL 1788397, at *4 (N.D. Cal. May 5, 2021) (collecting cases and stating that even diverse products that bear similar marketing have been considered "substantially similar"); *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1082–83 (N.D. Cal. 2014) (same); *Miller v. Ghiradelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012). The question, then, is whether there is substantial similarity between the products at issue or whether the alleged misrepresentations are similar across product lines. *Miller*, 912 F. at 869; *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. C-11-2910 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012) ("[T]he critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased."); *see also Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) ("If there is a sufficient similarity between the products, any concerns regarding material differences in the products can be addressed at the class certification stage.").

Here, the products at issue are substantially similar. Although Defendants sell cuts of beef and in-house prepared foods from these cuts of beef from multiple (as yet undisclosed) suppliers, the products themselves are the substantially the same: they are beef products sourced from upstream suppliers that Defendants sold in California during the applicable statute of limitations period. *See* FAC ¶¶ 37–48. And Defendants universally advertised—in stores, on the internet, in Whole Foods' promotional videos, and elsewhere—that their beef products were raised with "No Antibiotics, Ever."[1] The Court found that Plaintiff Khaghani plausibly alleged that the

---

[1] Whole Foods' website confirms that Defendants' "promise is not tied to a brand, supplier, or section of the store," and that they verify their promise. *See* Whole Foods Market, "Our Meat: No Antibiotics, Ever,"

"No Antibiotics, Ever" statements are false, ECF No. 75; this is based on testing, scientific literature, and anecdotal evidence, *see Vance v. Church & Dwight Co.*, No. 222CV00044MCEKJN, 2023 WL 2696826, at *4 (E.D. Cal. Mar. 29, 2023) ("The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence."). A reasonable consumer would be deceived by Defendants' "No Antibiotics, Ever" claims. Discovery related to beef products advertised as "No Antibiotics, Ever" is therefore permitted and well within the broad scope of discovery permitted under Rule 26. Defendants are simply incorrect in arguing otherwise.

***Second***, to the extent that Defendants demand that Plaintiffs identify the "brand name and supplier" of the products they purchased before they produce discovery, that demand not only is premised on Defendants' misunderstanding of the law, *see supra*, but also violates federal discovery rules by impermissibly placing on Plaintiffs the burden to produce information that is squarely within Defendants' control. *Cf. Concha v. London,* 62 F.3d 1493, 1503 (9th Cir. 1995) (Rule 9(b) pleading requirements are relaxed when the information is in defendants' control); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989) (same).

Defendants' insistence that Plaintiffs' must identify information that is not available to them is foreclosed by Judge Holcomb's denial of Defendants' motion to dismiss on all seven of Plaintiff Khaghani's causes of action. As Plaintiffs explained in the parties' Joint Stipulation, Plaintiffs' discovery responses confirm which products Plaintiffs Safari and Khaghani purchased, when they purchased them, and where those purchases were made. ECF No. 67, at 10–11. Plaintiffs Khaghani and Safari also state that they purchased beef products in all departments including the butcher and hot foods counters, where Whole Foods does not identify the supplier or brand. And to Defendants' complaint that Plaintiffs "have steadfastly refused to identify the brand name or supplier of those products," that complaint is untenable:

---

https://www.wholefoodsmarket.com/tips-and-ideas/archive/our-meat-no-antibiotics-ever-0 (last viewed Aug. 14, 2023).

the identities of the suppliers of Defendants' products are among the very information that Plaintiffs request through discovery in this case. It is Defendants, and not Plaintiffs, who possess that information, and it is their burden to produce it.

***Third***, Defendants' objections are more appropriately decided at the class certification stage. It is premature to consider Plaintiff Khaghani's ability to represent class members who purchased different beef products than he did. *Dailey v. A&W Concentrate Co.*, 519 F. Supp. 3d 668, 672 (N.D. Cal. 2021) (citing *Clancy*, 308 F.R.D. at 569-71 (concluding that this question is more appropriately addressed as part of the class certification analysis)). Defendants' premature typicality arguments to avoid producing the discovery necessary to advance this case to class certification should be rejected because they contravene law. *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales, Practices & Prods. Liab. Litig.*, 890 F.Supp.2d 1210, 1224 (C.D. Cal. 2011) (factual questions regarding typicality more properly resolved on a motion for class certification).

## CONCLUSION

Defendants' proposed limitations on discovery contravene well-settled precedent from this Circuit and unfairly and impermissibly burden Plaintiffs to provide information that is well within Defendants' control. This Court should reject those limitations. For the reasons explained above, and for the additional reasons set forth in the parties' Joint Stipulation Regarding Plaintiffs' Motion to Compel, Plaintiffs respectfully request that the Court grant Plaintiffs' motion and order Defendants to immediately begin a rolling production of responsive documents and answer Interrogatories 1 and 2.

Dated:  August 14, 2023

ELSNER LAW & POLICY, LLC

By:     */s/ Gretchen Elsner*
          GRETCHEN ELSNER

GRIME LAW, LLP
PAIGE M. TOMASELLI
DYLAN D. GRIMES

*Attorneys for Plaintiffs*
SARA SAFARI, PEYMON KHAGHANI and FARM FORWARD

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 14, 2023, I electronically filed the foregoing document using the Court's CM/ECF system, which will send notification of the filing of this document to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Service List.

Dated: August 14, 2023          Respectfully submitted,

                                         /s/ *Gretchen Elsner*