BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
ERIN W. KEEFE (SBN 240639)
ekeefe@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE
FOODS MARKET SERVICES, INC.;
WHOLE FOODS MARKET CALIFORNIA,
INC.; and MRS. GOOCH'S NATURAL FOOD
MARKETS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH (KESx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF FARM FORWARD'S MOTION FOR RECONSIDERATION**<br><br>Date:    September 29, 2023<br>Time:    9:00 AM<br>Place:    411 West Fourth Street<br>           Courtroom 9D, 9th Floor<br>           Santa Ana, California 92701<br><br>The Honorable John W. Holcomb<br><br>Complaint Filed:  August 23, 2022<br>Trial Date:         Not Set |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   RELEVANT PROCEDURAL POSTURE ........................................................ 2

    A.    Prior Iterations of Plaintiffs' Complaint ................................................... 2

    B.    Defendants' Motion to Dismiss the FAC ................................................ 3

    C.    The Court's Order on Defendants' Motion to Dismiss the FAC ............ 4

III.  LEGAL STANDARD ....................................................................................... 5

IV.  DISCUSSION ................................................................................................... 6

    A.    Farm Forward's Motion for Reconsideration Should Be Denied Because It Fails to Comply with Local Rule 7-18. ................................. 6

    B.    The Court Should Deny Farm Forward's Reconsideration Motion Because It Fails to Establish a Material Difference in the Law on Article III Standing. ..................................................................................... 8

V.   CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

### Federal Cases

*Alicea v. Machete Music*
    744 F.3d 773 (1st Cir. 2014) ................................................................. 6

*Bhatnagar v. Surrendra Overseas, Ltd.*
    52 F.3d 1220 (3rd Cir. 1995) ................................................................. 6

*Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*
    693 F.3d 1195 (10th Cir. 2012) .............................................................. 5

*Federal Election Commission v. Ted Cruz for Senate*
    142 S.Ct. 1638 ................................................................................. 7, 8

*Friends of the Earth v. Sanderson Farms, Inc.*
    938 F.3d 939 (9th Cir. 2021) ................................................................. 1

*Havens Realty Corp. v. Coleman*
    455 U.S. 363, 379 (1982) ..................................................................... 7

*Kona Enterprises, Inc. v. Estate of Bishop*
    228 F.3d 877, 890 (9th Cir. 2000) ....................................................... 5, 7

*Omstead v. Dell, Inc.*
    533 F.Supp.3d 1012, 1019 (N.D. Cal. 2008) ........................................... 6

*TransUnion, LLC v. Ramirez*
    ___U.S. __, 141 S.Ct. 2190 (2021) ........................................................ 1

*Wheeler v. Travelers Ins. Co.*
    22 F.3d 534, 537 (3rd Cir. 1994 ............................................................ 9

### California Cases

*California Medical Association v. Aetna Health of California*
    14 Cal.5th 1075 (July 17, 2023) ......................................................... 1, 9

### Rules

CD CA L.R. 7-18 ................................................................... 1, 5, 7. 8

Fed. R. Civ. P 12(b)(1) ................................................................... 3

Fed. R. Civ.P. 12(b)(6) ................................................................... 3

## I. INTRODUCTION

In its July 24, 2023 "Order Regarding Defendants' Motion to Dismiss" (ECF No. 75), the Court properly dismissed, with leave to amend, Plaintiff Farm Forward's claims based on its lack of Article III standing. Farm Forward's motion for reconsideration of that portion of the order should be denied. As a threshold matter, contrary to the requirements of this Court's Local Rule 7-18, Farm Forward's motion for reconsideration repeats previously-raised and rejected arguments and improperly implores this Court to change its ruling based upon a case that was decided and in front of this Court prior to its order.

