UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:22-cv-01562-JWH-KES | Date | October 10, 2023 |
| Title | *Sara Safari. et al. v. Whole Foods Market, Inc.* | | |

Present: The Honorable   JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 81]**

Before the Court is the motion of Plaintiff Farm Forward for reconsideration of the Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss[1] as it relates to Farm Forward.[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that the Motion is **DENIED**, for the reasons set forth herein.

---

[1]   Order re: Defendants' Motion to Dismiss (the "Order") [ECF No. 75].

[2]   Pl.'s Mot. for Reconsideration (the "Motion") [ECF No. 81].

[3]   The Court considered the documents of record in this action, including the following: (1) First Am. Compl. (the "Amended Complaint") (including its attachments) [ECF No. 35]; (2) Motion (including its attachments); (3) Defs.' Opp'n to the Motion (the "Opposition") [ECF No. 93]; and (4) Pl.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 95].

## I.  BACKGROUND

Plaintiffs Sara Safari, Peymon Khaghani, and Farm Forward assert a putative consumer fraud class action, alleging that Defendants Whole Foods Market Services, Inc.; Whole Foods Market California, Inc.; and Mrs. Gooch's Natural Food Markets, Inc. (collectively, "Whole Foods") made material misrepresentations and omissions regarding the absence of antibiotics in the beef that Whole Foods sells.[4] Plaintiffs claim that although Whole Foods advertises its beef with the slogan "No Antibiotics, Ever," independent laboratory testing has detected traces of antibiotics and pharmaceutical residue in the beef products that it sells.[5]

Farm Forward alleges that it is an IRS § 501(c)(3) tax-exempt national public interest animal protection organization with its principal place of business in Portland, Oregon.[6] Farm Forward explains that its mission is to end factory farming and asserts that it has 60,000 supporters worldwide.[7]

In its Order, the Court dismissed Farm Forward's claims, with leave to amend, because Farm Forward had not established standing under Article III.[8] The Court concluded that Farm Forward's diversion-of-resources theory failed to meet the Ninth Circuit's requirements for organizational standing because Farm Forward's testing program was simply a continuation of its existing mission to end factory farming.[9] Although Farm Forward raised an inchoate claim for reputational harm, the Court concluded that the Amended Complaint failed to plead sufficient facts for a concrete injury because Farm Forward did not show that its alleged harm resulted from an injury by Whole Foods.[10] The Court also concluded that Farm Forward's theories of standing could not be reconciled with the standard for

---

[4]     Amended Complaint ¶ 1.
[5]     *Id.* at ¶¶ 1 & 58.
[6]     *Id.* at ¶ 23.
[7]     *Id.*
[8]     Order 19.
[9]     *Id.* at 15-17.
[10]    *Id.* at 17-18.

Article III standing articulated by the Supreme Court in *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190 (2021).[11]

Farm Forward filed the instant Motion in August 2023, and it is fully briefed.

## II. LEGAL STANDARD

A district court may reconsider a ruling under either Rule 59(e) of the Federal Rules of Civil Procedure (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *See School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), reconsideration may be appropriate where the movant demonstrates the existence of: (1) an intervening change in the controlling law; (2) new evidence not previously available; or (3) a need to correct a clear error of law or to prevent manifest injustice. *See id.* at 1263. Meanwhile, Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) a void judgment; (5) satisfaction of judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *School Dist. No. 1J*, 5 F.3d at 1263. Rule 60(b)(6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its prior decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

In addition, this Court's Local Rules define the situations in which a party may seek the reconsideration of an order:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, (b) the emergence of new material facts or a change of law occurring after the Order was

---

[11] *Id.* at 19.

entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### III.  ANALYSIS

#### A.  L.R. 7-18

Whole Foods argues that Farm Forward has not complied with L.R. 7-18.[12] Farm Forward contends that the California Supreme Court recently "published a landmark decision on organizational standing under California's consumer protection statutes":[13] *California Med. Ass'n v. Aetna Health of California*, 14 Cal. 5th 1075 (2023). However, that decision was published before the Court issued its Order, and Farm Forward filed a Notice of Supplemental Authority a week before the Court issued its Order to call the Court's attention to that case.[14]

In its Motion, Farm Forward further argues that (1) the Court did not sufficiently consider the unpublished decision in *Alliance for Hippocratic Medicine v. Food & Drug Administration*, No. 23-103652; (2) *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), is still binding precedent; and (3) the Court should consider Farm Forward's standing under the UCL. But Farm Forward has previously raised all of those arguments.[15] Thus, the Motion does not comply with L.R. 7-18, and the Court may deny it on that basis alone. That said, even considering Farm Forward's substantive arguments for reconsideration, the Court still concludes that the Motion must be denied.

---

[12]   Opposition 6:16-8:15.

[13]   Motion 1:6-7.

[14]   Pls.' Notice of Supplemental Authority [ECF Nos. 73 & 73-1].

[15]   Motion 2:1-6 (previously raised in ECF No. 60); Motion 9:19-10:23 (previously raised in ECF Nos. 48 & 57); Reply 7:12-17 (previously raised in ECF Nos. 48 & 57).

### B.   Organizational Standing

The Motion fails because *California Medical Association* does not change the standing analysis under Article III when the claimant has not suffered an injury-in-fact. In that case, the California Supreme Court held "that the UCL's standing requirements are satisfied when an organization, in furtherance of a bona fide, preexisting mission, incurs costs to respond to perceived unfair competition that threatens that mission, so long as those expenditures are independent of costs incurred in UCL litigation or preparations for such litigation." *California Med. Ass'n*, 14 Cal. 5th at 1082. While the California Supreme Court acknowledged that the phrase "injury in fact" from UCL standing is "borrowed from, and was intended to incorporate aspects of, the federal constitutional law of standing[,]" it did not focus on the standing requirements under Article III. *Id.* at 1087.

To the extent, if any, that *California Medical Association* may have adjusted the standing analysis under California's Unfair Competition Law, it has not materially changed the standing analysis under Article III. "Article III standing and statutory standing [under the UCL] are distinct legal analyses." *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1005 (S.D. Cal. 2021). A plaintiff "does not 'automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation.'" *Ewing v. SQM US, Inc.*, 211 F. Supp. 3d 1289, 1292 (S.D. Cal. 2016) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016)). Thus, *California Medical Association* and its analysis of standing under the UCL does not alter this Court's analysis of Farm Forward's lack of standing under Article III. Farm Forward's additional arguments for reconsideration are denied, for the same reasons as set forth in the Order.

## IV.   DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** that Farm Forward's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**