Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

David F. Sugerman (*pro hac vice*)
Nadia H. Dahab (*pro hac vice*)
**SUGERMAN DAHAB**
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOODS MARKETS, INC. doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH-KES<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING JOINT STIPULATION**<br><br>Date: October 31, 2023<br>Time: 10:00 a.m.<br>Place: 411 West Fourth Street<br>Courtroom 6D, 9th Floor<br>Santa Ana, California 92701<br><br>The Honorable John W. Holcomb<br>The Honorable Karen E. Scott<br><br>Complaint Filed: August 23, 2022<br>Discovery Cutoff: Not set<br>Pretrial-Conference: Not set<br>Trial Date: Not set |

Pursuant to Local Rule 37-2.3, Plaintiff Peymon Khaghani offers the following supplemental memorandum.

Defendant's motion generally raises two issues for this Court's resolution. The first is whether Peymon Khaghani's unredacted credit card statements fall within the scope of relevant discovery. The second is whether Defendants' requests for production are impermissible contention requests that seek documents and information protected under the work-product doctrine. Plaintiff provides brief additional authorities on each issue below.

**1. Khaghani's Credit Card Statements**

In Plaintiff's view, the circumstances of this request are relevant to its resolution. As Plaintiff explained in the parties' Joint Stipulation, Plaintiff Khaghani's credit card statements, as with most credit card statements, are not itemized. Thus, a review of those statements will not allow Whole Foods (or Khaghani, for that matter) to know the specific beef products that Plaintiff purchased on particular dates; it will only allow the parties to know the date and identity of the retailer from which he made purchases generally. Second, Plaintiff Khaghani has already stated in this litigation that he predominantly paid cash when shopping at Whole Foods. Tomaselli Decl. ¶ 9, Exhibit B at 7. His credit card statements will therefore not reflect his purchases. In those two respects, Defendants' request for Khaghani's credit card statements will not assist the parties or the trier of fact and are not likely to lead to the discovery of helpful, much less relevant, evidence.

Notwithstanding the minimal relevance of Khaghani's credit card statements to the claims or defenses in this case, Plaintiff has *agreed* to produce statements that reflect responsive Whole Foods transactions; that is, to the extent that they exist, Plaintiff has agreed to produce redacted credit card statements that reflect, in a nonitemized way, the purchases that Khaghani made during the relevant period from one of Defendants' Whole Foods stores. Again, as Plaintiff explained in the parties' Joint Stipulation, Plaintiff is currently collecting and reviewing those statements and will produce them once that

process is complete. ECF No. 99, at 16. In that respect, Defendants' motion to compel is premature.

But more fundamentally, Defendants' request for Plaintiff Khaghani's unredacted credit card statements seeks information that falls outside the scope of discovery under Rule 26. The scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence or information is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Varliskiy v. Cty. of Riverside*, 2022 WL 18284986, at *4 (C.D. Cal. Dec. 14, 2022) (citing same). "Courts have broad discretion in controlling discovery" and "determining relevancy." *Varliskiy*, 2022 WL 18284986, at *4 (citing *Laub v. Horbaczewski*, 331 F.R.D. 516, 521 (C.D. Cal. 2019)).

In this case, Plaintiff claims that Defendants' representations that the beef products Defendants sold contained "No Antibiotics, Ever" led Plaintiff to pay a premium price for those products. ECF No. 35, at 6–7 (First Amended Compl. ("FAC") ¶ 20) ("Mr. Khaghani purchase the Beef Products at a premium price because, based on Whole Foods' representations, he believed all Beef Products available for sale at Whole Foods derived from cattle raised without antibiotics or pharmaceuticals."); *see also* ECF No. 35, at 11–12 (FAC ¶ 35) ("Buying antibiotic-free meat and meat derived from appropriately treated animals is sufficiently important to American consumers that they are willing to pay a premium price for it. One study, for example, concluded that the price premium is 20% or more for meat raised without antibiotics than conventional counterparts"). Plaintiff further alleges that Defendants' misrepresentations about whether Whole Foods' beef products contained antibiotics "enabled Whole Foods to charge a significant premium for" those products. ECF No. 35, at 27 (FAC ¶ 76).

Those claims, and any defenses raised in response to those claims, do not turn, then, on whether Plaintiff purchased beef products from other retailers. Plaintiff claims that he

paid a premium for *Defendants'* products because *those products* were claimed to be raised without antibiotics. To the extent that other beef products he purchased at other retailers were *not* raised without antibiotics—which is what Defendants seek to prove, ECF No. 99, at 6 (If Khaghani's credit card history reflects purchases of meat from retailers . . . who do not advertise their meat as antibiotic-free, this will show that he never relied on or cared about Defendants' antibiotics claims when purchasing beef from Whole Foods Market stores.)—that fact is irrelevant. If those retailers did not represent their beef products to be raised without antibiotics, Plaintiff does not contend he would not have purchased them at all; he claims, instead, that he would not have paid Whole Foods' premium prices for those products.

