Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

Gretchen Elsner (pro hac vice)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

David F. Sugerman (*pro hac vice*)
Nadia H. Dahab (*pro hac vice*)
**SUGERMAN DAHAB**
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC. doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH-KES<br><br>**EX PARTE APPLICATION TO CONTINUE DISCOVERY HEARING (UNOPPOSED)**<br><br>Department: 9D, 9th Floor<br>Judge: Hon. Karen E. Scott<br><br>Complaint Filed: August 23, 2022<br>Trial Date: Not Set<br><br>Jury Trial Demanded |

UNOPPOSED EX PARTE APPLICATION TO CONTINUE DISCOVERY HEARING

# EX PARTE APPLICATION
# TO CONTINUE DISCOVERY HEARING
# (UNOPPOSED)

Plaintiffs Sara Safari, Peymon Khagani, and Farm Forward move this Court to continue the discovery hearing set for Tuesday, October 31, 2023.

Good cause exists for continuing the hearing:

1. One discovery dispute is set for hearing on October 31. However, the parties and have been meeting and conferring in September and October regarding other discovery disputes. Another joint stipulation (the parties' third joint stipulation) will be filed on or about November 3, 2023 with a hearing requested for December 5, 2023. At the most recent meet and confer on October 25, 2023, defense counsel stated that they intend to move to compel on an additional discovery dispute (which would be a fourth joint stipulation). That issue may also be ready for review on December 5, 2023. Plaintiffs recently requested a meet and confer on what could become a fifth joint stipulation. Plaintiffs respectfully submits that it will be more time efficient for the Court and parties if all pending discovery disputes are heard in one hearing. Plaintiffs' Second Amended Complaint is due on October 31, 2023 and Defendants' response is due no later than 21 days after Plaintiffs file an amended complaint. *See* ECF No. 84.

2. At the parties' meet and confer on October 25, 2023, the parties were in agreement that Plaintiffs' amendment will affect the scope of discovery. Plaintiffs submit that this Court will be in a better position to resolve discovery disputes (or perhaps the parties will be able to resolve some disputes on their own) after Plaintiffs file their Second Amended Complaint.

3. All counsel in this action for both Plaintiffs and Defendants travel from other regions in California or other states. To preserve the Court's time and the parties' resources, Plaintiffs respectfully request that all pending discovery disputes be set for one hearing, on December 5, 2023.

4. No party will be prejudiced by consolidating the pending issues into one hearing. The issue currently set for October 31, 2023 primarily regards Defendants' request for Plaintiff Khaghani's credit card statements. Plaintiffs' counsel are in the process of collecting and reviewing Plaintiff Khaghani's credit card statements for the last four years and have advised Defendants that their motion to compel set for October 31 is premature (ECF No. 99-1 at 10), as Plaintiff Khaghani is in the middle of his investigation and document review. Plaintiffs' counsel has informed Defendants on numerous occasions that he will produce responsive, non-privileged documents within his possession, custody and control.

Consistent with this Court's procedures, a proposed order will be emailed to chambers via the ECF system.

This motion is made following Plaintiffs' attempted telephonic conference between counsel and Defendants' subsequent email response, pursuant to Local Rule 7-3, on October 26, 2023. Defense Counsel David Adams stated via email that Defendants would not stipulate to continuing the hearing. Plaintiffs then shared a draft of this motion. On Friday morning, October 27, Defendants confirmed via email that they do oppose this motion. Defendants have previously refused to stipulate but then not opposed an ex parte application regarding scheduling. See ECF No 83 and Decl. of Gretchen Elsner, attached here.

DATED: October 27, 2023                Respectfully submitted,

/s/ *Paige M. Tomaselli*
Paige M. Tomaselli (SBN 237737)
Dylan D. Grimes (SBN 302981)
**GRIME LAW LLP**
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: (310) 747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

*/s/ Gretchen Elsner*
Gretchen Elsner (pro hac vice)
**ELSNER LAW & POLICY, LLC**
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: (505) 303-0980
gretchen@elsnerlaw.org

David F. Sugerman (*pro hac vice*)
Nadia H. Dahab (*pro hac vice*)
**SUGERMAN DAHAB**
707 SW Washington Street, Suite 600
Portland, OR 97205
Telephone (503) 228-6474
david@sugermandahab.com
nadia@sugermandahab.com

*Attorneys for Plaintiffs*

# DECLARATION OF GRETCHEN ELSNER

1. I am an attorney licensed to practice law in the State of New Mexico and admitted *pro hac vice* in this Court. I am the principal at Elsner Law & Policy, LLC, attorneys of record for Plaintiff Peymon Khaghani. I make this declaration based on my personal knowledge and/or my review of my firm's files generated and maintained in the course of this case and could competently testify to these matters.

2. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently to the truth of the facts set forth in this declaration.

3. I am making this declaration in support of Plaintiffs' ex parte application for continuing the discovery hearing set for Tuesday, October 31, 2023.

4. One discovery dispute is set for hearing on October 31. However, the parties and have been meeting and conferring in September and October regarding other discovery disputes. Another joint stipulation will be filed on or about November 3, 2023 with a hearing requested for December 5, 2023. At the most recent meet and confer on October 25, 2023, defense counsel stated that they intend to move to compel on an additional discovery dispute.

5. Plaintiffs' Amended Complaint is due on October 31, 2023 and Defendants' response is due 21 days after Plaintiffs file an amended complaint. *See* ECF No. 84. At the parties' meet and confer on October 25, 2023, the parties were in agreement that Plaintiffs' amendment will affect the scope of discovery.

6. All counsel in this action for both Plaintiffs and Defendants travel from other regions in California or other states.

7. The issue currently set for October 31, 2023 primarily regards Defendants' request for Plaintiff Khaghani's credit card statements. Plaintiffs' counsel are in the process of collecting and reviewing Plaintiff Khaghani's credit card statements for the last four years and have advised Defendants that the their motion to compel set for October 31

is premature (ECF No. 99-1 at 10), as Plaintiff Khaghani is in the middle of his investigation and document review. Plaintiffs' counsel has informed Defendants on numerous occasions that he will produce responsive, non-privileged documents within his possession, custody and control.

8. Consistent with L.R. 7-19.1, on October 26, 2023, I emailed all defense counsel requesting their position on continuing the October 31 discovery hearing and notifying them that we would seek an ex parte application to continue the hearing. I left individual voicemail messages for defense attorneys David Adams, Brian Blackman, Wells Blaxter, and Erin Keefe. I also left a message for paralegal Emma Hart. Mr. Adams responded via email that Defendants will not stipulate to continuing the hearing.

9. Defense Counsel David Adams stated via email that Defendants would not stipulate to continuing the hearing. I then shared a draft of this motion and sought Defendants' position. On Friday morning, October 27, Defendants confirmed via email that they do oppose this motion. Defendants have previously refused to stipulate but then not opposed an ex parte application regarding scheduling. See ECF No 83.

10. Plaintiffs know of no counsel who opposes this ex parte application.

11. Due to the upcoming hearing, this application cannot be heard under regular motion procedures.

12. Plaintiffs are without fault for the crisis that has created the need for ex parte relief and in fact, Plaintiffs' counsel were able to ensure that Defendants' counsel were aware of the scheduling relief sought.

/s/ *Gretchen Elsner*
GRETCHEN ELSNER

UNOPPOSED EX PARTE APPLICATION TO CONTINUE DISCOVERY HEARING
- 6 -