BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
ERIN W. KEEFE (SBN 240639)
ekeefe@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE
FOODS MARKET SERVICES, INC.;
WHOLE FOODS MARKET CALIFORNIA,
INC.; and MRS. GOOCH'S NATURAL FOOD
MARKETS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH (KESx)<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL (L.R. 37-2)**<br><br>Date:     December 5, 2023<br>Time:    10:00 AM<br>Place:    411 West Fourth Street<br>            Courtroom 6D, 9th Floor<br>            Santa Ana, California 92701<br><br>The Honorable Karen E. Scott<br><br>Complaint Filed:        August 23, 2022<br>Discovery Cutoff:      Not Set<br>Pretrial-Conference:  Not Set<br>Trial Date:                 Not Set |

## I. INTRODUCTION

Plaintiff Peymon Khaghani ("Khaghani") alleges that he purchased beef from Defendants Whole Foods Market Services, Inc. ("WFM Services"), Whole Foods Market California, Inc. ("WFMCA"), and Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's"; collectively "Defendants") that was falsely advertised as antibiotic-free. Khaghani now refuses to produce his credit card statements that substantiate his beef purchases during the statutory period and refuses to produce documents that support his contentions that Defendants' antibiotic-free statements are false. Defendants are entitled to production of both categories of documents.

Khaghani's portion of the parties' joint statement misrepresents the scope of Defendants' requests for production of credit card statements and his response to these requests. Defendants requested only Khaghani's credit card statements that reflect beef purchases. Other credit card statements are not responsive. Further, Khaghani *never agreed* to produce these statements. Instead, his discovery responses and meet and confer correspondence equivocate and state he *may* produce them if he determines that the burden of production is not too high. Even now, weeks after the joint statement was filed, and a month and a half after Khaghani served his responses, no production has been made. Khaghani's equivocal response was not proper, and his subsequent delay illustrates his ultimate intention – to string Defendants along and prevent them from obtaining relevant discovery in this case.

Further, Khaghani's arguments against production of credit card statements reflecting purchases of beef from sources other than Whole Foods Markets fail. Khaghani's history of beef consumption is highly relevant to this case and bears on whether he considered Defendants' antibiotic statements material in his beef purchases. Importantly, Khaghani waived his right to privacy regarding other purchases in these statements by withdrawing his privacy objections and may not

now seek to redact these purchases.  Even if he had not waived this objection, the parties' stipulated protective order adequately protects his privacy interest.

Second, Khaghani must respond in full to Defendants' request to produce documents supporting his contentions that Defendants falsely claim their beef to be antibiotic-free.  These documents i.e., - the testing results and documentation for Khaghani's testing of Defendants' beef – are foundational to this case and must be produced.  Khaghani, moreover, may not hide behind his spurious attorney work product objection to avoid production.  Defendants provided directly applicable statutory and case authority showing contention discovery is proper.  Khaghani instead relies on general statements regarding work product privilege.  Khaghani's distinguishable case law must give way to Defendants' on-point authority.

Further, Khaghani's argument that Defendants seek discovery from Khaghani while withholding responsive discovery is false.  Defendants have responded to written discovery and produced extensive documents regarding their beef suppliers.  Khaghani, by contrast, has not followed through on his representations in his portion of the joint statement.  Importantly, despite months of discovery, Khaghani has still not provided any verified discovery responses stating which of the tested beef products contained antibiotics.

## II.    LEGAL ARGUMENT

### A. Credit Card Statements.

Khaghani misrepresents Defendants' requests for production of credit card statements and his response to the requests.

First, Defendants requests do not seek *all of* Khaghani's credit card statements; rather, they seek those statements reflecting beef purchases from Whole Foods Markets and other retailers and restaurants.  If a statement does not reflect these purchases, then it is not responsive and need not be produced.  Indeed, the majority of Khaghani's credit card statements will likely be nonresponsive, if, as

Khaghani claims in his response to the requests, he primarily made purchases in cash. ECF No. 99-10, pp. 4-6.

Second, Khaghani *never agreed to produce responsive statements*. Instead, Khaghani agreed to conduct a search for these statements and consider producing them if the burden of redacting them was, in his eyes, justified. *See* ECF No. 99-10, pp.4-6; ECF No. 99-13[Parties' Meet and Confer Chain], p. 7 ("We stated on our call that Plaintiffs intend to produce responsive transactions, notwithstanding the minimal relevance of non-itemized statements and the fact that Khaghani has already stated that he made the purchases at issue with cash. We also stated that we have not yet completed our collection and therefore do not have a complete understanding of the burden, if any, with that collection and production. We would like to, and are entitled to, understand that first.")

