BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE FOODS
MARKET SERVICES, INC., WHOLE
FOODS MARKET CALIFORNIA, INC.,
and MRS. GOOCH'S NATURAL FOOD
MARKETS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI on behalf of themselves and all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET CALIFORNIA, INC.; and MRS. GOOCH'S NATURAL FOOD MARKETS, INC. <br><br>     Defendants. | Case No. 8:22-cv-01562-JWH-KES <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> The Honorable John W. Holcomb |

Defendants Whole Foods Market Services, Inc. ("WFM Services"), Whole Foods Market California, Inc. ("WFM California"), and Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's" and collectively "Defendants") by and through its attorneys of record, answer plaintiffs Sara Safari and Peymon Khaghani's (collectively "Plaintiffs") Second Amended Class Action Complaint ("SAC") as follows:

**RESPONSE TO HEADINGS**

The SAC contains headings, some of which characterize certain actions or events.  Because they are not set forth in numbered paragraphs, the headings are not properly pleaded facts requiring a response.  To the extent any headings contain factual allegations requiring a response, Defendants deny the allegations set forth in those headings.

**RESPONSE TO INDIVIDUAL PARAGRAPHS**

The unnumbered introductory paragraph, found at page 2, line 1 to line 4, constitutes Plaintiffs' description of the action to which no response is required.  To the extent Defendants are required to respond to this paragraph, they only admit that Plaintiffs filed the SAC against Defendants.

1.      Defendants admit the statement "No Antibiotics, Ever" is used in advertising meat products sold at Whole Foods Market.  Defendants admit that the statement "if it doesn't meet our standards, we won't sell it" is used on the Whole Foods Market website as part of statements discussing Whole Foods Market's core values and quality standards.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis deny those allegations.

2.      Defendants admit that the statement "No Antibiotics, Ever" is used in advertising meat products sold at Whole Foods Market.  Defendants deny the remaining allegations in Paragraph 2.

3.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis deny those allegations.

4.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies those allegations.

5.     Defendants admit that the statement "No Antibiotics, Ever" is used in some of the in-store advertising and on the Whole Foods Market website in connection with meat products sold at Whole Foods Market.  Defendants admit that the following statements, among others, appear on the Meat Department Quality Standards page of the Whole Foods Market website:  (i) "Transparency and traceability to farm and ranch," (ii) "[n]o antibiotics, ever," (iii) "100+ animal welfare standards for fresh beef, pork, lamb, chicken and turkey," (iv)  "[i]f an animal needs antibiotic treatment, it is separated from those bought by our Meat Department," and (v) "[a] traceable audit system is required that tracks animals from birth to slaughter."  Defendants further admit that the following statement appears under the heading "Our Baseline Standards" on the Meat Department Quality Standards page of the Whole Foods Market website: "No antibiotics, ever.  If an animal needs antibiotic treatment, it is separated from those bought by our Meat department."  Defendants admit that a post entitled "Our Meat: No Antibiotics, Ever" is accessible through the archive on the Whole Foods Market website and the post includes the statement "[w]e have worked with our suppliers to make sure that the people who produce our meat have raised their animals without the use of antibiotics, growth hormones* or animal byproducts in the feed.  This includes not only the fresh and frozen meat in our meat departments but also all meat used in our prepared foods cases and all meat used in our own store brand products containing meat."

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and on that basis deny those allegations.

7.     Paragraph 7 contains conclusions of law that Defendants need not answer.  Should the Court require Defendants to answer, Defendants deny the allegations of Paragraph 7 for lack of information sufficient to form a belief.

8.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis deny those allegations.

9.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis deny those allegations.

10.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis deny those allegations.

11.    Defendants admit that defendant Mrs. Gooch's owns and operates the Whole Foods Market stores located in Tustin and Woodland Hills, California. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and on that basis deny those allegations.

12.    Defendants admit that they advertise meat products available for purchase at Whole Foods Market stores through in-store advertising and on the Whole Foods Market website, located at wholefoodsmarket.com.  Defendants further admit that this advertising includes the use of the slogans "No Antibiotics, Ever" and "No added growth hormones."  Defendants admit that some of the products sold at Whole Foods Market stores, including certain meat products, are also advertised by and available for purchase from Amazon through its online marketplace, located at amazon.com.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and on that basis deny those allegations.

