BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
ERIN W. KEEFE (SBN 240639)
ekeefe@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE
FOODS MARKET SERVICES, INC.;
WHOLE FOODS MARKET CALIFORNIA,
INC.; and MRS. GOOCH'S NATURAL FOOD
MARKETS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH (KESx)<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO COMPEL (L.R. 37-2)**<br><br>Date: December 5, 2023<br>Time: 10:00 AM<br>Place: 411 West Fourth Street<br>Courtroom 6D, 9th Floor<br>Santa Ana, California 92701<br><br>The Honorable Karen E. Scott<br><br>Complaint Filed: August 23, 2022<br>Discovery Cutoff: Not Set<br>Pretrial-Conference: Not Set<br>Trial Date: Not Set |

Case No. 8:22-CV-01562-JWH-KES
DEFENDANTS' SUPPLEMENTAL
BRIEF ISO MOTION TO COMPEL

## I. INTRODUCTION

This is one of two motions to compel brought by Defendants Whole Foods Market Services, Inc. ("WFM Services"), Whole Foods Market California, Inc. ("WFMCA"), and Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's"; collectively "Defendants"). Plaintiff Peymon Khaghani ("Plaintiff") responds to the present motion with a shell game, stating that he cannot respond to an interrogatory with information known to his attorneys, and this information should instead be requested through requests for production. While making this argument, Plaintiff concurrently opposes Defendants' other pending motion to compel regarding requests for production seeking the same information sought in this present motion – the identity of Defendants' beef products that allegedly tested positive for antibiotics. This testing is the fundamental evidence used to support Plaintiff's operative complaint and must be disclosed.

Importantly, Plaintiff's spurious reading of Federal Rule of Civil Procedure Rule 33, in which only corporations, not individuals, are obligated to respond to interrogatories with information possessed by their attorneys, fails. Courts in the central district have clearly held that individuals, as well as corporations, must respond to interrogatories with information possessed by their attorneys.

## II. LEGAL ARGUMENT

### A. Plaintiff Must Disclose Information Known to His Attorneys.

Plaintiff attempts to argue that he need not respond to interrogatories with information known to his attorneys because Federal Rule of Civil Procedure Rule 33 treats individuals differently than corporate entities. Not so. Plaintiff is correct that the current version of Rule 33 states that corporations must provide "information available to the party" in responding to interrogatories under Rule 33(b)(1)(B), and this language is not specifically mentioned with respect to individuals under Rule

33(b)(1)(A).[1]  However, this distinction does not justify Plaintiff's refusal to respond in light of the clear and overwhelming weight of case law holding that parties must respond to interrogatories with information in the possession of their attorneys.  *O. L. v. City of El Monte,* No. 220CV00797RGKJDEX, 2021 WL 926105, at *20 (C.D. Cal. Jan. 11, 2021), review denied, No. 220CV00797RGKJDE, 2021 WL 1031146 (C.D. Cal. Mar. 15, 2021), appeal dismissed sub nom. *O. L. v. Jara*, No. 21-55246, 2021 WL 2472366 (9th Cir. Apr. 19, 2021) ("The practical reality of interrogatory responses is they represent a joint project involving counsel and the responding party.  [Citation] As such, responses reflect the client and counsel's combined knowledge of the facts in the case, including pleadings, prior discovery responses, communications, documentary evidence, among many other things."); *Oklahoma v. Tyson Foods, Inc.,* 262 F.R.D. 617, 629 (N.D. Okla. 2009) ("Neither can a party refuse to respond to an interrogatory requesting factual information because that information is known only to its attorney."); *Gen-Probe Inc. v. Becton, Dickinson & Co.*, No. 09CV2319 BEN NLS, 2011 WL 9510, at *1 (S.D. Cal. Jan. 3, 2011) ("The documents requested solely involve the identifying and locating information related to all prior art authors or inventors who are potential fact witnesses in this case. The fact that the responses to these factual inquiries are in the possession of BD's outside counsel does not shield them from discovery."); *In re Dayco Corp. Derivative Sec. Litig*., 99 F.R.D. 616, 624 (S.D. Ohio 1983) ("Defendants may discover the facts upon which Plaintiffs, and/or their counsel, base their allegations.")

Indeed, the California district courts, including courts in the central district, have specifically rejected plaintiff's strained reading of Rule 33 and held that

---

[1] Defendants' reference in the joint statement to the former Rule 33(a) was made in relation to a citation to *Concrete Washout Sys., Inc. v. Minegar Env't Sys., Inc*., No. CIVS041005WBSDAD, 2005 WL 8176634, at *1 (E.D. Cal. Jan. 31, 2005) which was decided prior to the 2007 amendments which reordered the numbering of the Rule. The holding of *Concrete Washout Sys., Inc*, however, still applies.

*individuals*, not just corporations, have an obligation to respond to interrogatories with information possessed by their attorney. *Ferguson v. Wilcher*, No. 17 CV 5777 RGK (ASX), 2019 WL 3017670, at *1 (C.D. Cal. Apr. 3, 2019) (holding that individual party had obligation to respond to discovery with information possessed by attorney); *Ochotorena v. Adams*, No. 1:05CV01524LJODLBPC, 2009 WL 1953502, at *2 (E.D. Cal. July 7, 2009) (same).

