BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
ERIN W. KEEFE (SBN 240639)
ekeefe@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE
FOODS MARKET SERVICES, INC.;
WHOLE FOODS MARKET CALIFORNIA,
INC.; and MRS. GOOCH'S NATURAL FOOD
MARKETS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH (KESx)<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (L.R. 37-2)**<br><br>Date:    December 5, 2023<br>Time:   10:00 AM<br>Place:  411 West Fourth Street<br>          Courtroom 6D, 9th Floor<br>          Santa Ana, California 92701<br><br>The Honorable Karen E. Scott<br><br>Complaint Filed:   August 23, 2022<br>Discovery Cutoff:  Not Set<br>Pretrial-Conference: Not Set<br>Trial Date:         Not Set |

## I. INTRODUCTION

Peymon Khaghani ("Khaghani")'s motion concerns requests for admissions to which Defendants' Whole Foods Market Services, Inc. ("WFM Services"), Whole Foods Market California, Inc. ("WFMCA"), and Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's"; collectively "Defendants") have already responded in full, and requests for production that are overbroad and seek documents unrelated to Khaghani's claims in this litigation. The Court should deny Khaghani's motion as to both issues.

## II. LEGAL ARGUMENT

### A. Khaghani is Not Entitled to Further Responses to his Requests for Admission.

Khaghani's requests for admission ask whether Defendants sold meet in California provided by specific beef suppliers.  Contrary to Khaghani's misplaced argument in his Supplemental Brief (ECF No. 113, p.3), Defendants did not limit their responses based on Plaintiff's standing to challenge online marketing statements.  Instead, they limited the responses based on the facts they could truthfully admit.  Defendants responded in full to these requests, WFMCA and Mrs. Gooch's by stating that they sold meat from these suppliers at the Whole Foods Market stores they own and operate, and WFM Services by explaining it does not sell products.

Khaghani's motion requests an order from this Court compelling Defendants to admit to facts that are not true – that Defendants sell products from these suppliers online.  None of the Defendants, however, sell products online.  WFMCA and Mrs. Gooch's sell products from the brick and mortar Whole Foods Market stores in Northern and Southern California respectively, and WFM Serviecs operates the Whole Foods Market website.  Consumers cannot purchase beef products from the Whole Foods Market website directly.  Instead, consumers who

wish to make purchases are redirected to Amazon.com to complete their purchase there. These sales are not made by Defendants.

Importantly, much of the present dispute arises from Khaghani's poor drafting of his Requests for Admission, Set Two which seek admissions that Defendants "made available" products from certain suppliers. The phrase "made available" is not defined by Khaghani and is subject to several different interpretations. Defendants acted properly when faced with such an ambiguous request, they made their objection, stated their good faith interpretation, and responded subject to this interpretation.

These requests for admission, contrary to Khaghani's representations in his supplemental memorandum, did *not* seek specific admissions regarding online sales. Instead, Khaghani asked Defendants to admit that "[Defendant] made available for purchase beef supplied by [Supplier] to consumers in California during the STATUTORY PERIOD." ECF No. 109-8, pp.4-5 (as to Mrs. Gooch's); ECF No. 109-6, pp.4-5 (as to WFMCA). Defendants' responses, therefore did not seek to dodge the issue of online sales based on standing objections as Khaghani contends. Instead, Defendants responded to the poorly-worded request as best, and as truthfully, as they could.

Similarly, Khagahni misrepresents WFM Services' responses to the Request for Admission, Set Two – stating that WFM Services denied involvement with Whole Foods' website. WFM Services, however, did not deny that it advertised products online. ECF No. 109-7, pp. 4-5. Instead, it truthfully stated that it does not *sell* products online.

If Khaghani wishes to learn about WFM Servies' operation of the website, or how a consumer visiting the website can eventually purchase products, and how those purchases are made, Defendants can provide the information they possess on those issues in response to appropriate written discovery requests. However,

Khaghani's insistence that this information must be provided in response to the contested requests for admission is misguided and improper. Defendants responded to Khaghani's requests for admission in full and no further responses are required.

