**Blaxter | Blackman** LLP

David P. Adams
dadams@blaxterlaw.com
Main: 415.500.7700

601 Montgomery Street
Suite 1110
San Francisco, CA 94111

February 15, 2024

**VIA EMAIL AND ECF**

Hon. Karen E. Scott
Ronald Reagan Federal Building and United States Courthouse
Courtroom 6D
411 W. Fourth St.
Santa Ana, CA 92701
E-mail: KES_Chambers@cacd.uscourts.gov

        Re:    *Sara Safari, et al. v. Whole Foods Market Services, Inc., et al.*
                Central District of California, Case No. 8:22-CV-01562-JWH-KES

Dear Judge Scott,

Plaintiffs Sara Safari and Peymon Khaghani's ("Plaintiffs") informal discovery conference presents two questions: (1) are plaintiffs in a false advertising case entitled to discovery regarding forms of advertising on which they did not review or rely in making their purchases; and (2) what additional steps defendants Whole Foods Market Services, Inc. ("WFM Services"), Whole Foods Market California, Inc. ("WFM CA"), and Mrs. Gooch's Natural Food Markets, Inc. ("Mrs. Gooch's"; collectively "Defendants") should have taken to produce electronically stored information ("ESI") in this case?

The answer to the first question is no. California law is clear that Plaintiffs may only bring claims based on advertising they reviewed and relied on in making their purchase(s). The answer to the second question is none. Defendants have continued to steadily work towards producing ESI discovery and delays in production are largely attributable to Plaintiffs and matters outside of Defendants' control.

**Request for Production 6** seeks "exemplars" of every public statement, advertisement, or product label made available to California consumers during the class period "regarding antibiotic use or non-use" in Defendants' beef products. Plaintiffs specify that this request includes statements made in all mediums, including those not reviewed or relied on by Plaintiffs.

Defendants have already produced exemplars of statements relating to antibiotic use in beef products displayed on the Whole Foods market website (WFM_000199-360, WFM_000363-445) and used in California stores (WFM_000105, WFM_000555-565) during the statutory period. Defendants also produced their standards for use of in-store marketing statements related to antibiotic use as WFM_000521-554. No further production is required.

To establish any of their claims, Plaintiffs will need to demonstrate that they were harmed as a result of Defendants' alleged deceptive conduct. Cal. Bus. & Prof. Code §§ 17204 & 17535 (UCL and FAL); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (CLRA); *Sanders v. Apple Inc.*, 672 F. Supp .2d 978, 986–87 (N.D. Cal. 2009) (breach of express warranty); *Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 248 (2011) (fraudulent concealment); *Manderville v. PCG&S Grp., Inc.*, 146 Cal. App. 4th 1486, 1498 (2007) (intentional misrepresentation).

**Blaxter | Blackman LLP**

This means that Plaintiffs must have relied on the allegedly deceptive advertising mediums in making their purchases to proceed with claims based on these mediums. *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 326–327 & fn. 10 (to state a claim under the FAL, a plaintiff must plead and prove facts showing actual reliance, that is, that the plaintiff suffered economic injury as a result of his or her reliance on the truth and accuracy of the defendant's representations); *Tun v. Wells Fargo Dealer Servs., Inc.* (2016) 5 Cal. App. 5th 309, 330–31, 209 Cal. Rptr. 3d 753, 770 (2016) ("Tun testified he never looked at the California Beemers website (or at the website for CA Beemers, for that matter) before he purchased the vehicle. As such, Tun cannot establish he relied on the one-page advertisement of the vehicle in connection with his CLRA and FAL claims."). Further, the members of Plaintiffs' putative class must have been exposed to the contested advertising statements in order to obtain restitution. *Downey v. Pub. Storage, Inc*. (2020) 44 Cal. App. 5th 1103, 1120 ("class members be exposed to an allegedly deceptive advertisement and that the advertisement be deceptive."); *Pfizer Inc. v. Superior Ct.* (2010) 182 Cal. App. 4th 622, 631 ("one who was not exposed to the alleged misrepresentations and therefore could not possibly have lost money or property as a result of the unfair competition is not entitled to restitution")

Here, Plaintiffs only allege that they relied on statements made in the Whole Foods Market stores in which they shopped, online, and in the case of Mr. Khaghani, marketing emails as well. SAC ¶¶12,21. Accordingly, other advertising mediums sought by Plaintiffs are not relevant.

In the event this Court disagrees, Defendants request the ability to file further briefing on this significant issue. Defendants only agreed to an IDC on this issue with the understanding that they reserved the right to seek such further briefing.

