GRIME LAW LLP
DYLAN D. GRIMES (SBN 302981)
PAIGE M. TOMASELLI (SBN 237737)
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: 310/747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

ELSNER LAW & POLICY, LLC
GRETCHEN ELSNER
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: 505/303-0980
gretchen@elsnerlaw.org

ROBBINS GELLER RUDMAN
 & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
agilchrist@rgrdlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, et al.,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH-KES<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT<br><br>DATE:     October 18, 2024<br>TIME:     9:00 a.m.<br>JUDGE:    Hon. John W. Holcomb<br>CTRM:     9D, 9th Floor |

[REDACTED]

4856-5963-1076.v1

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES........................................... 1

I.    INTRODUCTION ............................................................................................ 1

II.   RELEVANT FACTUAL BACKGROUND ................................................... 3

III.  ARGUMENT ................................................................................................... 6

      A.    Leave to Amend Should Be Granted Under Rule 15(a) of the
            Federal Rules of Civil Procedure ............................................................ 8

            1.    This Motion Is Timely ................................................................. 9

            2.    The Allegations Against the Amazon Defendants Are
                  Strong and Certainly Not Futile................................................ 11

            3.    The PTAC Does Not Prejudice the Existing Defendants......... 13

            4.    Plaintiffs' Motion Does Not Seek to Cure Pleading
                  Deficiencies ............................................................................... 14

            5.    Plaintiffs' Motion Is Brought in Good Faith ............................ 15

      B.    The Amazon Entities Are Properly Joined Under Rule 20 of the
            Federal Rules of Civil Procedure .......................................................... 15

IV.   CONCLUSION .............................................................................................. 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Baldwin Park Free Speech Coal. v. City of Baldwin Park*,
2020 WL 7264453 (C.D. Cal. Dec. 9, 2020) ....................................................13

*Brown v. Stored Value Cards, Inc.*,
953 F.3d 567 (9th Cir. 2020) ..............................................................8, 9, 10, 14

*Chrome Hearts LLC v. Old Sch. Fairfax, Inc.*,
2020 WL 10540858 (C.D. Cal. July 20, 2020) ................................................15

*Ctr. for Biological Diversity v. Veneman*,
394 F.3d 1108 (9th Cir. 2005) ..........................................................................11

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) ................................................................8, 13, 15

*Desert Empire Bank v. Ins. Co. of N. Am.*,
623 F.2d 1371 (9th Cir. 1980) ..........................................................................15

*Eminence Cap., LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) ....................................................................8, 13

*Foman v. Davis*,
371 U.S. 178 (1962) .....................................................................9, 11, 13, 14

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ..........................................................................11

*Krupski v. Costa Crociere S.p.A.*,
560 U.S. 538 (2010) ..........................................................................................13

*League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*,
558 F.2d 914 (9th Cir. 1977) ......................................................................15, 16

*No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*,
940 F. Supp. 2d 1285 (S.D. Cal. 2013) .........................................................8, 13

*Scott v. City of L.A.*,
2023 WL 2563070 (C.D. Cal. Mar. 17, 2023) ............................................9, 14

- ii -

4856-5963-1076.v1

**Page**

*Sierra Club v. Union Oil Co. of Calif.*,
    813 F.2d 1480 (9th Cir. 1987) .......................................................................... 15

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 11 .............................................................................................................. 15
    Rule 15 ........................................................................................................ *passim*
    Rule 15(a) ..................................................................................................... 8, 13
    Rule 15(a)(2) .................................................................................................. 3, 8
    Rule 16 ............................................................................................................... 13
    Rule 20 ..................................................................................................... 1, 6, 15

4856-5963-1076.v1

# NOTICE OF MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 18, 2024 at 9:00 a.m., or as soon as the matter may be heard by the Honorable John W. Holcomb at the Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, California 92701, Courtroom 9D, 9th Floor, Plaintiffs Dr. Sara Safari ("Safari") and Mr. Peymon Khaghani ("Khaghani") (collectively, "Plaintiffs") hereby bring this Motion for Leave to Amend the Second Amended Class Action Complaint (ECF No. 108). Pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, Plaintiffs seek leave to file the attached [Proposed] Third Amended Class Action Complaint ("PTAC"), which adds new defendants and new allegations against these new defendants. Consistent with this Court's Standing Order, Plaintiffs file herewith their PTAC in both clean and redline forms, attached as Exs. 1-2 to the Shefler Declaration, along with the redline identifying the proposed new Amazon-specific allegations, which are primarily incorporated at pages 1-12, 19, 22-29, 40, and 42.[1]

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Shefler Declaration and the exhibits thereto, all pleadings and papers filed herein, arguments of counsel, and any other matters properly before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Court has already upheld, at the motion-to-dismiss stage of proceedings, Plaintiffs' claims against Defendants Whole Foods Market Services, Inc., Whole Foods Market California, Inc., and Mrs. Gooch's Natural Food Markets, Inc.

