| | |
|---|---|
| 1 | BRIAN R. BLACKMAN (SBN 196996) |
| | bblackman@blaxterlaw.com |
| 2 | J.T. WELLS BLAXTER (SBN 190222) |
| | wblaxter@blaxterlaw.com |
| 3 | DAVID P. ADAMS (SBN 312003) |
| | dadams@blaxterlaw.com |
| 4 | BLAXTER \| BLACKMAN LLP |
| | 601 Montgomery Street, Suite 1110 |
| 5 | San Francisco, California 94111 |
| | Telephone: (415) 500-7700 |
| 6 | |
| 7 | Attorneys for defendants WHOLE FOODS MARKET SERVICES, INC.; |
| 8 | WHOLE FOODS MARKET CALIFORNIA, INC.; and MRS. GOOCH'S NATURAL FOOD |
| 9 | MARKETS, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH (KESx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:  October 18, 2024<br>Time:  9:00 AM<br>Place:  411 West Fourth Street<br>            Courtroom 9D, 9th Floor<br>            Santa Ana, California 92701<br><br>The Honorable John W. Holcomb<br><br>Complaint Filed:  August 23, 2022<br>Trial Date:           Not Set |

[REDACTED VERSION OF DOCUMENT
PROPOSED TO BE FILED UNDER SEAL]

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. FACTUAL BACKGROUND ................................................................................ 2

    A. Amazon Does Not Control Defendants' Meat Compliance Program. ...... 2

    B. Procedural History Demonstrating Plaintiffs' Motion is Brought in Bad Faith. ............................................................................................................ 4

III. LEGAL ARGUMENT .......................................................................................... 5

    A. Plaintiffs Fail to Put Forward a Proper Factual Basis for Naming Amazon as a Defendant on Their Alleged Claims or Theory of Recovery. ................ 5

    B. Plaintiffs' Request for Leave to Amend is Futile and Should be Denied. ... 6

        1. Amazon Does Not Control Defendants' Meat Sourcing and Quality Standards. ................................................................................................ 6

        2. Amazon Does Not Direct Defendants to Charge a Price Premium for Antibiotic-Free Beef. ............................................................................. 10

        3. Amazon Does Not Direct Defendants' Response to Plaintiffs' Allegations. ............................................................................................ 12

        4. Plaintiffs Make No Showing that Amazon Sells Defendants' Beef Products Apart from Defendants' Sales as a Merchant on the Amazon Marketplace. .......................................................................................... 12

        5. Plaintiffs Make No Showing as to Which Amazon Entities Are Proper Defendants. ............................................................................................ 13

    C. Plaintiffs Have Not Acted Diligently, and This Motion is Untimely ...... 13

    D. Defendants Will be Prejudiced if Leave Is Granted. ................................ 14

    E. Plaintiffs' Motion is Not Brought in Good Faith and is Dilatory. ........... 14

IV. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Ayala v. Kia Motor Corp.*
   633 F. Supp. 3d 555 (D.P.R. 2022) ................................................................ 13

*Brown v. Stored Value Cards, Inc.*
   953 F.3d 567 (9th Cir. 2020) ........................................................................... 5

*Eminence Cap., LLC v. Aspeon, Inc.*
   316 F.3d 1048 (9th Cir. 2003) ......................................................................... 5

*Foman v. Davis*
   371 U.S. 178 (1962) ........................................................................................ 5

*Johnson v. Buckley*
   356 F.3d 1067 (9th Cir. 2004) ......................................................................... 6

*Kroessler v. CVS Health Corp.*
   977 F.3d 803 (9th Cir. 2020) ........................................................................... 6

*United States v. Bestfoods*
   524 U.S. 51 (1998) ........................................................................................ 13

## RULES

Page

Fed. R. Evid. 901 ................................................................................................... 6

## OTHER AUTHORITIES

Page

Local Civil Rule 79 ................................................................................................ 4

## I. INTRODUCTION

Plaintiffs Sara Safari and Peymon Khaghani's (collectively "Plaintiffs") motion for leave to amend is based on a fundamentally and demonstrably false premise – that Amazon.com Sales, Inc., Amazon.com Services LLC, or Amazon.com, Inc. (collectively "Amazon") controlled defendants Whole Foods Market California, Inc., Mrs. Gooch's Natural Food Markets, Inc., and Whole Foods Market Services, Inc.'s (collectively "Defendants"; referred to with the other entities of the Whole Foods Market family of companies as "Whole Foods Market") meat sourcing, quality standards, and sales. This is not the case.