Farm Forward's motion also misconstrues the Court's order and the purported "new" case *California Medical Association v. Aetna Health of California*, 532 P.3d 250, 14 Cal.5th 1075 (July 17, 2023) ("*California Medical Association v. Aetna*"). *California Medical Association v. Aetna* is a California Supreme Court case that is not binding authority on the issue of Article III standing. More importantly, it does not examine the issue of Article III standing or the viability of the diversion of resources theory of organizational standing post *TransUnion, LLC v. Ramirez*, ___U.S. __, 141 S.Ct. 2190 (2021) ("*TransUnion*"). Rather, it discusses a California state law, the UCL. It also does not examine the issue, considered in the Court's order, of whether an alleged diversion of resources merely constitutes business as usual, which does not qualify as a diversion of resources under Article III. The legal principle that an organizations' diversion of resources must constitute "additional resources that they would not otherwise have expended, and in ways that they would not have expended them" to qualify as a diversion of resources remains good law both under the UCL and Article III. *Friends of the Earth v. Sanderson Farms, Inc.*, 938 F.3d 939, 942 (9th Cir. 2021).

## II.     RELEVANT PROCEDURAL POSTURE

### A.     Prior Iterations of Plaintiffs' Complaint

Over a year ago, on August 23, 2022, Plaintiffs filed their initial complaint in this action together with another consumer, Jason Rose, against Whole Foods Market, Inc. ("WFMI").[1]  WFMI filed a motion to dismiss the complaint for lack of personal jurisdiction, failure to allege standing and a lack of particularity in October 2022.  Plaintiff Jason Rose thereafter voluntarily dismissed his claims under Federal Rule of Civil Procedure 41(a), and the remaining Plaintiffs filed a First Amended Complaint ("FAC"), dropping WFMI as a defendant and naming Whole Foods Market Services, Inc., Whole Foods Market California, Inc. and Mrs. Gooch's Natural Food Markets, Inc. (collectively, "Defendants") in its place.  See ECF Nos. 27 & 35.  The FAC also added several allegations in an effort to address WFMI's standing and particularity arguments and added claims for breach of express warranty and intentional misrepresentation.  See ECF No. 35-1.  In the FAC, Farm Forward asserted four claims for relief: (1) violation of the California Consumer Legal Remedies Act; (2) violation of the California Unfair Competition Law ("UCL"); (3) violation of the California False Advertising Law ("FAL"); and (4) fraudulent concealment.  ECF No. 35.  The Court denied WFMI's motion to dismiss as moot based on the filing of the FAC.  ECF No. 26.

The Court held an Initial Scheduling Conference on December 13, 2022.  See ECF No. 38.  During the conference, the parties and Court discussed various pleadings defects Defendants contended existed in the FAC.  The Court ordered the parties to meet and confer over these issues to resolve as much as possible by

---

[1] In November 2022, Girard Sharp LLP – one of the law firms representing Plaintiffs in this action – moved to withdraw as counsel of record because their client, plaintiff Jason Rose, voluntarily dismissed his claims.  See ECF No. 33.  The Court granted the motion by order entered on December 5, 2022.  See ECF No. 37.

voluntary amendment before proceeding, if necessary, with motion practice. *Id.* The parties held an initial conference on December 20, 2022 and exchanged further communications detailing their positions on December 21, 22 and 30. The parties were able to resolve their dispute over CAFA jurisdiction, but Plaintiffs chose to stand on their allegations in the FAC in response to Defendants' other pleading challenges.

**B.      Defendants' Motion to Dismiss the FAC**

In January 2023, Defendants filed a motion to dismiss the FAC under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 46. Plaintiffs filed an opposition to the motion and Defendants filed a reply brief in February 2023.

On March 14, 2023, the Court issued an order directing the parties to file supplemental briefs concerning Article III standing. ECF No. 54. Thereafter, both parties simultaneously filed supplemental briefs. ECF Nos. 55 & 57.

On April 7, 2023, the Court heard oral argument on Defendants' motion to dismiss the FAC and took the matter under submission. ECF No. 59.

Before the Court issued its opinion, Plaintiffs filed three notices of supplemental authority. First, prior to oral argument, on February 27, 2023, Plaintiffs filed a notice regarding a February 7, 2023 Central District of California order in *Henriquez v. ALDI Inc.,* No. 2:22-cv-06060-JLS-JEM. ECF No. 51.