Again, Plaintiff has agreed to produce to Defendants credit card statements reflecting transactions at Whole Foods, because those transactions, to the extent that they involved beef products (and the statements will not show whether or not they do), are the only transactions that are relevant to the claims and defenses in this case. The Court should therefore deny Defendants' motion to compel.

### 2. Impermissible Contention Requests

The second issue presented in Defendants' motion to compel is whether Defendants' "contention" requests for production—that is, requests that seek all documents "that support" an allegation or contention set forth in Plaintiff's operative complaint—seek information that is protected from disclosure under the work product doctrine. In Plaintiff's view, the answer to that question is, "Yes," and therefore Defendants' motion should be denied.

The parties' Joint Stipulation, ECF No. 99, sets forth the primary authority on which Plaintiff relies in opposition to Defendants' motion to compel. Plaintiff notes additionally the following:

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs work-product. As Plaintiff explained throughout the parties' Joint Stipulation, the work-product doctrine

"shelters the mental processes of the attorney," providing a protected area within which she may analyze and prepare her client's case. *United States v. Nobles*, 422 U.S. 225, 238 (1975). *See, e.g.*, ECF No. 99, at 25–26. Of course, the level of protection the law affords depends on the type of work product at issue.

The federal rules contemplate two types of work product: ordinary and opinion. Ordinary work product is comprised of materials gathered or produced by an attorney in anticipation of litigation. *Secs. Exchange Comm'n v. Goldstone*, 301 F.R.D. 593, 651 (D.N.M. 2014) (citing *Sinclair Oil Corp. v. Texaco, Inc.*, 208 F.R.D. 329, 334 (N.D. Okla. 2002). Opinion work product refers to the mental impressions of an attorney. *Id.* Under Rule 26, ordinary work product can be discoverable if the movant establishes substantial need and undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). Opinion work product, however, is afforded greater protection; discovery of that information may be absolutely barred. *Sinclair Wyo. Refining Co. v. A&B Builders, Ltd.*, 2017 WL 10309305, at *4 (D. Wyo. Oct. 24, 2017).

Plaintiff does not contend that any specific document that Defendants request contains work product; instead, Plaintiff contends that, consistent with the Supreme Court's decision in *Nobles*, and the Third Circuit's later decision in *Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985), the *compilation of documents* that Defendants seek is opinion work product. Under *Sporck*, "the selection and compilation of documents by counsel . . . in preparation for pretrial discovery falls within the highly-protected category of opinion work product." 759 F.2d at 316. Because that is so, and because discovery of opinion work product is prohibited under Rule 26, Defendants' motion to compel should be denied. As Plaintiff explained to Defendants previously, if Defendants rephrase the requests—*i.e.*, to seek, with particularity, the same information but in a form that does *not* constitute opinion work product—Plaintiffs will consider such a request.

DATED: October 17, 2023          Respectfully submitted,

Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (*pro hac vice*)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

/s/ *Nadia H. Dahab*
David F. Sugerman (*pro hac vice*)
Nadia H. Dahab (*pro hac vice*)
**SUGERMAN DAHAB**
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I am employed in the county of Multnomah, Oregon. My business address is Sugerman Dahab, 707 SW Washington Street, Suite 600, Portland, Oregon 97205. I am over the age of eighteen years and not a party to the foregoing action. On October 17, 2023, I served the following documents:

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING JOINT STIPULATION**

[X] **by Electronic Service.** I caused the documents to be sent to the persons listed below at the corresponding email addresses. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **by US Mail** on the following party(ies) in said action, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth, below. The mail placed in that designated area is given the correct amount of postage and deposited that same day, in the ordinary course of business, in a United States mailbox in Los Angeles, California.

[ ] **by overnight delivery** on the following party(ies) in said action, in accordance with Code Civil Procedure §1013(c), by placing a true copy thereof enclosed in a sealed envelope, with deliver fees paid or provided for, and delivering that envelope to an overnight express service carrier as defined in Code of Civil Procedure §1013 (c).

[ ] **by facsimile transmission**, accordance with Code Civil Procedure § 1013(e).

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this document was executed on October 17, 2023.

/s/ Nadia H. Dahab
Nadia H. Dahab (*pro hac vice*)
**SUGERMAN DAHAB**
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone (503) 228-6474
nadia@sugermandahab.com

CERTIFICATE OF SERVICE – 1

*Attorneys for Plaintiffs*

E-mail Service List:
Brian R Blackman: bblackman@blaxterlaw.com
Wells Blaxter: wblaxter@blaxterlaw.com
David Adams: dadams@blaxterlaw.com
Erin W. Keefe: ekeefe@blaxterlaw.com
Emma Hart: ehart@blaxterlaw.com
Paige M. Tomaselli: ptomaselli@grimelaw.com
Dylan D. Grimes: dgrimes@grimelaw.com
Gretchen M. Elsner: gretchen@elsnerlaw.org
David Sugerman: david@sugermandahab.com
Nadia Dahab: nadia@sugermandahab.com
Katie Welsh: katie@sugermandahab.com
Hector Hurtado-Ruiz: hector@sugermandahab.com