Khaghani's response is improper because he must state in his response one way or another whether he will comply with a request for documents. He may not kick the can down the road and provide half promises to produce. Fed. R. Civ. Proc. 34(b)(2)(B)("A party responding to RFPs "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). Indeed, Khaghani *still* has not even indicated whether a production will be made over a month after undertaking his purported investigation into the burden of production. Defendants are entitled to a full response.

Khaghani argues that shopping at other stores is irrelevant and not discoverable because he *could* disregard antibiotic-free statements at other stores, while still relying on them at Whole Foods Markets. Not so. While Khaghani can argue this at trial, Defendants are still entitled to obtain in discovery potential evidence supporting an argument to the contrary.

Khaghani claims that the burden is on Defendants to obtain this discovery from third parties. Not so. Khaghani is a party and must respond to discovery. Further, Khaghani's assumption that information regarding his purchases is available from Amazon is rank speculation. Khaghani has no knowledge regarding what information Defendants, and/or Amazon, maintains on customer purchases. Khaghani cannot rely on this speculation to avoid his own discovery obligations.

Khaghani argues that he did not waive his privacy objections, but instead "withdrew" these objections while still communicating his intent to redact non-responsive purchases in his credit card statements. However, the page Khaghani cites in the parties' meet and confer correspondence does not contain any discussion of this topic. *See* ECF No. 99-13, p.4.

Moreover, Khaghani fails to address Defendants' citation to *Amy Evans v. DSW Inc.*, No. CV 16-3791-JGB (SPX), 2017 WL 9480800, at *5 (C.D. Cal. Aug. 24, 2017), where a court ordered production of credit card statements in a false adverting case because the plaintiff's privacy was protected by the parties' stipulated protective order.

In contrast to the directly on point *Amy Evans,* Khaghani's case law is distinguishable because it involves different privacy interests and different levels of relevance. *See Pertile v. General Motors*, LLC, 15-cv-00518, 2016 WL 1059450, at *2–*5 (D. Colo. Mar. 17, 2016) (disclosure of an auto manufacturer's trade secret design information in a personal injury case); *Hensen v. Turn, Inc.*, 15-cv-0497, 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) (plaintiffs not required to produce entire web search history in case alleged defendant breached data privacy laws by tracking plaintiffs web browser information). By contrast, courts have *already weighed the exact* burden and relevance of credit card statements in a false advertising case and ruled them discoverable *Amy Evans v. DSW Inc.*, No. CV 16-3791-JGB (SPX), 2017 WL 9480800, at *5 (C.D. Cal. Aug. 24, 2017).

## B. Contention Requests for Production.

Khaghani's portion of the joint statement rehashes the same arguments made in the parties' meet and confer. As explained in Defendants' moving papers, these arguments fail. Contention discovery is expressly allowed in the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Courts have regularly held that contention discovery is proper. *See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 652 (C.D. Cal. 1997); *Kolker v. VNUS Med. Techs., Inc*., No. C 10-0900 SBA PSG, 2011 WL 5057094, at *6 (N.D. Cal. Oct. 24, 2011); *U.S. ex rel. O'Connell v. Chapman Univ*., 245 F.R.D. 646, 649 (C.D. Cal. 2007) (allowing contention rogs). By contrast, none of Khaghani's authority submitted in the joint statement addresses contention discovery. Instead, Khaghani simply rehashes the basic tenents of the work product doctrine. This doctrine, however, does not apply here to prevent production.

While Khaghani states that he will respond if Defendants rephrase these requests so that they do not expressly seek documents supporting Khaghani's contentions, this proposal is a nonstarter. Defendants specifically crafted their requests to determine what documents Khaghani uses to support his claims. A rephrased request for documents "relating to" these allegations will invariably be met with a round of vague and ambiguous objections from Khaghani. What Defendants seek, and what they are entitled to, are the documents Khaghani is going to show up with at trial to support these claims. Khaghani must produce them.

1
2  Dated:  October 30, 2023                    BLAXTER | BLACKMAN LLP
3
4                                         By   */s/ David P. Adams*
5                                              BRIAN R. BLACKMAN
6                                              J.T. WELLS BLAXTER
                                               DAVID P. ADAMS
7                                              Attorneys for Defendants WHOLE
8                                              FOODS MARKET SERVICES, INC.,
                                               WHOLE FOODS MARKET
9                                              CALIFORNIA, INC. AND MRS.
10                                             GOOCH'S NATURAL FOOD
                                               MARKETS, INC.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28