13.     Defendants admit that the meat departments inside Whole Foods Market stores typically include a butcher counter and open refrigerators from which customers can select meat products, including where and when available ground beef and a variety of roast and steak products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and on that basis deny those allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and on that basis deny those allegations.

15.     Paragraph 15 contains conclusions of law that Defendants need not answer.  Should the Court require Defendants to answer, Defendants deny the allegations of Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and on that basis deny those allegations.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and on that basis deny those allegations.

19.     Defendants admit that defendant Mrs. Gooch's owns and operates the Whole Foods Market store located in Tustin, California.  Defendants further admit that defendant WFM California owns and operates the Whole Foods Market stores located in San Francisco and Cupertino, California.  Defendants admit that they advertise meat products available for purchase at Whole Foods Market stores through in-store advertising that includes the slogan "no antibiotics ever."

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis deny those allegations.

20.     Defendants admit that the meat departments inside Whole Foods Market stores typically include a butcher counter and open refrigerators from which customers can select meat products, including where and when available ground beef, a variety of roast and steak products and pre-packaged meat products. Defendants further admit that the Whole Foods Market stores typically include a prepared foods departments where customers can select prepared food products, including when and where available a variety of meat products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis deny those allegations.

21.     Defendants admits that they advertise meat products available for purchase at Whole Foods Market stores through in-store advertising and on the Whole Foods Market website, located at wholefoodsmarket.com.  Defendants further admit that this advertising includes the use of the slogans "no antibiotics ever" and "no added growth hormones."  Defendants admit that some of the products sold at Whole Foods Market stores, including certain meat products, are also advertised by and available for purchase from Amazon through its online marketplace, located at amazon.com.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis deny those allegations.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis deny those allegations.

23.     Paragraph 23 contains conclusions of law that Defendants need not answer.  Should the Court require Defendants to answer, Defendants deny the allegations of Paragraph 23.

24.     Defendants admit the defendant WFM Services is a Delaware corporation with its principal offices in Austin, Texas.  Defendants admit that WFM Services is responsible for the content and design of the Whole Foods Market website, located at wholefoodsmarket.com.  Defendants admit that the Whole Foods Market website includes, among other things, a store locator, local store pages, which may show, among other things, promotions or sales specific to that Whole Foods Market store, product information and product pages.  Defendants further admit that consumers, including those in California, can order certain prepared food items and holiday meals through the Whole Foods Market website for pickup at their Whole Foods Market store.  Defendants also admit that the current Whole Foods Market website includes a link entitled "Grocery Pickup & Delivery" that redirects the customer to the online marketplace owned and operated by Amazon at amazon.com.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis deny those allegations.

25.     Defendants admit the allegations of Paragraph 25.

26.     Defendants admit that defendant WFM California owns and operates the Whole Foods Market stores located in the Northern California Region and that those stores sell a variety of meat products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis deny those allegations.

27.     Defendants admit the allegations of Paragraph 27.

28.     Defendants admit that defendant Mrs. Gooch's owns and operates the Whole Foods Market stores located in the Southern Pacific Region, which includes the retail stores located in Orange County, and that those stores sell a variety of meat products.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and on that basis deny those allegations.

29.     Paragraph 29 contains conclusions of law that Defendants need not answer.  Should the Court require Defendants to answer, Defendants deny the allegations of Paragraph 29 for lack of information sufficient to form a belief.

30.     Defendants admit that the Court has personal jurisdiction over them for purposes of this action and that venue is proper in this District.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and on that basis deny those allegations.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis deny those allegations.

32.     Defendants admits that the slogan "no antibiotics ever" means to them that the animal used in the meat product was not given antibiotic treatment and if an animal needs antibiotic treatment, then that animal is separated from those bought by Whole Foods Market's meat department.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 and on that basis deny those allegations.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny those allegations.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny those allegations.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and on that basis deny those allegations.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and on that basis deny those allegations.