Similarly, secondary sources opining on this topic refer to individuals', not just corporate entities', duty to provide available information in interrogatory responses. *See* Hon. Karen L. Stevenson & James E. Fitzgerald, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 11(IV)-B, 11:1661 ("Obtaining information "available" to opposing party: Interrogatories require the answering party to disclose all information available to **him, her** or it, not just matters actually known (see ¶ 11:1747). This enables the discovering party to obtain nonprivileged information known to opposing counsel and other agents and employees of the answering party.") (emphasis added); *id.* at § 11:1675.5 ("Information known to party's attorneys: "A party cannot refuse to answer interrogatories on the ground that the [nonprivileged] information sought is solely within the knowledge of his attorney."), quoting *Hickman v. Taylor* (1947) 329 US 495, 504.

Here, Plaintiff's attorneys admit that they know which of Defendant's beef products tested positive for antibiotics as alleged in the operative complaint. Plaintiff does not dispute that this information is relevant and pivotal to the present litigation. Indeed, it is the fundamental information on which Plaintiff's allegations rest. Without knowing which products tested positive for antibiotics, Defendants cannot begin to investigate Plaintiff's allegations, or mount an effective defense.

Plaintiff's attempts to distinguish Defendants' case law cited in the joint statement fail. While *Concrete Washout Sys., Inc. v. Minegar Env't Sys., Inc.*, No. CIVS041005WBSDAD, 2005 WL 8176634, at *1 (E.D. Cal. Jan. 31, 2005) may

have involved a response by a corporate entity, the case's holding clearly applies to individuals because it states a responding party must include information possessed by their "family members." *Concrete Washout Sys., Inc.*, 2005 WL 8176634, at *1. Individuals have family members; corporate entities do not. Neither the court in *Concrete Washout Sys. Inc.*, nor that in *Hickman,* made any mention of limiting the clear rulings in those cases to corporations only.

*Hickman* is particularly instructive. In *Hickman*, the plaintiffs propounded requests for production seeking documents containing witness statements made by the defendant's counsel. The Court noted that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman*, 329 U.S. at 507. The Court then expressly held that factual information obtained by a parties' counsel during investigation and trial preparation may be discovered by interrogatories: "Interrogatories were directed toward all the events prior to, during and subsequent to the sinking of the tug. Full and honest answers to such broad inquiries would necessarily have included all pertinent information gleaned by [defendants' counsel] through his interviews with the witnesses." 329 U.S. at 508–09. The fact that the defendant was a corporation, as opposed to an individual, did not factor into the Supreme Court's analysis one iota.

Plaintiff relies on *U.S. ex rel. O'Connell v. Chapman Univ.,* 245 F.R.D. 646, 650 (C.D. Cal. 2007), *Shepherd v. Am. Broad. Companies, Inc.*, 62 F.3d 1469, 1482 (D.C. Cir. 1995), and *Bleers v. Wal-Mart Stores E., LP*, No. 2:19-CV-806-SPC-NPM, 2021 WL 2106531, at *4 (M.D. Fla. May 25, 2021) for the proposition that "an individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information." *U.S. ex rel. O'Connell*, *Sheperd*, and *Bleers* however, did not address whether individuals are obligated to

include information in the possession of their attorneys in their interrogatory responses.  Instead, *U.S. ex rel. O'Connell*, 245 F.R.D. at 650; *Shepherd*, 62 F.3d at 1482 addressed the extent to which corporations and individuals were allowed to verify interrogatory response based on information and belief.  *U.S. ex rel. O'Connell*, 245 F.R.D. at 650 ("Since O'Connell [an individual] swore to her answers, in part, based on information and belief rather than her personal knowledge, she did not comply with Rule 33."); *Shepherd*, 62 F.3d at 1482 ("Federal Rule of Civil Procedure 33 expressly permits a representative of a corporate party to verify the corporation's answers without personal knowledge of every response by "furnish[ing] such information as is available to the party." [Citation]."). *Bleers* addressed whether an interrogatory response signed by a store manager on behalf of a corporation was admissible on summary judgment when the manager had no knowledge of the facts in the response. *Bleers*, 2021 WL 2106531, at *4 ("A corporate representative answering interrogatories need not personally know the facts. [Citation] Yet—when used to support summary judgment—interrogatories must "satisfy the other requirements in Rule 56 and contain admissible material."). These cases, therefore, do not support Plaintiff's argument, and do not address or distinguish Defendants' case law.

### III. CONCLUSION

Plaintiff cannot hide behind his attorneys and refuse to provide full responses to interrogatories.  The law is simply not on his side.  This is especially so when he refuses to provide the information in response to request for production as well.  This is a false advertising case that rests entirely on allegations that Defendants' beef was tested and contained antibiotics.  Defendants must obtain information about this testing, and what products allegedly tested positive so that they can defend this case.

| | |
|---|---|
| Dated: November 21, 2023 | BLAXTER \| BLACKMAN LLP |

By ____*/s/ David P. Adams*____
    BRIAN R. BLACKMAN
    J.T. WELLS BLAXTER
    DAVID P. ADAMS
    Attorneys for Defendants WHOLE FOODS MARKET SERVICES, INC., WHOLE FOOD SMARKATE CALIFORNIA, INC. AND MRS. GOOCH'S NATURAL FOOD MARKETS, INC.