### B. Khaghani is Not Entitled to Further Responses to his Requests for Production to WFM Services.

Khaghani also moves to compel further responses to its Requests for Production, Set One, arguing that because he has standing, that he is now entitled to unfettered discovery regarding all beef products sold at Whole Foods Marekts regardless of the burden and balancing considerations imposed under Federal Rule of Civil Procedure Rule 26(b)(1), regardless of their relevance to his claims, and regardless of the substantial case law holding that plaintiffs may not proceed with claims for which are not substantially similar to their purchased products. *See e.g., Norman v. Gerber Prod. Co.*, No. 21-cv-09940-JSW, 2023 WL 122910, at *4–5 (N.D. Cal. Jan. 6, 2023).

Importantly, when put to it, Khaghani has never defined the scope of beef products he believes he is entitled to discovery on. Defendants, instead, have come forward with a rational and defensible position that takes into account the burden of production and the relevance of material: products are relevant if they come from a supplier that either: (1) provided products for sale that tested positive for antibiotics; or (2) from which a viable plaintiff made a purchase.

This definition is not made simply with reference to Khaghani's standing to sue regarding products he did not purchase, as he contends in his supplemental brief. It is a matter of relevance and proportionality. WFM Services' position is correct because it allows discovery regarding those products for which Khaghani actually has a claim. To establish any of his claims, Khaghani will need to demonstrate that he was harmed as a result of Defendants' alleged deceptive conduct. This harm is tied directly to the products he purchased. Other products are simply not relevant to

his claims. Defendants offer these documents, as well as documents regarding the *hundreds of other products* that are also supplied by the producers who provided the products that Khaghani purchased and tested. WFM Services' proposed definition is therefore, if anything, over-inclusive.

Plaintiff argues that all beef products at Whole Foods Markets are "substantially similar" and therefore subject to discovery here because these products all are subject to Defendants' uniform advertising statements regarding their antibiotic content. ECF No. 113, p.6. Plaintiff's case law, however, is distinguishable. *Slaten v. Christian Dior Perfumes*, LLC, No. 23-CV-00409-JSC, 2023 WL 6959127, at *4 (N.D. Cal. Oct. 19, 2023) and *Corbett v. Pharmacare U.S., Inc.*, 544 F. Supp. 3d 996, 1001 (S.D. Cal. 2021) involved products made by different manufactures. *Slaten*, 2023 WL 6959127, at *4 (holding that skin care products made by same manufacturer were substantially similar given similar label statements); *Corbett*, 544 F. Supp. 3d at 1001 (holding that dietary supplement products made by same manufacturer were substantially similar given similar label statements). By contrast, here, Defendants receive beef products from different suppliers. The factors leading to the potential presence of antibiotics in one producer do not necessarily apply to others, and the thus the uniformity of product labeling is of little significance in determining whether the products from different suppliers are substantially similar.

Similarly, *Sotelo v. Rawlings Sporting Goods Co., Inc.*, No. CV 18-9166-GW(MAAX), 2019 WL 4392528, at *4 (C.D. Cal. May 8, 2019) and *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) deal with standing, rather than burden of discoverability of irrelevant products that are not substantially similar. *Sotelo,* 2019 WL 4392528, at *4 (ruling on standing to sue regarding products no purchased, not relevance and burden under Rule

26(b)(1)); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d at 615 (N.D. Cal. 2007) (same). These cases are, therefore, distinguishable.

Dated:  November 21, 2023               BLAXTER | BLACKMAN LLP

By      */s/ David P. Adams*
    BRIAN R. BLACKMAN
    J.T. WELLS BLAXTER
    DAVID P. ADAMS
    Attorneys for Defendants WHOLE FOODS MARKET SERVICES, INC., WHOLE FOOD SMARKATE CALIFORNIA, INC. AND MRS. GOOCH'S NATURAL FOOD MARKETS, INC.