**Defendants' ESI**. It is unclear exactly what relief Plaintiffs seek with regards to Defendants' ESI production. Indeed, Plaintiffs never even informed Defendants during the parties' meet and confer that they would seek an IDC on this issue. Defendants only learned that this issue would be put before the Court when Plaintiffs filed their notice of motion. Regardless, despite Plaintiffs' vague contentions to the contrary, Defendants have taken diligent steps to work towards an ESI production, and will continue to do so. No judicial intervention is needed at this time.

Plaintiffs propounded their first set of Requests for Production ("RFPs") on WFM Services on February 10, 2023. WFM Services timely served responses stating that it would meet and confer with Plaintiff to agree on search terms to run in the files of agreed custodians to locate responsive documents to certain specific RFPs. On April 28, 2023, Plaintiffs proposed a set of search terms to locate these ESI documents. Defendants replied and stated that they intended to move to stay discovery pending resolution of Defendants' motion to dismiss Plaintiffs' operative complaint.

Despite the uncertainty regarding a stay of discovery, Defendants continued to make progress on ESI as the motion to stay was pending. On June 13, 2023, Defendants responded to Plaintiffs' initial ESI search terms, explaining their deficiencies, and proposing their own set of ESI terms. Defendants also noted that, should their proposed terms yield too many documents in return, they reserved the right to narrow the searches to reach a reasonable number of documents to review.

**Blaxter | Blackman LLP**

On July 7, 2023, Plaintiffs responded to Defendants and provided proposed revisions to the search terms. Defendants addressed Plaintiffs' proposed revisions in a July 18, 2023 letter. Plaintiffs did not respond to Defendants' position. Defendants followed up on August 24, 2023. Plaintiffs finally provided a redline of the proposed terms on August 30, 2023. The parties met and conferred on September 8th, and Defendants sent revised search terms to Plaintiffs that same day. Plaintiffs provided a redline of the proposed terms on September 22nd. The parties met and conferred on September 25th, and Plaintiffs agreed to provide revised search terms for certain RFPs. Plaintiffs did not do so, and Defendants followed up on October 9, 2023. The parties met and conferred on October 28th, and Plaintiffs agreed to further revise the search terms. Defendants again circled back on November 3, 2023 to provide proposed final search terms that reflected the parties' meet and confer efforts. Plaintiffs did not reply until November 14, 2023. The parties further met and conferred and agreed that disputes regarding the searches could only be resolved after the Court ruled on the scope of relevant beef products and suppliers in this action. On December 5, 2023, the Court issued a ruling on this dispute, which required Defendants to undertake a further investigation to determine which beef suppliers provided the beef purchased by Plaintiff Sara Safari. Defendants completed this investigation in early January 2024, and immediately ran the agreed search terms in the files of the 17 document custodians in this matter.

On January 9, 2024, Defendants sent Plaintiffs an email explaining that the proposed search terms returned 531,487 document hits, a disproportionate number under FRCP 36(b)(1). Since that time, Defendants have taken several approaches to refine the search terms. First, Defendants ran a preliminary search within the custodian files, and reviewed the resulting documents in an effort to understand what search terms were effective. As Defendants reviewed these documents, they also tagged them for responsiveness. Defendants will produce responsive documents from this preliminary review when complete. Second, Defendants worked with their discovery vendor to test small refinements to the search terms and see how these refinements affected the hit count. Defendants eventually crafted search terms which returned around 82k document hits evenly spread across the various RFPs. Defendants provided these search terms to Plaintiffs on February 12th. Plaintiffs have not provided proposed revisions to these terms. This number, however, is still high. Accordingly, Defendants are currently exploring whether certain terms can be eliminated entirely in the event they are able to locate responsive documents through non-ESI production.

In short, Defendants have worked diligently to produce ESI documents for months. While this has been a time-consuming process, this is not due to a lack of diligence or effort on the part of Defendants. Rather, it is due to the complexity of this case, Plaintiffs' frequent delays in responding to Defendants, Plaintiffs' evolving claims and the need for judicial intervention to finalize certain disputes. Defendants, however, are willing to propose a compromise. Defendants ran their initial proposed search terms from June 13, 2023 against the custodian files and returned 3,879 document hits. Defendants contend this is a reasonable number of documents to review in this matter and will agree to review these documents, *in addition to the documents already under review in their preliminary search*, and produce any responsive non-privileged documents they find.

**Blaxter | Blackman** LLP

Very truly yours,

*/s/ David P. Adams*

David P. Adams for
Blaxter | Blackman LLP


cc: Brian Blackman, Esq.
    J.T. Wells Blaxter, Esq.
    Gretchen Elsner, Esq.
    Nadia H. Dahab, Esq.
    David Sugerman, Esq.
    Paige Tomaselli, Esq.