---

[1]    All "Ex.   " references are to the Declaration of Taeva C. Shefler in Support of Plaintiffs' Motion for Leave to Amend Second Amended Class Action Complaint ("Shefler Declaration"). Substantive changes to the PTAC are at the following pages and lines: 1:23-28; 2:16-3:3; 4:4; 4:8; 5:23-26; 6:25-27; 8:18-9:3; 9:8-10; 12:3-14:12; 19:1-11; 22:1-29:28; 40:16-19; 42:18-43:2; 44:3-8.

(together, "Whole Foods" or "Defendants") for their violation of the Consumer Legal Remedies Act, California's Unfair Competition Law, California False Advertising Law, California Communications Code §2313 (breach of express warranty), unjust enrichment, fraudulent concealment, and intentional misrepresentation for falsely marketing their beef as "No Antibiotics, Ever" (sometimes referred to herein as "NAE") and for falsely representing that they had verified this promise. Second Amended Class Action Complaint ("SAC"), ¶¶5, 7, 38, 41, 49, 51, 58, n.34. Independent testing has revealed that beef in the Whole Foods supply chain was treated with antibiotics. SAC, ¶¶3, 56, 58-72.

Plaintiffs have recently become aware through discovery that Amazon.com, Inc.,[2] Amazon.com Sales, Inc., and Amazon.com Services LLC (collectively, "Amazon") are also potentially liable for falsely marketing Amazon's private label brand, 365 by Whole Food Market ("Whole Foods 365"),[3] and other beef products by nature of: (i) Amazon.com, Inc. being the parent corporation of Whole Foods; (ii) Amazon controlling applicable meat marketing, sourcing and sales policies and procedures at Whole Foods; and (iii) directly selling Whole Foods 365 and private label beef with the same alleged false marketing through Whole Foods Market on Amazon, Amazon Prime, and Amazon Fresh.[4] Thus, Plaintiffs herein seek to file the

---

[2]    Amazon.com, Inc. is the parent corporation of Whole Foods entities, including Whole Foods Market, Inc., Whole Foods Market Services, Inc., Whole Foods Market California, Inc., and Mrs. Gooch's Natural Food Markets, Inc., through its wholly-owned subsidiaries. Amazon.com, Inc. acquired Whole Foods Market, Inc. and became the parent corporation of numerous Whole Foods entities pursuant to an Agreement and Plan of Merger by and among Amazon.com, Inc., Walnut Merger Sub, Inc., a wholly-owned subsidiary of Amazon, and Whole Foods Market, Inc., which was effectuated in August 2017. Ex. 3 at 11 (Whole Foods Nov. 17, 2017 Form 10-K); Ex. 4 (June 15, 2017 Merger Agreement, referenced in Amazon Form 8-K, filed on June 16, 2017).

[3]    Amazon's website refers to Whole Foods 365 as an Amazon private label brand. https://press.aboutamazon.com/2024/9/amazon-fresh-introduces-new-grocery-savings-for-prime-members# (last accessed Sept. 13, 2024).

[4]    *See, e.g.*, Ex. 5 (Whole Foods 365 Ground Beef via Whole Foods Market on Amazon. https://a.co/d/ifAVwb7 (last visited Sept. 11, 2024)); Ex. 6 (Bone in Beef Ribeye Steak via Whole Foods on Amazon. https://tinyurl.com/hubrmr6b (last visited

4856-5963-1076.v1

PTAC to add the Amazon entities as additional defendants pursuant to Rules 15(a)(2) and/or 20(a) of the Federal Rules of Civil Procedure governing complaint amendment and permissive joinder.