Plaintiffs grasp at carefully selected documents from the over 150,000 pages Defendants have produced in discovery to argue Amazon exerted control over Defendants' meat practices. Plaintiffs' motion completely mischaracterizes these documents and their content. In fact, Plaintiffs purposefully chose not to take any depositions nor examine any witnesses about these documents and the circumstances of their creation so they could engage in the rampant speculation underlying their motion. As a result, Plaintiffs, predictably, interpret them incorrectly. **<u>Amazon does not control Defendants' meat sourcing, sales, and quality standards nor Defendants' response to Plaintiffs' claims.</u>** Plaintiffs' motion is almost entirely premised on these false assumptions and therefore fails provide a plausible factual basis on which to add these third parties. Their motion for leave should be denied as futile.

In addition to the futility of amendment, Courts consider several other factors in deciding a motion for leave to amend under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 15 and 20. Each of these factors weighs against granting Plaintiffs leave to amend. *First*, Plaintiffs have not acted diligently, and this motion is not timely. Setting aside Plaintiffs' incorrect and supported theory that Amazon controls Defendants' meat sourcing and standards, the main evidence Plaintiffs rely

on to tie Amazon to Defendants' sale of antibiotic-free beef is the fact that Whole Foods Market's private label beef products are sold on the Amazon online marketplace. Plaintiffs, however, have known of this fact since this case began two years ago. Indeed, they alleged it in their initial complaint. *See* ECF No. 1, ¶¶10, 17, 42 & 45. Plaintiffs, however, waited two years to seek to add Amazon as a defendant. This delay alone justifies denial of the present motion.

*Second*, and most importantly, Defendants will be prejudiced if the present motion is granted because it will inevitably delay resolution of this matter as class certification and discovery are extended to allow Plaintiffs time to obtain discovery from Amazon. Not only do Defendants have a right to speedily resolve this dispute under the Fed. R. Civ. P. 1, but any delay postpones Defendants' ability to clear their name and remove the pall of Plaintiffs' erroneous claims in this suit from their meat program. So long as this case remains unresolved, Defendants risk losing customers who may no longer trust Defendants' commitment to providing quality antibiotic-free beef.

*Finally*, Plaintiffs' motion was not brought in good faith. Instead, Plaintiffs filed the present motion as an excuse to justify continuing their prior August 6, 2024 class certification deadline and as a pretext to more easily obtain discovery from Amazon regarding their claims against Defendants.

## II.     FACTUAL BACKGROUND

**A.     Amazon Does Not Control Defendants' Meat Compliance Program.**

Long before Amazon acquired Defendants in 2017, Defendants worked to develop and implement standards applicable to beef suppliers seeking to have their products sold at Whole Foods Market stores, as well as the onboarding and vetting procedures applicable to those meat suppliers. Declaration of Richard Atkin ("Atkin Decl."), ¶2. These quality standards and onboarding and vetting procedures (referred to collectively as the "Meat Assurance Program") were developed