Second, after oral argument, on April 13, 2023, Plaintiffs filed a notice of supplemental authority attaching two decisions Plaintiffs claimed were relevant to the issue of organizational standing under the UCL stemming from a Northern District of Texas order in a case entitled *Alliance for Hippocratic Medicine, et al. v. U.S. Food and Drug Administration, et al.* (Case No. 2:22-CV-233-Z). ECF No. 60. Plaintiffs attached the district court's April 7, 2023 order in which it granted the plaintiffs' motion for a preliminary injunction and stayed the FDA's approval of

mifepristone.  ECF No. 60-1.  Plaintiffs also attached an April 12, 2023 unpublished order in the 5th Circuit (Case No. 23-10362), which granted in part and denied in part a motion for a stay pending an appeal of the district court's April 7th order.  ECF No. 60-2.

On July 17, 2023, Plaintiffs filed their third "Notice of Supplemental Authority" regarding the California Supreme Court decision in *California Medical Association v. AETNA Health of California* (Case No. S269212), which Plaintiffs claimed addressed organizational standing under the UCL.  ECF No. 73.

C.     **The Court's Order on Defendants' Motion to Dismiss the FAC**

On July 24, 2023, the Court granted in part and denied in part Whole Foods' motion to dismiss the FAC, with leave to amend, in a twenty-two-page written decision.  ECF No. 75.  The Court found that Farm Forward failed to adequately allege Article III standing for two reasons.  First, it held that Farm Forward could not establish organizational standing under a diversion-of-resources theory or a reputational or financial harm theory.  The Court reasoned that Farm Forward "fail[ed] to meet the Ninth's Circuit's requirement for organizational standing through a diversion-of-resources theory" because its activities were "a continuation of its existing mission to end factory farming." ECF No. 75, pp. 15-16.  With respect to reputational injury, the Court found that Farm Forward failed to plead sufficient facts to establish a concrete injury.  *Id.* at pp. 17-18.  With respect to Farm Forward's financial loss claim, the Court reasoned that Farm Forward's alleged expenditure of resources to investigate and expose Defendants "did not result from an injury by Whole Foods, but instead, Farm Forward undertook those efforts in keeping its mission to end factory farming." *Id.* at p. 18.

Second, the court found that Farm Forward's diversion of resources theory could not be reconciled with the Supreme Court's recent definition of Article III standing in *TransUnion*.  ECF No. 75, p. 19.  Thus, even assuming, *arguendo*, that

Farm Forward had adequately pled a diversion-of-resources theory of harm, it could not establish Article III standing because such a theory of harm was not grounded in the "history and tradition" or the "types of cases that Article III empowers federal court to consider" post-*TransUnion*. *Id.* The Court did not analyze Farm Forward's standing under the UCL.

On August 7, 2023, Farm Forward filed the instant motion for reconsideration of the portion of the Court's order granting Defendants' motion to dismiss Farm Forward's claims, with leave to amend. Subsequently, Plaintiffs filed an *ex parte* application to extend their deadline to file an amended complaint until the Court rules on Farm Forward's motion for reconsideration, which the Court granted. ECF No. 84.

### III.   LEGAL STANDARD

While courts have inherent power to reconsider and modify interlocutory orders prior to entry of judgment, reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enterprises, Inc. v. Estate of Bishop*, 228 F.3d 877, 890 (9th Cir. 2000). Under this Court's Local Rules, a motion for reconsideration must be founded on any of three bases: "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision[;] or (b) the emergence of new material facts or a change of law occurring after the time of such decision[;] or (c) a manifest showing of a failure to consider material facts presented to the Court before such a decision." CD CA L.R. 7-18.