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis deny those allegations.

38.    Defendants admit that the statement "no antibiotics ever" has been used to advertise meat products sold at Whole Foods Market for more than twelve years. Defendants deny the remaining allegations in Paragraph 38.

39.    Defendants admit that the statements "no antibiotics ever" and "no added growth hormones" are used to advertise the meat products sold at Whole Foods Market stores.  Defendants further admit that a post entitled "Our Meat: No Antibiotics, Ever" is accessible through the archive on Whole Foods Market website and the post includes the statement quoted in Paragraph 39 at lines 5-10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and on that basis deny those allegations.

40.    Defendants admit that the Whole Foods Market website discusses Whole Foods Market's quality standards, including its standards relating to meat products.  Defendants further admit that the Core Values webpage on Whole Foods Market's website includes the language quoted in Paragraph 40 at lines 13-20 without the emphasis added by Plaintiffs.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and on that basis deny those allegations.

41.    Defendants admit that Whole Foods Market has set quality standards with which its meat suppliers must comply and that the Meat Department Quality Standards webpage on the Whole Foods Market website lists the baseline standards with which meat suppliers must comply.  Defendants further admit that the Meat Department Quality Standards webpage on Whole Foods Market's website includes the language quoted in Paragraph 41 at lines 6-23 without the emphasis added by Plaintiffs.  Defendants lack knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph 41 and on that basis deny those allegations.

42.     Defendants admit that some of the in-store signage used in the meat departments in Whole Foods Market stores describe some of the attributes of Whole Foods Market's quality standards for meat products.  With respect to the photograph inserted in paragraph 42, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendants state that the photo speaks for itself and respectfully refer the Court to the photo for a true and accurate statement of its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and on that basis deny those allegations.

43.     Defendants admit that defendants WFM California and Mrs. Gooch's have sold and continue to sell a variety of meat products at their Whole Foods Market stores in California.  Defendants further admit that consumers, including those in California, can order certain prepared food items and holiday meals through the Whole Foods Market website for pickup at their Whole Foods Market store. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and on that basis deny those allegations.

44.     Defendants admit that Whole Foods Market advertises various products, including meat products, available at Whole Foods Market stores around the country.  Defendants further admit that Whole Foods Market advertises through several different marketing mediums, including in-store signage, television and print advertising, email and web-based marketing, and social media.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and on that basis deny those allegations.

45.     Defendants admit that the statement "no antibiotics ever" has been used to advertise meat products sold at Whole Foods Market for more than twelve years

and is listed as a baseline standard for meat products on the Whole Foods Market website.  Defendants further admit that the meat products available at Whole Foods Market stores have been GAP certified since roughly 2011.  Defendants further admit that Whole Foods Market has prohibits some form of antibiotic use in connection with its meat products since roughly 1981.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and on that basis deny those allegations.

46.     Defendants admit that the statement "no antibiotics ever" is used in some of the in-store advertising and on the Whole Foods Market website in connection with meat products sold at Whole Foods Market.  With respect to the photographs inserted in paragraph 46, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendants state that the photo speaks for itself and respectfully refer the Court to the photo for a true and accurate statement of its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and on that basis deny those allegations.

47.     Defendants admit that some of the products sold at Whole Foods Market stores, including certain meat products, are also advertised by and available for purchase from Amazon through its online marketplace, located at amazon.com.  Defendants deny that they own or operate Amazon's online marketplace.  With respect to the images inserted in paragraph 47, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendants state that the photo speaks for itself and respectfully refer the Court to the photo for a true and accurate statement of its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and on that basis deny those allegations.

48.     Defendants admit that the statement "no antibiotics ever" has been used to advertise meat products sold at Whole Foods Market and is listed as a baseline standard for meat products on the Whole Foods Market website.  Defendants further admit that Whole Foods Market's quality standards for meat products require meat suppliers separate animals treated with antibiotics and prohibit the sale of meat products from those animals to Whole Foods Market's meat department.  Defendant denies the remaining allegations of Paragraph 48 for lack of information sufficient to form a belief.