## II.    RELEVANT FACTUAL BACKGROUND

Plaintiffs purchased beef advertised as "No Antibiotics, Ever" from Whole Foods stores, and Plaintiff Khaghani also purchased such beef from Amazon.com. SAC, ¶¶10-13, 18-22; PTAC, ¶¶19-21.  Whole Foods has been marketing its meat as "No Antibiotics, Ever" since approximately 2002.[5]  This marketing is a critical component of the Whole Foods brand, differentiates Whole Foods as a premium supermarket, and allows it to charge more for its beef products than other grocery stores.[6]

In 2017, Amazon acquired Whole Foods (referred to herein as the "2017 Acquisition" or the "Acquisition").  Ex. 3 at 46.[7]  As of the Acquisition, the board of directors of Whole Foods was disbanded, and Amazon's Board now governs Whole Foods.[8]  As of the Acquisition, Whole Foods ceased trading on the Nasdaq,[9] and

---

Sept. 5, 2024)); Ex. 7 (Whole Foods 365 Peppered Beef Jerky via Whole Foods on Amazon, https://tinyurl.com/4mauu5fp (last visited Sept. 11, 2024)); Ex. 8 (Whole Foods 365 Organic Hot Dogs via Amazon Fresh. https://tinyurl.com/Beef-Hot-Dog (last visited Sept. 4, 2024)); Ex. 9 (Whole Foods 365 Peppered Beef Jerky via Amazon. https://a.co/d/cbTs5Ue (last accessed Sept. 4, 2024)).

[5]    SAC, ¶45; *Whole Foods Market Quality Standards: Select Milestones*, Whole Foods Market, https://d39w7f4ix9f5s9.cloudfront.net/ea/2d/171463694419b8abc050017e4255/wfm-timeline-4.pdf.

[6]    SAC, ¶73.

[7]    Ex. 3 (Whole Foods Nov. 17, 2017 Form 10-K).

[8]    Ex. 10 at 5 (Whole Foods Aug. 23, 2017 Form 8-K filed with the SEC, which states in part: "Item 5.02, Departure of Directors or Certain Officers; Election of Directors; Appointment of Certain Officers; Compensatory Arrangements of Certain Officers.  In connection with the consummation of the Merger, all of the members of the board of directors of [Whole Foods Market] immediately prior to the Effective Time ceased to be directors of the Company at the Effective Time.").

[9]    *See, e.g.*, Ex. 3 (Whole Foods Nov. 17, 2017 Form 10-K at 7, stating: "With the consummation of the merger contemplated by the Agreement and Plan of Merger by and among the Company, Amazon.com, Inc., and Walnut Merger Sub, Inc., a wholly-

4856-5963-1076.v1

1    Whole Foods' financials rolled into Amazon's consolidated financials reported

2    publicly to the U.S. Securities and Exchange Commission ("SEC").[10]  According to

3    Whole Foods' discovery responses from September 3, 2024, Amazon now controls

4    much of Whole Foods' sales information relevant to this action.  Ex. 11 at 2-3.[11]

5          The "No Antibiotics, Ever" promise has been prominently featured at deli and

6    meat counters, at checkouts, on product packages, and in other places in California

7    Whole Foods stores.[12]  It is also prominently featured on Whole Foods and Amazon

8    websites, in television and radio advertisements, and over social media.[13]  All beef

9    products sold under Amazon's private label brand, Whole Foods 365, carry this false

10   warranty.  Newly discovered evidence supports that Amazon plays a key role in the

11   marketing, sourcing, and selling of Whole Foods' various meat products.[14]  For

12   example, Whole Foods/Amazon sells NAE meat *in Whole Foods stores*, including

---

owned subsidiary of Amazon.com, Inc. (the "Merger") on August 28, 2017, [Whole Foods Market] became an indirect wholly-owned subsidiary of Amazon.com, Inc. and the [Whole Foods Market] common stock was delisted from the Nasdaq Global Select Market.  There is no established trading market for our equity securities as of the closing date of the Merger.  An indirect wholly owned subsidiary of Amazon.com, Inc. is the sole holder of record of our equity.  Prior to the closing of the Merger, the common stock of the Company was traded on Nasdaq under the symbol 'WFM.'").

[10]  *See* Amazon Feb. 1, 2018 Form 10-K at 42, stating: "The financial results of Whole Foods Market, Inc. ("Whole Foods Market") have been included in our consolidated financial statements from the date of acquisition on August 28, 2017."

[11]  Ex. 11 (Defendant Whole Foods Market of California's September 3, 2024 amended response to interrogatory No. 3 states in part: "consumers can select grocery products to purchase on the Whole Foods Market website, but final sales are made by a different entity – Amazon.com . . . .  Defendant will not produce information about sales made by other entities."); Ex, 12 (Defendant Mrs. Gooch's Natural Food Markets, Inc.'s September 3, 2024 amended response to interrogatory No. 3 with identical response as above).  *See also* Ex. 13 (Defendant Whole Foods Market Services, Inc.'s May 28, 2024 response to request for production No. 35 states in part: "[D]ocuments regarding purchases made from third parties, such as Amazon.com, are irrelevant to the claims and issues in this matter.").