1  incrementally and evolved over time. *Ibid.* The Meat Assurance Program has
2  always prohibited the use of antibiotics on animals sold to Whole Foods Market.
3  *Ibid.* Sick animals must receive treatment as needed, but antibiotic-treated animals
4  must not be sold to Whole Foods Market. *Ibid.*
5       Under the Meat Assurance Program, beef suppliers are required to ▉
6  ▉
7  ▉ Atkin
8  Decl., ¶3. One such requirement is that the supplier's products meet Whole Foods
9  Market's "No Antibiotics Ever" standard. *Ibid.* Beef suppliers demonstrate their
10 compliance with Whole Foods Market's Meat Assurance Program through, among
11 other things, their ▉
12 ▉
13 ▉ *Ibid.*
14      After Amazon acquired Whole Foods Market in 2017, Amazon neither
15 directed Whole Foods Market to change its Meat Assurance Program nor assumed
16 supervision or administration of the program. Atkin Decl., ¶4. Whole Foods
17 Market continued to run its Meat Assurance Program the same way it had prior to
18 Amazon's acquisition. *Ibid.* Amazon did, however, lean on Whole Foods Market's
19 expertise to help develop its own quality assurance and onboarding program for
20 meat sold under Amazon's private label. *Ibid.* As part of this process, ▉
21 ▉
22 ▉. *Id.* at ¶¶4,6; ECF No. 164-14 [Draft Amazon Meat Standard]; ECF No.
23 164-16, at Ex. 16 [same]; ECF No. 164-16, at Ex. 22, at WFM_059626 [Email
24 summarizing Whole Foods Market's efforts to help develop Amazon's meat
25 standards].[1] Amazon's meat standards were never intended to supersede or replace

---

[1] Much of Plaintiffs' evidence was incorrectly submitted in this matter, forcing Defendants to adopt an unconventional citation convention. First, while Plaintiffs filed redacted versions of ECF Nos. 164-14, 164-15, 164-16 accompanied by an

1  Whole Foods Market's Meat Assurance Program, which remained under the control
2  and administration of Whole Foods Market.  Atkin Decl., ¶5.
3      Whole Foods Market Team Members also worked to educate Amazon, as
4  related companies, generally regarding Whole Foods Market's Meat Assurance
5  Program and the meat supply chain.  Atkin Decl., ¶7; ECF No.164-16, at Ex. 17.
6  ████████████████████████████████████████████████████████████████
7  ███████████████████████████████████████  Atkin Decl., ¶6.
8      Amazon does not now and never has had a role in reviewing or approving
9  supplier applications submitted as part of Whole Foods Market's Meat Assurance
10 Program.  Atkin Decl., ¶8. ██████████████████████████████████
11 ████████████████████████████████████████████████████████████████
12 ██████████████████████████████████████████████
13 ████████████████████████████████████████████████████████████████
14 ██████████████████████████████████ *Id.* at ¶9.

15 **B.**    **Procedural History Demonstrating Plaintiffs' Motion is Brought in Bad**
16        **Faith.**
17     Plaintiff approached Defendants on July 22, 2024, two weeks before their
18 August 6, 2024, class certification deadline, asking that Defendants stipulate to
19 extending this deadline for a second time.  Declaration of David Adams ("Adams
20 Decl."), ¶2.  On July 30, 2024, the parties met and conferred, and Plaintiffs
21 explained that they wished to continue the deadline to add Amazon as a defendant
22 because it would aid their ability to obtain discovery from Amazon.  *Ibid.*

---

24 application to seal these documents; Plaintiffs never filed under seal unredacted
25 copies of these exhibits after the Court granted their application.  *See* Local Civil
   Rule 79-5.2.2(a).  As a result, Defendants cannot cite ECF page numbers in these
26 exhibits and instead cite Defendants Bates numbers where possible.  Second, the
   Plaintiffs filed Exhibits 16-26 as a single docket entry: ECF No. 164-16.  Thus,
27 when Defendants cite one of these exhibits, they provide the ECF and exhibit
   numbers.
28

## III. LEGAL ARGUMENT

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In considering a party's request for leave to amend, a court should consider (1) undue delay, (2) possible bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) the futility of amendment. *Ibid.*, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Of the *Foman* factors, prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573–74 (9th Cir. 2020). Indeed, no presumption towards granting leave to amend exists at all when the opposing party demonstrates it will be prejudiced if the motion is granted. *Eminence Cap. LLC.*, 316 F.3d at 1052. While district courts are directed to use their discretion to "freely" grant requests for leave to amend, this presumption may be overcome by "a strong showing of any of the remaining *Foman* factors." *Ibid*.

Here, the *Foman* factors weigh against granting Plaintiffs' request for leave to amend. Importantly, Plaintiffs fail to make any evidentiary showing to support their arguments.