A motion for reconsideration should not repeat argument a court rejected the first time around. *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012); *see also*, CD CA L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in

support of, or in opposition to, the original motion"). Moreover, "reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Bhatnagar v. Surrendra Overseas, Ltd.*, 52 F.3d 1220, 1231 (3rd Cir. 1995); *Alicea v. Machete Music*, 744 F.3d 773, 781 (1st Cir. 2014). To prevail on a motion for reconsideration, "a party must set forth facts or law of a convincing nature" to induce the court to change its prior decision. *Omstead v. Dell, Inc.*, 533 F.Supp.3d 1012, 1019 (N.D. Cal. 2008).

While Farm Forward fails to specify in its moving papers, which of the three bases in Local Rule 7-18 they seek reconsideration under, the only potentially applicable grounds are (a) and (b) as Farm Forward's motion identifies a new case, but it does not identify any facts that the Court purportedly failed to consider. As set forth below, Farm Forward fails to satisfy either subdivisions (a) or (b) under Local Rule 7-18. Instead, Farm Forward's motion merely asks the Court to rethink the arguments already raised by Plaintiffs and rejected by this Court.

### IV. DISCUSSION

**A.  Farm Forward's Motion for Reconsideration Should Be Denied Because It Fails to Comply with Local Rule 7-18.**

The Court should deny Farm Forward's motion for reconsideration because it fails to satisfy the requirements of either subdivision (a) or (b) of Local Rule 7-18. Farm Forward's motion rests on its contention that the Court must reconsider its decision that Farm Forward failed to adequately plead Article III standing in light of a "new" California Supreme Court case, *California Medical Association v. Aetna*. The California Supreme Court, however, published that decision on July 17, 2023, a week prior to the date the Court issued its order granting Defendants' motion to dismiss. On that date, a week before the Court issued its order, Plaintiffs also notified the Court of the *California Medical Association v. Aetna* case by filing a notice of supplemental authority arguing that the case was relevant to the issue of

1 standing in the then pending motion to dismiss. ECF Nos. 73, 73-1. Accordingly, contrary to the requirement in Local Rule 7-18, subdivision (a), Plaintiffs presented to the Court the purported difference in the law before the Court's decision, and contrary to subdivision (b), the change of the law did not emerge after the time of the decision.

Farm Forward attempts to sidestep the requirements of Local Rule 7-18 by pointing out that "the Court did not identify this supplemental authority in its Order." ECF No. 81, p. 2. As an initial matter, Local Rule 7-18 does not provide an exception to its requirements for instances when a party does not believe that a court considered a case even though the case existed prior to the time of a decision and was identified by a party. Such an interpretation of Local Rule 7-18 would permit motions for reconsideration whenever a court does not cite to an authority a party believes is relevant. Farm Forward's advocacy for such an approach to motions for reconsideration is not currently the standard and does not comport with the tenant that reconsideration is an "extraordinary remedy, to be used sparingly." *Kona Enterprises, Inc. v. Estate of Bishop*, *supra,* 228 F.3d at 890.

Farm Forward's motion also violates Local Rule 7-18 by repeating arguments made by Plaintiffs in their opposition to the motion to dismiss. Indeed, Section III in Farm Forward's brief repeats Plaintiffs' contention that the four-decade old case *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) "is still binding precedent" and survives *TransUnion*. C.f., ECF No. 81, pp. 9-10 (Farm Forward's Motion for Reconsideration) and ECF No. 58, pp. 11-14 (Plaintiffs' Supplemental Brief on Standing). Farm Forward also repeats the contention made in its supplemental brief that "voluntary acts suffice for standing." ECF No. 57, p. 22:9-10 (relying on *Federal Election Commission v. Ted Cruz for Senate*, 142 S.Ct. 1638,

1647 (2022)).[2]  The Court considered and expressly rejected these positions in its opinion.  ECF No. 75, pp. 18-19.  In its order, the Court stated:

> In its Supplemental Brief, Plaintiffs argued that '[o]rganizational standing is constitutionally viable after Supreme Court's [sic] decision in *TransUnion*. The *TransUnion* Court twice cited the for-decade old seminal case on organizational standing: *Havens Realty*[],' Simply put, Plaintiffs' assertion is not true – *Havens Realty* was twice cited in a **dissent** to *TransUnion*…The legal error in Plaintiffs' briefing punctuates this Court's concern with organizational standing doctrine post-*TransUnion*; *Havens Realty* was able to maintain its relevant only in Justice Thomas's dissent.