49.     Defendants admit that posts entitled "Our Meat: No Antibiotics, Ever" and "What Makes Our Meat Different" are accessible through the archive on Whole Foods Market website.  Defendants further admit that the post "Whole Foods Market: No Antibiotics in Meat Department" is accessible through the news section of the Whole Foods Market website.  Defendants also admit that all three of these posts reference the standard of "no antibiotics ever" and "no added hormones" in connection with Whole Foods Market's meat products.  With respect to the image inserted in paragraph 49, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendants state that the photo speaks for itself and respectfully refer the Court to the photo for a true and accurate statement of its content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and on that basis deny those allegations.

50.     Defendants admit that some of Whole Foods Market's television ads and online videos may have referenced "no antibiotics ever" and/or "no added hormones" in connection with Whole Foods Market's meat products.  With respect to the photograph inserted in paragraph 50, images are not properly pleaded allegations requiring a response.  To the extent any image is deemed an allegation requiring a response, Defendants state that the photo speaks for itself and respectfully refer the Court to the photo for a true and accurate statement of its

content.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and on that basis deny those allegations.

51.    Defendants admit that Whole Foods Market's quality standards for meat products require meat suppliers separate animals treated with antibiotics and prohibit the sale of meat products from those animals to Whole Foods Market's meat department.  Defendant denies the remaining allegations of Paragraph 51.

52.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis deny those allegations.

53.    Defendants admit that the statement "animal welfare certified" is used in some of Whole Foods Market's advertising, including in-store signage and on the Whole Foods Market website, in connection with meat products sold at Whole Foods Market.  Defendants admit that "GAP" is an acronym for Global Animal Partnership.  Defendants further admit that the meat products available at Whole Foods Market stores have been certified under GAP's animal welfare certification program since roughly 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and on that basis deny those allegations.

54.    Defendants deny the allegations of Paragraph 54.

55.    Defendants admit that the statement "animal welfare certified" is used in some of Whole Foods Market's advertising, including in-store signage and on the Whole Foods Market website, in connection with meat products sold at Whole Foods Market.  Defendants further admit that the meat products available at Whole Foods Market stores have been certified under GAP's animal welfare certification program since roughly 2011.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and on that basis deny those allegations.

56.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis deny those allegations.

57.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 and on that basis deny those allegations.

58.   Defendants deny the allegations of Paragraph 58.

59.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis deny those allegations.

60.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis deny those allegations.

61.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis deny those allegations.

62.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis deny those allegations.

63.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis deny those allegations.

64.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis deny those allegations.

65.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis deny those allegations.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis deny those allegations.

67.     Defendants deny the allegations of Paragraph 67.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and on that basis deny those allegations.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis deny those allegations.

70.     Defendants deny the allegations of Paragraph 70.

71.     Paragraph 71 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 71.

72.     Paragraph 72 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 72.

73.     Paragraph 73 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of Paragraph 73.

74.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and on that basis deny those allegations.

75.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and on that basis deny those allegations.

76.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and on that basis deny those allegations.

77.     Paragraph 77 constitutes Plaintiffs' description of the action, to which no response is required.

78.     Paragraph 78 constitutes Plaintiffs' description of the action, to which no response is required.

79.     Defendants admit that the Whole Foods Market stores in California sell hundreds, if not thousands, of meat products every day.  Defendants deny that they collect or retain purchaser contact information.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 and on that basis deny those allegations.

80.     Paragraph 80 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and on that basis deny those allegations.

81.     Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and on that basis deny those allegations.

82.     Paragraph 82 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 and on that basis deny those allegations.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and on that basis deny those allegations.

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and on that basis deny those allegations.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87.

### FIRST CLAIM

**Violation of the Consumer Legal Remedies Act ("CLRA"),**

**Cal. Civ. Code § 1750, et seq.**

88.     Defendants incorporate by this reference their response to the preceding paragraphs in response to each and every Claim set forth in the SAC.

89.     Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and on that basis deny those allegations.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and on that basis deny those allegations.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants deny the allegations in Paragraph 93.