[12]  SAC, ¶46.

[13]  SAC, ¶40.

[14]  *See, e.g.*, Ex. 14 ██████████████████████████████████████████.

- 4 -

through its loyalty program "Amazon Prime."  Amazon also sells NAE beef online: (i) through "Whole Foods Market on Amazon"; (ii) through Amazon Fresh; and (iii) directly through Amazon.com.[15]  To date, Defendants have excluded from discovery certain Whole Foods beef products sold by or through Amazon.com and/or the purchaser data for the sale of those products to consumers with an Amazon Prime account.[16]

Whole Foods'/Amazon's certification program, Global Animal Partnership ("GAP"), currently used by Whole Foods/Amazon, was developed and is used almost exclusively for certification of Whole Foods meat products.  SAC, ¶¶3, 53-57. Notably, GAP is not an independent certifying agency.  It was created by Whole Foods to certify Whole Foods meat, and its executive director position has been funded by Whole Foods/Amazon because GAP did not have the budget to fund it.[17] As further alleged, testing in 2020 by a third-party testing organization, Food In-Depth ("Food ID"), revealed that, despite GAP certification, Whole Foods' meat supply chain was tainted by cattle raised with antibiotics.  SAC, ¶98.  Food ID found that, over a seven-month testing period, approximately 26% of Whole Foods' certifier's cattle came from a lot where animals tested positive for antibiotic use.  SAC, ¶3. Notably, just last month, on August 28, 2024, the U.S. Department of Agriculture ("USDA") issued a press release announcing similar results of its Food Safety and Inspection Service's 2023 review of the market: "The study found antibiotic residues in approximately 20% of samples tested from the 'Raised Without Antibiotics' market."[18]

---

[15]  Specifically, Amazon sells its private label brands that carry the NAE marketing warranty, such as the Whole Foods 365 brand,  *See, e.g.,* Exs. 5-9.

[16]  *See supra* n.11.

[17]  Ex. 15 (excerpt from Sara Shields deposition at 1, 57:18-58:9, 60:9-13, certification page).

[18]  USDA, USDA Releases Updated Guideline to Strengthen Substantiation of Animal-Raising and Environment-Related Claims on Meat and Poultry Labels

## III.    ARGUMENT

Plaintiffs seek permission to add the Amazon entities as defendants pursuant to Federal Rules 15 and 20 for their integral involvement and oversight of Whole Foods marketing, sourcing, and sale of Whole Foods 365 and other meat products falsely marketed as NAE and for Amazon's direct selling of such beef on its website.[19]  Over the course of discovery, more information has come to light supporting the fact that Amazon and Whole Foods are inextricably intertwined in the alleged false marketing, sourcing, and sale of beef with the Whole Foods 365 brand and other beef products, including in the following ways:

- Amazon exerts control over Whole Foods' meat standards policy and practice;[20]

- Amazon exerts control over Whole Foods' meat sourcing;[21]

---

(Aug. 28,    2024),    https://www.usda.gov/media/press-releases/2024/08/28/usda-releases-updated-guideline-strengthen-substantiation-animal.

[19]  *See, e.g.*, Exs. 5-9.

[20]  *See, e.g.*, Ex. 14 at 2



*see also* Ex. 16                         and Ex. 17

.

[21]  The Amazon and Whole Foods entities are together responsible for approving the applications of suppliers that wish to sell their beef at Whole Foods.  *See, e.g.*, Ex. 18



Ex. 19                                                      Ex. 20

;  Ex. 21

Ex. 22

;  Ex. 23

4856-5963-1076.v1

- Amazon exerts control over Whole Foods' price setting[22] and sale[23] of meat products;

- Amazon disseminates the NAE false marketing online for the sale of Whole Foods 365 beef products and beef products marketed as NAE sold by Amazon directly;[24]

- Amazon incorporates the Whole Foods website and the NAE messaging within Amazon.com such that all online purchases from Whole Foods are made through Amazon.com. Amazon.com collects all data related to that sale; and, according to Whole Foods' discovery responses, the data is outside of Whole Foods' control, rendering Whole Foods unable to produce the information in discovery;[25]

- Amazon is responsible for verifying the truth of the "No Antibiotics, Ever" marketing, as expressly required by the ██████████████ ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████ Ex. 14 at 1; and

- Amazon has knowledge of the inaccuracy of the NAE marketing as it was alerted by its shareholders that there was an issue with whether the

---

[22] *See* Ex. 24 ████████████████████████████████████████ ██████████████████████████████████ *see also* ██ Ex. 25 ██████████████████████████████████████████ ██████████████████████████████ ; Ex. 26 ████████ ██████████████████████████████████████████ ████████████████████████████████████

[23] Purchases through Whole Foods stores and/or through its website are governed by Amazon's Terms and Conditions of Use. Ex. 27 at 1.