**A.   Plaintiffs Fail to Put Forward a Proper Factual Basis for Naming Amazon as a Defendant on Their Alleged Claims or Theory of Recovery.**

Plaintiffs' proposed amendment fails to plausibly state a claim because Plaintiffs allegations, and the arguments in their motion, are based on speculation not facts. Plaintiffs have not deposed any of Defendants' employees in this case. Accordingly, while Plaintiffs offer as exhibits numerous documents produced by Defendants and speculate as to their meaning and import, Plaintiffs lack the requisite foundation to draw conclusions from any of these documents. Fed. R.

Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). As shown in the following Sections, this is no mere technicality. Without testimony explaining these documents, Plaintiffs draw unsupported and erroneous conclusions from them to support their arguments in the present motion.

**B.  Plaintiffs' Request for Leave to Amend is Futile and Should be Denied.**

"If no amendment would allow the complaint to withstand dismissal as a matter of law, courts consider amendment futile." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020). "Futility alone can justify the denial of a motion to amend." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (district court did not abuse discretion denying motion for leave to amend).

Plaintiffs' request for leave to name three separate Amazon entities as defendants in this matter is futile because the arguments in Plaintiffs' motion, and corresponding allegation in their proposed Third Amended Complaint, are not plausibly based on "facts."

**1.  Amazon Does Not Control Defendants' Meat Sourcing and Quality Standards.**

Plaintiffs' primary contention – that Amazon controls Defendants' marketing, sourcing, and sale of meat and is responsible for ensuring Defendants' compliance with quality standards set by Amazon – is not true. After Amazon acquired Whole Foods Market in 2017, Amazon neither directed Whole Foods Market to change its Meat Assurance Program nor assumed supervision or administration of the program. Atkin Decl., ¶4. Whole Foods Market continued to run its Meat Assurance Program the same way it had prior to Amazon's acquisition. *Ibid*. While Plaintiffs seize on cherry-picked documents to provide a strained argument to the contrary, these documents do not support Plaintiffs' contentions.

For example, Plaintiffs rely on draft documents entitled Amazon Meat Standards to contend that these standards applied to Whole Foods Market and were developed and administered by Amazon. ECF No. 163 at 9:18-21, fn. 27; 10:6-9, fn. 28; & 12:4-8, fns. 31-32. Plaintiffs completely mischaracterize the content and significance of these documents. ███████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████. ECF No. 164-14; ECF No. 164-16, at Ex. 16. The fact that ███████████████████████████ ████████████████ does not mean Amazon's standards applied to Whole Foods Market. Rather, the ███████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████. Atkin Decl., ¶4.

The Amazon Meat Standard Document was never intended to supersede or replace Whole Foods Market's own Meat Assurance Program and related standards, which remained under the control and administration of Whole Foods Market. *Id.* at ¶5. The fact that Amazon conformed to Whole Foods Market's standards, and not the other way around, is evidenced by ███████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████ ECF No. 164-14, at WFM_064099; ECF No. 164-16, at Ex. 16, at WFM_026290 (emphasis added). While ████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████ at no point did Amazon exert control over Whole Foods Market's Meat Assurance Program. Atkin Decl., ¶5; ECF No. 164-14, at WFM_064103; ECF No. 164-16, at Ex. 16, WFM_026295.

Similarly, Plaintiffs wrongly claim that a chain of emails sent in January and February of 2022 discussing Whole Foods Market's ongoing animal welfare

Case 8:22-cv-01562-JWH-KES    Document 176    Filed 09/27/24    Page 11 of 19    Page ID #:4769

projects shows that Amazon controlled Whole Foods Market's meat standards.  ECF No. 163, p. 6, fn. 21 (citing ECF No. 164-16, at Ex. 22).  Not true.  This email demonstrates that Amazon was *not* controlling Whole Foods Market's Meat Assurance Program.  Atkin Decl., ¶6.  The affiliated companies were simply working █████████████████████████████████████████████████████████ ████████████████████████████████████ *Ibid.*; ECF No. 164-16, at Ex. 22, at WFM_059626 ███████████████████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ ███████████  Indeed, the document shows that ██████████████████ ████████████████████████████████████████████████████ ████████.  *Ibid.*