ECF No. 75, p. 19 (emphasis in original).

Farm Forward belabors this point again in its motion for reconsideration. According to Farm Forward, because a California Supreme Court case relies upon *Havens Realty* in analyzing standing under the UCL, *Havens Realty* must be controlling on the issue of Article III standing.  As set forth below, Farm Forward is incorrect because *California Medical Association v. Aetna* does not materially change the law on Article III standing.

**B.    The Court Should Deny Farm Forward's Reconsideration Motion Because It Fails to Establish a Material Difference in the Law on Article III Standing.**

Even if Farm Forward's motion complied with Local Rule 7-18, which it does not, its motion for reconsideration still fails because *California Medical Association v. Aetna* does not change the law on Article III standing and thus has no impact on the Court's order dismissing Farm Forward's claims.

Farm Forward contends that "[t]his Court has paid careful attention to Article III standing throughout this litigation….and the Court [should] continue its diligent review and reconsider its decision on organizational standing in light of this new

---

[2] In its motion for reconsideration, Farm Forward also improperly repeats its analysis of *Federal Election Commission v. Ted Cruz for Senate*, 142 S.Ct. 1638. *See* ECF No. 81, p. 9.

authority." ECF No. 81, p. 1.  Similarly, it contends that "Farm Forward's resource expenditures are sufficient to confer Article III standing as explained by *California Medical Association v. Aetna*." *Id.* at p. 3.  Yet, *California Medical Association v. Aetna* is a California case that does not analyze Article III standing whatsoever.  Instead, it examines standing under the UCL, a California state law.  *California Medical Association v. Aetna*, *supra,* 14 Cal.5th at p. 254.  Even if it did analyze Article III standing, the decision is only persuasive authority, not binding authority, because it is a California state law decision, and the issue of Article III standing is governed by federal law.  *See, Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 537 (3rd Cir. 1994) (standing to sue in federal court is governed by federal law, even in diversity cases based on state law claims).

      Not surprisingly given that it is not a case on Article II standing, *California Medical Association v. Aetna* does not analyze or consider *TransUnion*, which this Court recognized as a seminal United States Supreme Court case "clarifying the requirements Article III standing." ECF No. 75, p.8.  Instead, it only cites to *TransUnion* once to distinguish between standing under the UCL and Article III.  *California Medical Association v. Aetna*, *supra,* 14 Cal.5th at p. 258.  Thus, *California Medical Association v. Aetna* does not undermine this Court's interpretation of *TransUnion*.

      *California Medical Association v. Aetna* also does not examine a central tenent at issue in the Court's order: that Farm Forward cannot establish Article III standing under a diversion-of-resources theory because its activities constituted "business as usual." ECF No. 75, pp. 15-16.  Instead, the California Supreme Court considered whether under the UCL: (i) a diversion of staff time could qualify as a loss of "money or property"; and (ii) the association's diversion of resources was independent of its preparations for litigation.  *California Medical Association v. Aetna, supra,* 14 Cal.5th at pp. 255, 257.  This Court did not consider either of those

issues in rendering its decision on Defendants' motion to dismiss. *California Medical Association v. Aetna* therefore has no bearing on the Court's order dismissing Farm Forward's claims.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Farm Forward's motion for reconsideration of its July 24, 2023 order granting in part and denying in part Defendants' motion to dismiss.

Dated: September 7, 2023                               BLAXTER | BLACKMAN LLP


By:  /s/ *Erin W. Keefe*
BRIAN R. BLACKMAN
ERIN W. KEEFE
Attorneys for Defendants WHOLE FOODS MARKET SERVICES, INC.; WHOLE FOODS MARKET CALIFORNIA, INC.; MRS. GOOCH'S NATURAL FOOD MARKETS, INC.