1    94.    Defendants deny the allegations in Paragraph 94.

2    95.    Defendants deny the allegations in Paragraph 95.

3    96.    Defendants deny the allegations in Paragraph 96.

4    97.    Defendants deny the allegations in Paragraph 97.

5    98.    Defendants lack knowledge or information sufficient to form a belief as

6   to the truth of the allegations in Paragraph 98 and on that basis deny those

7   allegations.

8    99.    Defendants lack knowledge or information sufficient to form a belief as

9   to the truth of the allegations in Paragraph 99 and on that basis deny those

10   allegations.

11    100.    Defendants deny that Plaintiffs are entitled to the injunctive relief

12   described in Paragraph 100.

13    101.    Defendants lack knowledge or information sufficient to form a belief as

14   to the truth of the allegations in Paragraph 101 and on that basis deny those

15   allegations.

16    102.    Defendants lack knowledge or information sufficient to form a belief as

17   to the truth of the allegations in Paragraph 102 and on that basis deny those

18   allegations.

19    103.    Defendants deny that Plaintiffs are entitled to the damages, restitution,

20   injunctive relief, and any other relief described in Paragraph 103.

21    104.    Paragraph 104 constitutes Plaintiffs' description of the action, to which

22   no response is required.

23   ### SECOND CLAIM

24   **Violation of the Unfair Competition Law ("UCL"),**

25   **Cal. Bus. & Prof. Code § 17200, *et seq*.**

26    105.    Defendants incorporate by this reference their response to the preceding

27   paragraphs in response to each and every Claim set forth in the SAC.

28    106.    Defendants deny the allegations in Paragraph 106.

1    107.   Defendants deny the allegations in Paragraph 107.

2    108.   Defendants deny the allegations in Paragraph 108.

3    109.   Defendants deny the allegations in Paragraph 109.

4    110.   Defendants deny the allegations in Paragraph 110.

5    111.   Defendants deny the allegations in Paragraph 111.

6    112.   Defendants deny the allegations in Paragraph 112.

7    113.   Defendants deny the allegations in Paragraph 113.

8    114.   Defendants deny the allegations in Paragraph 114.

9    115.   Defendants deny the allegations in Paragraph 115.

10   116.   Defendants deny the allegations in Paragraph 116.

11   117.   Defendants lack knowledge or information sufficient to form a belief as

12   to the truth of the allegations in Paragraph 117 and on that basis deny those

13   allegations.

14                          **THIRD CLAIM**

15              **Violation of the False Advertising Law ("UCL"),**

16               **Cal. Bus. & Prof. Code § 17500, *et seq*.**

17   118.   Defendants incorporate by this reference their response to the preceding

18   paragraphs in response to each and every Claim set forth in the SAC.

19   119.   Defendants deny the allegations in Paragraph 119.

20   120.   Defendants deny the allegations in Paragraph 120.

21   121.   Defendants deny the allegations in Paragraph 121.

22   122.   Defendants deny the allegations in Paragraph 122.

23   123.   Defendants deny the allegations in Paragraph 123.

24                          **FOURTH CLAIM**

25     **Violation of Cal. Comm. Code § 2313 (breach of express warranty)**

26   124.   Defendants incorporate by this reference their response to the preceding

27   paragraphs in response to each and every Claim set forth in the SAC.

28   125.   Defendants deny the allegations in Paragraph 125.

1       126.    Defendants deny the allegations in Paragraph 126.

2       127.    Defendants deny the allegations in Paragraph 127.

3       128.    Defendants deny the allegations in Paragraph 128.

4       129.    Defendants deny the allegations in Paragraph 129.

5       130.    Defendants deny the allegations in Paragraph 130.

6       131.    Defendants deny the allegations in Paragraph 131.

7
## FIFTH CLAIM

8
### Unjust Enrichment

9       132.    Defendants incorporate by this reference their response to the preceding

10 paragraphs in response to each and every Claim set forth in the SAC.

11       133.    Defendants deny the allegations in Paragraph 133.

12       134.    Defendants deny the allegations in Paragraph 134.

13       135.    Defendants deny the allegations in Paragraph 135.