[24] *See, e.g.,* Exs. 5-9.

[25] *See supra* n.11.

- 7 -

Whole Foods beef and other meat complied with the NAE promise and recognized there was a price premium assessed therewith.[26]

Given the newly discovered information supporting well pled allegations against Amazon, the liberality of the standard for amendment, the overarching need for judicial efficiency in the prosecution of complex litigation, and the fact that any injunctive relief sought and agreed upon or ordered would require Amazon's involvement in implementation, justice would be served by granting Plaintiffs leave to file their PTAC.

### A. Leave to Amend Should Be Granted Under Rule 15(a) of the Federal Rules of Civil Procedure

Rule 15 requires the Court to "give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held "[t]his policy is 'to be applied with *extreme liberality*.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (same). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (allowing leave to amend to add new defendant); *see also No Cost Conf., Inc. v. Windstream Commc'ns, Inc.*, 940 F. Supp. 2d 1285 (S.D. Cal. 2013) (same).

Here, justice requires the addition of Amazon as a defendant because of its integral role in the marketing, sourcing, and sale of Whole Foods 365 meat products and other meat products marketed as NAE, both in stores and online. It would be a miscarriage of justice to allow Amazon to escape responsibility for the same challenged conduct (covering identical products and false marketing) that has thus far been upheld in this lawsuit. Moreover, denial of leave to amend would create substantial judicial inefficiency through the need for later-filed lawsuits against

---

[26] Ex. 28 at 68 (Amazon.com, Inc. Proxy Statement (Schedule 14A)).

1    Amazon and serial class certification and other motions covering the same conduct at

2    issue here.

3        In deciding whether granting leave is in the interest of justice, courts consider

4    whether allowing leave to amend: (1) would cause undue delay; (2) would prejudice

5    the opposing party; (3) would be futile; (4) would allow repeated failure to cure

6    deficiencies; or (5) was motivated by bad faith. *Foman v. Davis*, 371 U.S. 178, 182

7    (1962); *Brown*, 953 F.3d at 574 (same). In addition to the liberal standard governing

8    leave to amend under Rule 15, Plaintiffs' motion should be granted because none of

9    the *Foman* factors warranting denial of leave applies here.

10              **1.      This Motion Is Timely**

11       Plaintiffs timely sought leave to file the PTAC as soon as it became clear from

12   review of documents recently produced by Defendants that justice so required.

13   *Foman*, 371 U.S. at 182. Plaintiffs have acted diligently. Plaintiffs served initial

14   discovery requests in February 2023 and April 2023 and engaged in meet-and-confer

15   efforts with Defendants, which led to multiple discovery disputes before Magistrate

16   Judge Scott. Between March 1, 2024 and July 31, 2024, Whole Foods produced tens

17   of thousands of documents in discovery. Upon review of said documents, which

18   occurred throughout summer 2024, Plaintiffs became increasingly aware of Amazon's

19   integral involvement in creating and implementing Whole Foods' meat standards and

20   sourcing policies and practices, as well as its direct selling of Whole Foods 365 and

21   other meat products sold through Amazon Fresh as "No Antibiotics, Ever."[27]

22       The instant Motion is largely based on information that has recently come to

23   light through the course of discovery. *See Scott v. City of L.A.*, 2023 WL 2563070, at

24   *3 (C.D. Cal. Mar. 17, 2023) (granting leave to amend because plaintiff "diligently

25   sought to amend his pleadings following the discovery of new evidence"). Here,

26   Plaintiffs diligently sought information from Whole Foods regarding sales that

27   [27] ████████████████████████████████████████████

28   ████████████████████████████████ *See* Exs. 14, 16.