Plaintiffs also contend that Amazon's control over Whole Foods Market is demonstrated by meeting notes reflecting Whole Foods Market's efforts to educate Amazon generally regarding Whole Foods Market's Meat Assurance Program and meat supply chain.  ECF No. 163, p. 6, fn. 20 (citing ECF No. 164-16, at Ex. 17).  Again, this contention is false.  The cited email chain unquestionably shows that Whole Foods Market was ████████████████████████████████████████ ████████████████████.  ECF No. 164-16, at Ex. 17, WFM_104545 ██████ ██████████████████████████████████████████████████████████ ███████████████████████████████████████████ ███████████  While this document shows that ████████████████ ██████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████ Atkin Decl., ¶7.  Instead, ███████████████████████████████████████ ████████████████████████████████████████████████ *Ibid.*

-8-     Case No. 8:22-CV-01562-JWH (KESx)
DEFS' OPPO. TO PLTFS' MTN. FOR LEAVE TO AMEND SAC

Plaintiffs next point to several emails to erroneously contend that Amazon and Whole Foods Market were together responsible for approving applications for suppliers who wished to sell their beef at Whole Foods.  ECF No. 163, p.6, fn.21 (citing ECF No. 164-16, at Exs. 18-23).  Again, a complete mischaracterization of the document.  After Amazon's acquisition of Whole Foods Market, Amazon did not have a role in reviewing or approving supplier applications submitted to Whole Foods Market under the Meat Assurance Program.  Atkin Decl., ¶8.  ████
████
████ *Ibid.*  For example, in the August 5, 2019 email, ████
████
████ *Ibid.*; ECF No. 164-16, at Ex. 19.  The first email in this chain, however, ████
████ *Id.* at WFM_034462-63; Atkin Decl., ¶8.  In such instances, ████
████
████ Atkin Decl., ¶8.  Other than ████
████ ECF No. 164-16, at Ex. 19.
████
████
████
████ Atkin Decl., ¶9. ████
████
████ *Ibid.*; ECF No. 164-16, at Ex. 20.  Plaintiffs' Exhibits 19 and 20 are examples of this occurrence.  ECF No. 164-16, at Ex. 20.  Plaintiffs' Exhibits 19 and

20, however, do not demonstrate that Amazon participated in this process in any way besides simply being copied on the email.

Similarly, Plaintiffs' Exhibit 21 simply shows ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* ECF No. 164-16, Ex. 21. No Amazon personnel is copied on the chain, and there is no discussion of Amazon's standards or control of Whole Foods Market. *Ibid.* Plaintiffs' citation to Exhibit 23 is even further off the mark, as this document is simply a meeting invite to discuss the Amazon Meat Standards documents previously discussed. ECF No. 164-16, Ex. 23. The document does not discuss, expressly or implicitly, Amazon's purported control of Whole Foods Market because Amazon had no such control. *Ibid.*

Finally, in a few cases, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Atkin Decl., ¶10. For instance, in 2019 and 2020, a producer sought to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ECF No. 164-16, Ex. 18. In this instance, Whole Foods Market determined it would only allow the producer to ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *Id.* at WFM_020104; Atkin Decl., ¶10. This communication demonstrates Whole Foods Market's control over its own standards, not the other way around.

### 2. Amazon Does Not Direct Defendants to Charge a Price Premium for Antibiotic-Free Beef.

Plaintiffs also fail to show a plausible basis for claiming that Amazon directed Defendants to charge a price premium for its meat based on the challenged antibiotics statements. For instance, Plaintiffs rely on a February 2020 email chain