14
## SIXTH CLAIM

15
### Fraudulent Concealment

16       136.    Defendants incorporate by this reference their response to the preceding

17 paragraphs in response to each and every Claim set forth in the SAC.

18       137.    Defendants deny the allegations in Paragraph 137.

19       138.    Defendants deny the allegations in Paragraph 138.

20       139.    Defendants deny the allegations in Paragraph 139.

21       140.    Defendants deny the allegations in Paragraph 140.

22       141.    Defendants deny the allegations in Paragraph 141.

23       142.    Defendants deny the allegations in Paragraph 142.

24       143.    Defendants deny Plaintiffs are entitled to the damages described in

25 Paragraph 143.

26       144.    Defendants deny Plaintiffs are entitled to the injunctive relief described

27 in Paragraph 144.

28       145.    Defendants deny the allegations in Paragraph 145.

## SEVENTH CLAIM

## INTENTIONAL MISREPRESENTATION

146.    Defendants incorporate by this reference their response to the preceding paragraphs in response to each and every Claim set forth in the SAC.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Paragraph 154 constitutes Plaintiffs' demand for a jury trial to which no response is required.

## ANSWER TO RELIEF SOUGHT

Defendants deny the allegations, and deny Plaintiffs are entitled to any relief requested, in the unnumbered paragraphs enumerating Plaintiffs' prayer for relief. Defendants further deny that this action can be maintained as a class action.

## AFFIRMATIVE DEFENSES

Defendants allege below their affirmative defenses.  By setting forth these affirmative defenses, Defendants do not assume the burden to establish any fact or proposition necessary to these defenses where that burden is properly imposed on Plaintiff.  All defenses are asserted as to Plaintiffs and, in the event their action is permitted to proceed on a class basis, as to any other member of the purported class.

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

Plaintiffs' SAC fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiffs' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the free speech provisions of the California Constitution.

## THIRD AFFIRMATIVE DEFENSE

### (Preemption)

The claims alleged in the SAC are barred, in whole or in part, by the doctrine of federal preemption.

## FOURTH AFFIRMATIVE DEFENSE

### (Statutory Requirements)

To the extent Plaintiffs and/or putative class members seek damages and/or to certify a class action based on alleged violations of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.,* Plaintiffs have failed to satisfy the requirements set forth in California Civil Code sections 1781 and 1782.

## FIFTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

The claims of Plaintiffs and/or putative class members are exempted by the safe harbor provisions of California Business and Professions Code section 17200, *et seq.*, and 17500, *et seq.*, and because Defendants have a complete defense under California Civil Code section 1784.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory and Regulatory Compliance)

Plaintiffs' claims are barred, in whole or part, by the doctrine of statutory and regulatory compliance.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

The claims in the SAC are barred by the doctrines of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

The claims in the SAC are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims in the SAC are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims in the SAC are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, California Code of Civil Procedure § 339(1) (two-year statute of limitations applicable to unjust enrichment under California law), California Code of Civil Procedure §§ 338 (three year statute of limitations for fraud or mistake), California Civil Code § 1783 (three-year statute of limitations for CLRA claims), California Business & Professions Code §§ 17208 (four-year statute of limitations for California Unfair Competition Law and False Advertising Law claims) and Cal. Health & Safety Code § 109875, *et seq*.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Harm Caused by Others)

Persons and/or entities other than Defendants caused some or all of the harm or damages alleged by Plaintiffs, to the extent there was any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Other Factors Caused Alleged Harm)

Factors other than allegedly untrue statements of material fact, omissions of material fact, misleading statements or other alleged actions by Defendants caused some or all of the harm or damages alleged by Plaintiffs, to the extent there was any.