occurred through Whole Foods Market on Amazon. Throughout the course of this discovery, Defendants' stance on the issue shifted. In fact, it was not until July 26, 2024 that Defendants acknowledged they did not fully grasp the subtleties of Amazon's direct sales versus Defendants' sales on Amazon as merchants. Additionally, Plaintiffs only learned in late July 2024, on review of a production of documents received on May 16, 2024, that Amazon is the entity ultimately responsible for setting meat standards for Whole Foods and for making sure Whole Foods' meat complies with the Amazon Meat Standards Policy, which ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[28] Plaintiffs learned from such documents that Amazon was involved with overseeing the process by which suppliers are approved to sell their NAE meat at Whole Foods and Amazon. Plaintiffs further learned from these documents that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮.[29]

Plaintiff Khaghani purchased beef marketed as NAE on Amazon's website and in Whole Foods stores. Ex. 1 (PTAC, ¶¶19-22). Given the recent timeline within which Plaintiffs learned of these additional facts, and the fact that Plaintiffs continue to review tens of thousands of documents obtained in discovery (Plaintiffs received 145,676 pages of documents in less than four months), Plaintiffs have acted timely in bringing this motion for leave to amend. *See Brown*, 953 F.3d at 574 (granting leave to amend partly because plaintiff "sought leave to amend based on newly discovered evidence").

Throughout meet-and-confer efforts in the same time period, Plaintiffs also learned of Defendants' refusal to produce critical sales information due to Amazon's exclusive control of such information.[30] Upon review of the new factual information

---

[28] Exs. 14, 16.

[29] *E.g.*, Ex. 28 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

[30] *See supra* n.11.

- 10 -

supporting Amazon's critical role in the false marketing, sourcing, and sale of Whole Foods 365 and other meat products, in combination with Whole Foods' purported inability to produce relevant and responsive information held by Amazon, Plaintiffs moved this Court for an extension of the existing case schedule to afford Plaintiffs the opportunity to move for leave to amend the operative complaint to add the Amazon entities as Defendants. ECF No. 153. On August 5, 2024, this Court entered an order granting Plaintiffs' *Ex Parte* Application to Continue the Hearing on Plaintiffs' Motion for Class Certification and Related Deadlines. ECF No. 157. This motion timely follows.

### 2. The Allegations Against the Amazon Defendants Are Strong and Certainly Not Futile

Motions for leave to amend complaints should only be deemed futile if it is clear that no amendment is capable of saving the complaint. *Ctr. for Biological Diversity v. Veneman*, 394 F.3d 1108, 116 (9th Cir. 2005); *Foman*, 371 U.S. at 182. As long as the claim is facially plausible, "the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). Here, the Court has already upheld the allegations against Whole Foods, and the new allegations against the Amazon entities arise out of the same alleged misconduct as the claims against Whole Foods. ECF No. 75.

Plaintiff Khaghani purchased, with his Amazon Prime account, Whole Foods 365 and other falsely marketed beef products through online purchasing at Amazon Fresh and at Whole Foods Stores where Whole Foods sold beef products that were marketed as being raised with antibiotics (PTAC, ¶¶19-21). Accordingly, any standing objections should be overruled for the same reasons they were overruled in the Court's order on Whole Foods' motion to dismiss this action. ECF No. 75 at 12-14 ("Khaghani avers that he purchased beef from multiple Whole Foods stores in Northern California, including in San Francisco where Whole Foods' beef tested

4856-5963-1076.v1

positive for traces of antibiotics residue.  Because Khaghani sufficiently pleads a monetary injury arising from the premium that he paid for antibiotics-free beef, at this stage of the litigation he has standing.”).

Amazon is integrally involved in and oversees the marketing, sourcing, and sale of Whole Foods 365 branded meat and other meat products and maintains responsibility for ensuring compliance with the Amazon/Whole Foods’ Meat Standards Policy.[31]  The Meat Standards Policy explicitly covers both Amazon Private Brands and Whole Foods Market Exclusive Brands.[32]  Thus, where this Court previously upheld the allegations as to Whole Foods, those same allegations should be upheld as to Amazon, which, according to evidence recently produced, is engaged in precisely the same challenged conduct.

Amazon also exerts control of the sale of meat products within Whole Foods stores, with recently produced evidence ███████████████████████████████ ███████████████████████████████████████████████████████████ ███████████[33]

The NAE label can be found on identical packages of meat that are sold interchangeably in Whole Foods stores and online through Whole Foods Market on Amazon, Amazon Fresh, and directly through Amazon.com.[34]

Meat products sold under Amazon’s private brands, including Whole Foods 365, are sold in Whole Foods stores, online by Amazon via the Whole Foods Market on Amazon, and directly through Amazon.com.[35]  Amazon is not only aware of the allegations of false marketing regarding the NAE slogan but also is

---

[31] Exs. 14, 16.