1 | where the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  ECF No. 164-16, at Ex. 26.  In that email, one
3 | employee ambiguously asks, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6 | ▮▮▮▮▮▮▮   *Id.* at WFM_041367.  At no point does this email discuss the nature of
7 | Amazon's purported control over Defendants' pricing or whether this control was
8 | exercised to charge a price premium for Defendants' beef products.  *Ibid*.
9 |             Similarly, Plaintiffs cite an April 2, 2019, email sent to Defendants'
10 | employees summarizing various media coverage related to Defendants.  ECF No.
11 | 164-16, at Ex. 24.  Some of these media stories refer to Amazon directing Whole
12 | Foods to make changes to prices in several product categories, including lowering
13 | the price of animal-welfare-rated ground beef.  *Id.* at WFM_001418, and
14 | WFM_001442.
15 |             The most that can be said of Exhibits 24 and 26 is that they show Amazon
16 | exercised some general control over pricing.  These exhibits do not, however, show
17 | that Amazon considered the value of Defendants' antibiotics claims in setting the
18 | price of meat.  Indeed, Exhibit 24 shows that Amazon directed Defendants to
19 | *decrease* the price of beef products – the opposite of charging a price premium.
20 |             Plaintiff's reliance on Exhibits 25 and 27 is even more strained and
21 | attenuated.  Exhibit 27 is a copy of the Conditions of Use applicable to consumers'
22 | use of Whole Foods Market's stores and website.  ECF No. 165-17.  While this
23 | document references and incorporates the Amazon.com Conditions of Use, this fact
24 | does not show that Amazon controlled or directed specific actions related to the sale
25 | or pricing of Defendants' beef products.
26 |             Exhibit 25 is an animal 2020 Animal Welfare Report issued with respect to
27 | Amazon and Whole Foods Market.  ECF No. 164-16, Ex. 25.  In the report, ▮▮▮▮
28 |

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*

at WFM_012064-72.  This document neither demonstrates Amazon's control of an alleged price premium charged by Whole Foods Market nor Amazon's control of Whole Foods Market's standards and practices.  Rather, it demonstrates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### 3. Amazon Does Not Direct Defendants' Response to Plaintiffs' Allegations.

Plaintiffs rely on an August 2022 email chain between an Amazon employee, an Amazon list serve email address, and a Whole Foods Market list serve email address to erroneously contend that Amazon directed Defendants' response to Plaintiffs' claims in this action.  *See* ECF No. 164-18, Ex. 28.  This email chain, however, does not support this proposition.  *Ibid.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Ibid.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Ibid.* Plaintiffs cite no other evidence to support this argument.  Thus, the argument is misleading and baseless speculation.  *See* ECF No. 163 at 10 & 36, fns. 29 and 36.

### 4. Plaintiffs Make No Showing that Amazon Sells Defendants' Beef Products Apart from Defendants' Sales as a Merchant on the Amazon Marketplace.

Plaintiffs claim that Amazon sells Defendants' beef, with its contested antibiotics claims, "through Whole Foods Market on Amazon, Amazon Fresh, and directly through Amazon.com." ECF NO. 163, p.12.  In support of this proposition, Plaintiffs cite five screenshots of product pages taken from the Amazon.com website.  *Id.* at pp. 2, 12, fns. 4, 34.  Plaintiffs, however, completely fail to link these products to the antibiotics testing allegations contained in their complaints.  *Ibid.*

### 5. Plaintiffs Make No Showing as to Which Amazon Entities Are Proper Defendants.

Plaintiffs put forward no evidence as to which of the three potential Amazon defendants, Amazon.com Sales, Inc., Amazon.com Services LLC, or Amazon.com, Inc., is the correct defendant entity. The fact that Amazon.com, Inc. is an indirect parent of Defendants is not sufficient to establish its own liability or the liability of the other potential Amazon defendants. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply "ingrained in our economic and legal systems" that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.").

### C. Plaintiffs Have Not Acted Diligently, and This Motion is Untimely.

"[A]lthough delay alone may not result in a denial of leave to amend, courts have held that leave may be withheld if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for the failure to plead them at that time." *Ayala v. Kia Motor Corp.*, 633 F. Supp. 3d 555, 574–75 (D.P.R. 2022).

Plaintiffs did not act with diligence to bring their claims against Amazon because the primary evidence they have connecting Amazon to Defendants' challenged antibiotics statements – Whole Foods Market's sale of its beef as a merchant on the Amazon marketplace – has been known to Plaintiffs since the outset of this litigation. Plaintiffs' original Complaint alleges that Defendants sell their beef on Amazon's marketplace using the phrase "No added growth hormones or antibiotics, ever." ECF No. 1, ¶¶42, 45. Plaintiffs likewise allege in their initial Complaint that they relied on Whole Foods Market's product representations made on the Amazon marketplace when deciding to purchase beef from Defendants. *Id.* at ¶¶10, 17. Simply put, Plaintiffs were always aware that Defendants sold beef on

the Amazon marketplace but waited over two years until the verge of class certification briefing before seeking to include Amazon in this action. Moreover, Plaintiffs have not shown any connection whatsoever between beef products sold through Amazon's platform and the allegedly positive antibiotic testing.