## THIRDTEENTH AFFIRMATIVE DEFENSE

### (No Injury, Harm or Damages)

Defendants' purported conduct did not cause Plaintiffs or any putative class member any damages, harm and/or injury.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs and their purported class of persons are barred from claiming injury or damages, if any, because they failed to take reasonable efforts to mitigate such injury or damages, which would have prevented or reduced their injury or damages, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred by Law)

To the extent Plaintiffs or their putative class seek punitive damages for an alleged act or omission of Defendants, any award of punitive damages is barred under the relevant state law and by state and federal constitutional principles, including but not limited to Article I, section 10, Article IV, section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and Article I, sections 7, 9, 15, and 17, and Article IV, section 16, of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The injury or damage allegedly suffered by Plaintiffs and/or their putative class would be adequately compensated in an action at law for damages. Accordingly, Plaintiffs and their putative class have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Due Process and Full Faith & Credit)

To the extent Plaintiffs seek to apply California law to transactions that occurred outside of California, Plaintiffs' claims are barred, in whole or in part, by the Due Process Clause of the 14th Amendment of the U.S Constitution and the Full Faith and Credit Clause.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims and those of the putative class members are barred, in whole or in part, because any representation or statement alleged to have been made by Defendants was made in good faith and with a reasonable belief as to its validity and accuracy, and with reasonable belief that its conduct was lawful.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Class Action Prerequisites)

Plaintiff cannot satisfy the prerequisites for class certification under Fed. R. Civ. P. 23 and, therefore, cannot represent the interests of others.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reasonable and Good Faith Reliance)

The claims alleged in the SAC are barred, in whole or in part, because Defendants have at all times acted reasonably and in good faith in conformity with and reliance on any applicable statutory regulations, orders, rulings, approvals, and interpretations of the applicable statutory regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Justifiable Reliance)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs could not have justifiably relied on the alleged misrepresentations or omissions asserted in the SAC.

Case No. 8:22-cv-01562-JWH-KES

ANSWER TO PLTFS' SAC

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

Plaintiffs and members of their putative class lack standing because they have not suffered any injury-in-fact, including because they received a product consistent with the information accurately set forth on the product label.  The Court, therefore, lacks subject matter jurisdiction over the claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Privity)

The express warranty claims of Plaintiffs and/or putative class members are barred, in whole or in part, due to the absence of privity between Defendants and Plaintiffs or putative class members.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

The claims alleged in the SAC are barred by the voluntary payment rule to the extent that Plaintiffs or any member of their putative class voluntarily purchased the products without mistake of fact or fraud.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert additional legal defenses as they become known.  Defendants further specifically reserves all legal defenses that it may have against the purported class and against each member of the purported class.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Court determine and adjudge:

1.  That this suit cannot be maintained as a class action;

2.  That the SAC be dismissed on the merits;

3.  That Plaintiffs take nothing by the SAC;

4.  That Defendants be awarded its costs, disbursements, attorneys' fees and expenses incurred herein; and

1    5.  That Defendants be awarded such other and further relief as the Court may

2        deem proper.

3  DATED:  November 21, 2023

                              BLAXTER | BLACKMAN LLP

4

5

6                          By:  _____
                                    /s/ Brian R. Blackman
                                BRIAN R. BLACKMAN

7                               J.T. WELLS BLAXTER
                                DAVID P. ADAMS

8                               Attorneys for Defendants
                                WHOLE FOODS MARKET SERVICES, INC.,
                                WHOLE FOODS MARKET CALIFONRIA,

9                               INC. and MRS. GOOCH'S NATURAL FOOD
                                MARKETS, INC.

10

11                       **JURY DEMAND**

12       Defendants Whole Foods Market Services, Inc., Whole Foods Market

13  California, Inc. and Mrs. Gooch's Natural Food Markets, Inc. demand a trial by jury

14  on all issues so triable.

15  DATED:  November 21, 2023

                              BLAXTER | BLACKMAN LLP

16

17

18                         By:  _____
                                    /s/ Brian R. Blackman
                                BRIAN R. BLACKMAN

19                              J.T. WELLS BLAXTER
                                DAVID P. ADAMS

20                              Attorneys for Defendants
                                WHOLE FOODS MARKET SERVICES, INC.,
                                WHOLE FOODS MARKET CALIFONRIA,

21                              INC. and MRS. GOOCH'S NATURAL FOOD
                                MARKETS, INC.

22

23

24

25

26

27

28