[32] *Id.*

[33] Ex. 26 ███████████████████████████████████████████ ████████████████████████████████████████.

[34] *See supra* n.4.

[35] *Id.*

- 12 -

4856-5963-1076.v1

1

2 [redacted]<sup>36</sup>

3        If permitted to file the PTAC, Plaintiffs will allege that Whole Foods and the

4 Amazon entities are jointly and severally responsible for many of the same

5 transactions for which Plaintiffs are already suing Whole Foods.   Additionally,

6 Plaintiffs will allege that Amazon is liable for any beef products it falsely markets as

7 NAE and sells separate and apart from Whole Foods entities, such as sales that take

8 place online through Amazon Fresh and directly through Amazon.com.

9        As such, the addition of Amazon to this action is not futile, and "granting leave

10 to amend would be in keeping with the 'preference of the Federal Rules of Civil

11 Procedure in general, and Rule 15 in particular, for resolving disputes on their

12 merits.'"   *Baldwin Park Free Speech Coal. v. City of Baldwin Park*, 2020 WL

13 7264453, at *3 (C.D. Cal. Dec. 9, 2020) (quoting *Krupski v. Costa Crociere S.p.A.*,

14 560 U.S. 538, 550 (2010)).

15              **3.     The PTAC Does Not Prejudice the Existing Defendants**

16

17        "Absent prejudice . . . there exists a presumption under Rule 15(a) in favor of

18 granting leave to amend." *Aspeon*, 316 F.3d at 1052; *Foman*, 371 U.S. at 182.  Here,

19 because there has been no Rule 16 scheduling order setting forth deadlines with

20 respect to discovery, experts, and trial, there is no prejudice to the current Defendants.

21 *See Leighton*, 833 F.2d at 187-88 ("Given that this case is still at the discovery stage

22 with no trial date pending, nor has a pretrial conference been scheduled, there is no

23 evidence that [the defendant] would be prejudiced by the timing of the proposed

24 amendment."); *No Cost Conf.*, 940 F. Supp. 2d at 1297 (allowing leave to amend to

25 add new defendant where case in early stages).

26        Nor should Whole Foods be permitted to claim prejudice given its joint

27 marketing, sourcing, and sales policies and practices with Amazon.  Notably, the

28 ───────────────
<sup>36</sup>  *See supra* n.29.

Amazon entities had knowledge of, and communicated with Whole Foods about, this lawsuit when it was first filed.[37]

Plaintiffs, on the other hand, will be severely prejudiced by a denial of leave to amend as Whole Foods will no doubt use the empty-chair defense against Plaintiffs to withhold information and deflect liability.  For example, Plaintiffs have appropriately requested relevant pricing and sales data for all falsely marketed Whole Foods beef products, whether sold in stores (with or without an Amazon Prime account) or online through Amazon.  Whole Foods has objected to numerous of Plaintiffs' requests, asserting that much of the information about Whole Foods sales is within the exclusive control of Amazon.[38]  Defendants have withheld customer data for their beef products sold in stores and all sales and customer data for their beef products sold online, including the Whole Foods 365 branded beef sold through the Whole Foods Market on Amazon, through Amazon Fresh, and directly through Amazon.com, all of which is subject to the same false marketing disseminated by both Whole Foods and Amazon.[39]

### 4.    Plaintiffs' Motion Does Not Seek to Cure Pleading Deficiencies

The Court has not substantively considered Amazon's liability because the allegations were not previously asserted.  Because this amendment does not seek to cure a pleading deficiency in the previous complaints but rather seeks to add defendants based upon newly discovered information, the *Foman* factors weigh in favor of granting Plaintiffs' motion for leave to amend.  *See Foman*, 371 U.S. at 182; *see also Brown*, 953 F.3d at 573-74 (granting leave to amend when plaintiffs filed amendment after obtaining new evidence); *Scott*, 2023 WL 2563070, at *3 (same).  Moreover, judicial economy justifies allowing the amendments because the

---

[37] *Id.*

[38] *See supra* n.4.

[39] *Id.*

1    allegations in the amendments relate back to the same nucleus of facts in the previous

2    complaint.  *Sierra Club v. Union Oil Co. of Calif.*, 813 F.2d 1480, 1493 (9th Cir.

3    1987), *judgment vacated on other grounds*.  Thus, "[a]llowing the amendment will

4    further the federal policy of wrapping in one bundle all matters concerning the same

5    subject matter." *Id.* (internal quotations omitted).