While Plaintiffs contend that Amazon is also a proper defendant for other reasons – Amazon's alleged control over Defendants' meat standards, pricing, and response to this action – these arguments are meritless and lack a plausible basis in fact, as detailed in Sections III.A and III.B above. This factor weighs against Plaintiffs.

**D.     Defendants Will be Prejudiced if Leave Is Granted.**

Defendants will be prejudiced if this motion is granted because it will delay the resolution of the present matter. Should Plaintiffs obtain leave to amend, a request to continue the currently set December 5, 2024 class certification briefing deadline will inevitably follow. Plaintiffs will contend they need further time to take discovery from Amazon regarding the scope of their proposed class.

Not only do Defendants have a right to speedily resolve this dispute under Fed. R. Civ. P. 1, but any delay postpones Defendants' ability to clear their names and remove the pall of Plaintiffs' erroneous claims in this suit from their meat program. So long as this case remains unresolved, Defendants risk losing customers who may no longer trust Defendants' commitment to providing quality antibiotic-free beef.

**E.     Plaintiffs' Motion is Not Brought in Good Faith and is Dilatory.**

Plaintiffs' motion is not brought in good faith because it was brought to ease Plaintiffs' ability to take discovery from Amazon and to delay class certification.

Plaintiffs both admitted in their moving papers and in the parties' meet and confer that they seek to add Amazon as a party so they can propound party discovery to Amazon. Adams Decl., ¶2; ECF No. 163, at p. 14, lines 3-15.

Plaintiffs' desire to avail themselves of the more liberal party discovery standard, however, is not grounds for dragging Amazon into this action. Plaintiffs claim they need to add Amazon as a defendant to obtain discovery showing the identities of consumers who purchased Defendants' beef. *Id.* at fn. 4.[2] Plaintiffs, however, can obtain this information just as easily through a subpoena to Amazon. Indeed, Plaintiffs *have* propounded such a subpoena already. Adams Decl., ¶3, Ex. A [Notice of Subpoena].

Instead, Plaintiffs' true motive in seeking to name Amazon as a defendant appears to have simply been a desire to avoid their prior deadline to file for class certification in August of this year. Plaintiffs reached out to Defendants two weeks prior to the deadline to meet and confer regarding their request to this Court seeking to continue their deadline, all based on the pretext that Plaintiffs sought to name Amazon as a Defendant. Adams Decl., ¶2. As explained in Section III.C, Plaintiffs knew about Amazon's role in selling Defendants beef since the outset of this case but waited until the last minute to seek to amend in order to avoid their deadline.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion in its entirety.

---

[2] While it is true that Defendants do not maintain information regarding the identity of their customers, it is inaccurate to state they "withheld" or "refused" to produce this information as Plaintiffs misrepresent. Defendants simply do not possess it and, therefore, could not produce it. Importantly, despite Plaintiffs' misleading citation to outdated legal objections contained in Defendants' discovery responses (*See* ECF No. 163, p. 4, fn. 11 [Citing ECF Nos. 164-11, 164-12, and 164-13), Defendants *have* produced sales data that covers both their in-store sales of relevant beef products and sales of beef products as a merchant on Amazon.com. Adams Decl., ¶3. There is no need for Plaintiffs to request this information from Amazon.

Dated: September 27, 2024

BLAXTER | BLACKMAN LLP

By: /s/ *David P. Adams*
BRIAN R. BLACKMAN
DAVID P. ADAMS
Attorneys for Defendants WHOLE FOODS MARKET SERVICES, INC.; WHOLE FOODS MARKET CALIFORNIA, INC.; MRS. GOOCH'S NATURAL FOOD MARKETS, INC.