### 5.    Plaintiffs' Motion Is Brought in Good Faith

7         Plaintiffs seek leave to file the PTAC based upon newly discovered

8    information.  There is no evidence of a "wrongful motive" and therefore no reason to

9    "den[y] leave to amend on the basis of bad faith." *Leighton*, 833 F.2d at 187. "'Acting

10   with caution before haphazardly adding defendants' . . . reflects diligence and a

11   commitment to honoring Rule 11, which imposes a duty on counsel to investigate the

12   law and facts before filing." *Chrome Hearts LLC v. Old Sch. Fairfax, Inc.*, 2020 WL

13   10540858, at *4 (C.D. Cal. July 20, 2020) (granting plaintiff's motion for leave).  As

14   described above, many of the allegations in the PTAC regarding the Amazon entities'

15   involvement in the control of Whole Foods' marketing, sourcing, and sale of beef

16   have come to light more recently and were uncovered because of counsel's diligence.

17   There is no evidence of a "wrongful motive" and therefore no reason to deny the

18   motion for leave.

### B.    The Amazon Entities Are Properly Joined Under Rule 20 of the Federal Rules of Civil Procedure

20        The Court need not reach Rule 20 as amendment is appropriate under Rule 15

21   alone; nevertheless, Rules 15 and 20 are often invoked together.  *See Desert Empire*

22   *Bank  v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (petitions to amend

23   under permissive joinder "bring[] into consideration Rules 15 and 20 of the Federal

24   Rules of Civil Procedure").  Joinder is proper where there is: (1) a "right to relief . . .

25   relating to or arising out of the same transaction or occurrence; and (2) some question

26   of law or fact common to all the parties will arise in the action." *League to Save Lake*

27   *Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

28

- 15 -

Plaintiffs' right to relief against Amazon arises out of many of the same transactions or occurrences as their right to relief against Whole Foods. It arises out of the same NAE marketing, the same suppliers, the same meat products, and many of the same categories of sales. Amazon is involved in all of Whole Foods' marketing, sourcing, in-store Amazon Prime sales, and Whole Foods Market on Amazon online sales. Additionally, Amazon makes the same false marketing with respect to its Amazon Fresh beef sales, which include not only Whole Foods 365 beef products but also private label products that have tested positive for antibiotics.

The claims against Amazon in the PTAC are the same as those asserted against Whole Foods in the SAC. There are clearly common questions of law and fact, including, for example, whether the NAE marketing was false; whether it was important to consumers, and if so, what price premium it conferred; whether class-wide damages are ascertainable, etc. *See Lake Tahoe*, 558 F.2d at 917 ("[T]he primary purpose [of permissive joinder] is to promote trial convenience and to prevent multiple lawsuits.").

Allowing Plaintiffs leave to amend is clearly the most judicially efficient way to proceed. If the Amazon entities are not added at this juncture, they may well be named in later-filed related actions. Plaintiffs' proposal avoids the risk of having to proceed in litigation against Whole Foods now, while having to re-litigate the same issues separately against the Amazon entities later, either in this Court (risking repetitive redundant motions) or in other courts (risking inconsistent decisions). The most efficient way to proceed is with one complaint against all relevant defendants, moving forward with a single class certification motion against both sets of defendants.

4856-5963-1076.v1

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that they be permitted leave to file the PTAC.

DATED:  September 13, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
ALAINA L. GILCHRIST (335807)


                                                    s/ Aelish M. Baig
                                            AELISH M. BAIG

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
agilchrist@rgrdlaw.com

GRIME LAW LLP
DYLAN D. GRIMES (SBN 302981)
PAIGE M. TOMASELLI (SBN 237737)
730 Arizona Avenue
Santa Monica, CA  90401
Telephone:  310/747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

ELSNER LAW & POLICY, LLC
GRETCHEN ELSNER (*pro hac vice*)
314 South Guadalupe Street, Suite 123
Santa Fe, NM  87501
Telephone:  505/303-0980
gretchen@elsnerlaw.org

Attorneys for Plaintiffs

4856-5963-1076.v1

1        The undersigned, counsel of record for Plaintiff Sara Safari, *et al.*, certifies that

2    this brief contains 5,322 words, which complies with the word limit of L.R. 11-6.1.

3    DATED:  September 13, 2024

4

5                                                             s/ Aelish M. Baig

6                                                         AELISH M. BAIG

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4856-5963-1076.v1