GRIME LAW LLP
DYLAN D. GRIMES (SBN 302981)
PAIGE M. TOMASELLI (SBN 237737)
730 Arizona Avenue
Santa Monica, CA 90401
Telephone: 310/747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

ELSNER LAW & POLICY, LLC
GRETCHEN ELSNER
314 South Guadalupe Street, Suite 123
Santa Fe, NM 87501
Telephone: 505/303-0980
gretchen@elsnerlaw.org

ROBBINS GELLER RUDMAN
 & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
ALAINA L. GILCHRIST (335807)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
agilchrist@rgrdlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, et al., on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, et al.,<br><br>Defendants. | Case No. 8:22-CV-01562-JWH-KES<br><br>CLASS ACTION<br><br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT<br><br>DATE: October 18, 2024<br>TIME: 9:00 a.m.<br>JUDGE: Hon. John W. Holcomb<br>CTRM: 9D, 9th Floor |

[REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL]

4877-1481-3164.v1

# TABLE OF CONTENTS

**Page**

I.      Introduction ................................................................................................... 1

II.     Whole Foods Has Failed to Demonstrate Any *Foman* Factor
        Warranting Denial of Leave to Amend ............................................................ 3

        A.      *Whole Foods'* Assertions About the Futility of an *Amazon*
                Amendment Are Improper and Untenable .......................................... 3

        B.      Plaintiffs' Motion Is Timely ............................................................. 6

        C.      The Whole Foods Defendants Will Not Be Prejudiced ....................... 7

        D.      Plaintiffs' Motion Is Brought in Good Faith ....................................... 8

III.    Conclusion ...................................................................................................... 10

4877-1481-3164.v1

1

# TABLE OF AUTHORITIES

2

**Page**

3

4

## CASES

5

*Abels v. JB Legal Grp., P.C.*,
6
    229 F.R.D. 152 (N.D. Cal. 2005) .......................................................... 6

7
*Arrellano v. Borg*,
8
    66 F.3d 334 (9th Cir. 1995) .............................................................. 6, 8

9
*Brown v. Stored Value Cards, Inc.*,
    953 F.3d 567 (9th Cir. 2020) ................................................................ 3
10

11
*Carvajal v. Clark Cnty.*,
    539 F. Supp. 3d 1104 (D. Nev. 2021) ................................................. 6
12

13
*Chang v. Cashman*,
    2024 WL 1160909 (N.D. Cal. Mar. 18, 2024) ............................. 3, 4, 5
14

15
*Clark v. Hamilton Mortg. Co.*,
    2008 WL 919612 (W.D. Mich. Apr. 2, 2008) ..................................... 4
16

17
*Eminence Cap., LLC v. Aspeon, Inc.*,
    316 F.3d 1048 (9th Cir. 2003) .............................................................. 2

18
*Foman v. Davis*,
19
    371 U.S. 178 (1962) ......................................................................... 2, 3

20
*Imemco, Inc. v. Lumenis, Ltd.*,
21
    2017 WL 11633198 (C.D. Cal. Jan. 17, 2017)................................. 6, 7

22
*Morongo Band of Mission Indians v. Rose*,
    893 F.2d 1074 (9th Cir. 1990) ............................................................. 6
23

24
*Pacesetter Consulting LLC v. Kapreilian*,
    2019 WL 2603722 (D. Ariz. June 25, 2019) ...................................... 4
25

26
*Schoene v. Spirit Airlines, Inc.*,
    2024 WL 1329056 (D. Or. Mar. 28, 2024) ........................................ 4

27
*Scott v. City of L.A.*,
28
    2023 WL 2563070 (C.D. Cal. Mar. 17, 2023) ................................... 7

4877-1481-3164.v1

1

2                                                                              **Page**

3

*Segal v. Brachfeld*,
    2012 WL 3792756 (N.D. Cal. Aug. 31, 2012) ..................................................... 6

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*,
    708 F.3d 1109 (9th Cir. 2013) ............................................................................. 8

*Stearns v. Select Comfort Retail Corp.*,
    763 F. Supp. 2d 1128 (N.D. Cal. 2010) ............................................................. 9

**STATUTES, RULES, AND REGULATIONS**

Federal Rules of Civil Procedure
    Rule 15 .................................................................................................................. 3
    Rule 15(a) ............................................................................................................. 2
    Rule 15(a)(2) ......................................................................................................... 3

4877-1481-3164.v1

## I.    Introduction

The Whole Foods Defendants'[1] arguments that they will be prejudiced by Plaintiffs Sara Safari's and Peymon Khaghani's (collectively, "Plaintiffs") filing of their [Proposed] Third Amended Class Action Complaint ("PTAC") (Ex. 1)[2] are unfounded.  Recently-produced evidence demonstrates that both Amazon[3] and Whole Foods are selling the same products, from the same suppliers, with the same false marketing, under the same meat standard policies, using the same head-in-the-sand Global Animal Partnership ("GAP") certification/audit program created and funded by Whole Foods.  Said program does no testing whatsoever of the meat both Whole Foods and Amazon sell under the "No Antibiotics, Ever" guarantee.[4]

Whole Foods' opposition does not refute any of this.  Incredibly, the Whole Foods opposition and proffered Atkin Decl.[5] concede Amazon is using the same marketing, sourcing, and pricing policies – the conduct at the very heart of Plaintiffs' claims, which this Court has already upheld at the pleading stage.  ECF 75 at 19-21. Atkin's declaration is replete with admissions that once Amazon acquired Whole Foods in 2017, it adopted Whole Foods' meat standards practices/policies.  Atkin Decl., ¶4.  Atkin further admitted that: (a) Amazon's meat standard policy "████

████████████████████████████████████████████████████████████████████████████

---

[1]    "Whole Foods" or "Defendants" are Whole Foods Market Services, Inc.; Whole Foods Market California, Inc.; and Mrs. Gooch's Natural Foods Markets, Inc.

[2]    All "Ex.   " citations herein are to the Declaration of Taeva C. Shefler in Support of Plaintiffs' Motion for Leave to Amend Second Amended Class Action Complaint (ECF 164), Documents Filed Under Seal Pursuant to the Order of the Court Dated September 16, 2024 (ECF 179), and the Declaration of Taeva C. Shefler in Support of Reply in Support of Plaintiffs' Motion for Leave to Amend Second Amended Class Action Complaint, attached hereto.

[3]    "Amazon" collectively refers to Amazon.com Sales, Inc., Amazon.com Services LLC, and Amazon.com, Inc.

[4]    See, e.g., Exs. 5-9, 11-28.

[5]    "Atkin Decl." refers to the Declaration of Richard Atkin in Support of Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Second Amended Class Action Complaint (ECF 182-1), filed September 27, 2024.

1   ███████████████████████████████████████████████████████████████████████████████ ";

2   (b) "*Amazon conformed to Whole Foods Market's standards . . .*"; and (c) "*the*

3   *companies were simply working* ████████████████████████████████████████████

4   ███████████████████████████████████████████████████████████████████████████████

5   ████████ " *Id.*, ¶¶4-6.  His insistence that Amazon conformed to Whole Foods, and

6   not the other way around, is beside the point.

7          Amazon "███████" its own policy/practice with the very Whole Foods

8   policy/practice that Plaintiffs have adequately alleged violates the law, and this Court,

9   acknowledging this is "an important case," has allowed those claims to move forward.

10   Hrg Tr. on motion to stay, ECF 91 at 17; ECF 75 at 19-21.  Denying Plaintiffs'

11   Motion[6] would result in judicial *in*efficiency as it would require Plaintiffs to file

12   separate actions against related entities with identical claims of misconduct and

13   *seriatim* class certification motions.  Moreover, any judgment or resolution of the

14   action would likely implicate Amazon given Amazon's involvement in Whole Foods'

15   marketing, sourcing, and sales of meat.

16          "Absent prejudice, or a strong showing of any of the [] *Foman* factors, there

17   exists a presumption under Rule 15(a) in favor of granting leave to amend."

18   *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

19   "Rule 15(a) declares that leave to amend 'shall be freely given when justice so

20   requires'; this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

21   Here, Plaintiffs diligently and aggressively pursued discovery from both parties and

22   third parties[7] (and continue to do so) and promptly filed this motion as soon as

---

[6]   "Motion" refers to Plaintiffs' Notice of Motion and Motion for Leave to Amend
Second Amended Class Action Complaint (ECF 163).

[7]   Specifically, Plaintiffs have propounded 52 document requests to the Whole Foods
Defendants.  Upon receipt and review of documents produced, and review of Whole
Foods' responses that certain information sought was in Amazon's possession,
Plaintiffs also issued a subpoena to Amazon containing 12 document requests.
Amazon objected to each request partly because the documents sought are "in the
possession, custody, or control of a party to the litigation or associated non-party" –
*i.e.*, the Whole Foods Defendants.  Ex. 29 (Amazon's Combined Objections to

4877-1481-3164.v1

Amazon's integral role in the alleged misconduct became apparent. Pursuant to the Ninth Circuit's instruction that Federal Rule of Civil Procedure 15 should be construed liberally in favor of amendment, that alone should be sufficient. *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). Defendants ignore these standards and desperately seek to manufacture undue delay and prejudice. Neither exists, and the Court should allow Plaintiffs to file the PTAC.

## II. Whole Foods Has Failed to Demonstrate Any *Foman* Factor Warranting Denial of Leave to Amend

The Whole Foods Defendants' opposition to Plaintiffs' Motion is inconsistent with their own interests. Whole Foods' assertions as to its separateness from Amazon are belied by the very nature of Whole Foods' argument on behalf, and for the protection, of Amazon. The fact that Whole Foods deems it has access to sufficient information about Amazon's policies, procedures, and operations to even make the argument that amendment as to Amazon is futile, only underscores Plaintiffs' point: Whole Foods and Amazon are inextricably intertwined on the issues relevant here. Amazon is itself engaged in the alleged unlawful conduct. Amendment is appropriate because it promotes judicial efficiency and because justice so requires. Fed. R. Civ. P. 15(a)(2).

### A. *Whole Foods'* Assertions About the Futility of an *Amazon* Amendment Are Improper and Untenable

Denial of leave to amend on the grounds of futility is rare. This factor should only weigh "in favor of denying leave to amend where '***no*** set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim.'" *Chang v. Cashman*, 2024 WL 1160909, at *7 (N.D. Cal. Mar. 18, 2024) (emphasis added). Defendants fail to show that is the case here.

The Court has already upheld Plaintiffs' claims brought against Whole Foods for violations of California's Consumer Legal Remedies Act, Unfair Competition

_____

Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated Sept. 16, 2024).

1    Law, and False Advertising Law (among other claims).  ECF 75.  Nothing in the

2    PTAC alters those claims against Whole Foods.  The PTAC alleges identical claims

3    against three new Amazon parent corporations that would make them jointly and

4    severally liable with Whole Foods.  Thus, if leave to amend were granted, the Whole

5    Foods Defendants would each be facing potentially ***less*** liability for the same causes

6    of action because said liability could be shared.  Given that Plaintiffs' Motion does not

7    affect the merits as to Whole Foods – or in fact benefits them – their opposition

8    appears to be filed for an improper purpose.  *Clark v. Hamilton Mortg. Co.*, 2008 WL

9    919612, at *2 (W.D. Mich. Apr. 2, 2008) ("When faced with plaintiffs' motion for

10   leave to amend, the present defendants should not have objected, as they are

11   unaffected by the proposed amendment.").   The true purpose of Defendants'

12   opposition appears to be to protect the interests of their parent corporations.  Whole

13   Foods' assertions of futility of amendment as to Amazon are wholly improper and

14   should not be countenanced by the Court.  *Pacesetter Consulting LLC v. Kapreilian*,

15   2019 WL 2603722, at *2 (D. Ariz. June 25, 2019) ("'[C]urrent parties "unaffected by

16   [the] proposed amendment" do not have standing to assert claims of futility on behalf

17   of proposed defendants.'").

18        Moreover, Whole Foods' futility argument is largely focused on factual

19   disputes, imploring the Court to interpret evidence that Whole Foods asserts weighs in

20   favor of futility of amendment.  However, a weighing of the evidence or resolution of

21   factual disputes is not appropriate at the (pre-)pleadings stage.  Opp.[8] at 1, 2-4, 7-12;

22   *Chang*, 2024 WL 1160909, at *7 ("'The merits or facts of a controversy are not

23   properly decided in a motion for leave to amend and should instead be attacked by a

24   motion to dismiss for failure to state a claim or for summary judgment.'"); *see also*

25   *Schoene v. Spirit Airlines, Inc.*, 2024 WL 1329056, at *3 (D. Or. Mar. 28, 2024) ("If

26   the underlying facts or circumstances possibly could be a proper subject of relief, a

27   _____

28   [8]  "Opp." is Defendants' Opposition to Plaintiffs' Motion for Leave to Amend
     Second Amended Class Action Complaint (ECF 182).

- 4 -

4877-1481-3164.v1

plaintiff ought to be afforded an opportunity to test his claim on the merits.") (internal quotations omitted). Thus, at this stage the Court should set aside Whole Foods' alternate interpretations of documents that serve only to raise questions of disputed fact. Exs. 14-28. The Atkin Decl. improperly quibbles with the meaning of certain documents produced and seeks to diminish their importance by stating, for example, that Atkin instructed his Whole Foods team in certain circumstances "███████" certain Amazon-related emails. Atkin Decl., ¶8. Whatever inference Defendants would have the Court draw from that, it is certainly not appropriately drawn at this stage of proceedings. *Chang*, 2024 WL 1160909, at *7. Nor is it compelling in any event, particularly as Atkin goes on to state that where the same suppliers sought to "██████████████████████████" it was "██████████████████████ ██████████████████████" Atkin Decl., ¶9. Thus, by Whole Foods' own admission, the Whole Foods verification program, which Plaintiffs adequately alleged to be unlawful, was used by Amazon for Amazon's meat sales as well. *Id*.

Equally unpersuasive is Whole Foods' argument that Plaintiffs are unable to link the exemplar Whole Foods-branded products sold by Amazon to the antibiotics testing allegations in the Complaint. Mot. at 12. Plaintiffs' proposed new allegations are that Amazon directly sells products carrying the same false "No Antibiotics, Ever" warranty; disseminates the same false "No Antibiotics, Ever" messaging; purchases meat products from the same suppliers as Whole Foods under the same meat standard policies; and fails to verify the truth of its "No Antibiotics, Ever" marketing claims by utilizing the same sham certification program as Whole Foods. Mot. at 6-8; Exs. 5-9, 14-28. Plaintiffs allege that the Whole Foods Defendants and Amazon are inextricably intertwined in their meat purchasing practices, as well as their marketing and sales, and any injunctive relief sought and agreed upon or ordered would require Amazon's involvement in implementation. Mot. at 8. Notably, Amazon books all

4877-1481-3164.v1

1  revenue brought in by both Whole Foods and Amazon meat sales.[9]  Mot. at 3, 12;

2  Ex. 11; PTAC, ¶¶39-40.

3       **B.    Plaintiffs' Motion Is Timely**

4       Plaintiffs timely brought the motion to amend before the setting of any

5  discovery deadline, and there are no pretrial or trial dates set.  ECF 157 at 2; *Abels v.*

6  *JB Legal Grp., P.C.*, 229 F.R.D. 152, 156 (N.D. Cal. 2005) (no undue delay two

7  months before discovery deadline); *Segal v. Brachfeld*, 2012 WL 3792756, at *2

8  (N.D. Cal. Aug. 31, 2012) (no undue delay when no pretrial or trial dates set).  The

9  Ninth Circuit has instructed that "'delay alone – no matter how lengthy – is an

10  insufficient ground for denial of leave to amend.'" *Arrellano v. Borg*, 66 F.3d 334, at

11  *1 (9th Cir. 1995).

12       Plaintiffs have not delayed in filing the motion to amend.  They sought

13  permission to file the instant motion as soon as they learned Amazon was following

14  the same policies and procedures for selling meat as Whole Foods.  *See Morongo*

15  *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding two

16  years between filing of initial and amended complaints insufficient to support denying

17  leave to amend.); *see also Carvajal v. Clark Cnty.*, 539 F. Supp. 3d 1104, 1120 (D.

18  Nev. 2021) (granting leave to amend in part because Plaintiff "discovered relevant,

19  material facts and law between filing his first amended complaint and seeking leave to

20  amend").  In *Imemco, Inc. v. Lumenis, Ltd.*, 2017 WL 11633198 (C.D. Cal. Jan. 17,

21  2017), the court granted leave to amend despite the plaintiff's reliance on information

22  they had in their "possession for years" because the plaintiff was not aware that the

23  information upon which they previously relied contained misrepresentations until they

---

24  [9]   Defendants inaptly rely upon *United States v. Bestfoods* for the notion that a parent
25  corporation may not be held liable for the acts of its subsidiaries.  524 U.S. 51, 61
   (1998).   This misses the mark because Plaintiffs do not seek to hold Amazon
26  responsible solely as the owner of its subsidiary but directly for its own actions.  *Id.* at
   64 (derivative liability cases are "distinguished from those in which the alleged wrong
27  can seemingly be traced to the parent through the conduit of its own personnel and
   management and the parent is directly a participant in the wrong complained of.")
28  (internal quotations omitted).

- 6 -

obtained additional information in discovery. *Id.* at \*5. While it is true that here, Plaintiffs knew Amazon was selling beef labeled as "No Antibiotics, Ever" when they initially filed their complaint, they were not aware this beef was being sold pursuant to the same policies and practices as Whole Foods' beef until July and August of this year, when they obtained and reviewed this information in discovery.

Plaintiffs have established that recently-produced evidence[10] supports that Amazon is integrally involved in the same alleged misconduct already upheld by this Court; thus, amendment is proper. *Scott v. City of L.A.*, 2023 WL 2563070, at \*3 (C.D. Cal. Mar. 17, 2023) (granting leave to amend because plaintiff "diligently sought to amend his pleadings following the discovery of new evidence"). Specifically, documents recently produced by Whole Foods support the contention that Amazon plays an integral role in the false marketing and sale of beef products. Exs. 14-28.[11] Moreover, Whole Foods' opposition concedes "Amazon does not now and never has had a role in reviewing or approving supplier applications submitted as part of Whole Foods Market's Meat Assurance Program." Opp. at 4; Atkin Decl., ¶8. Yet Amazon itself markets and sells Whole Foods-branded beef as "No Antibiotics, Ever." Exs. 5-9. Amazon's newly-conceded reliance on Whole Foods' wholly-defective system for ensuring its "No Antibiotics, Ever" warranty to be true for products sold directly by Amazon only supports the argument of the full extent of Whole Foods' and Amazon's intertwinement in the challenged conduct.

### C. The Whole Foods Defendants Will Not Be Prejudiced

Defendants cannot establish they will suffer any prejudice because they rely solely on the argument that amendment will cause delay. This argument fails because

---

[10] Mot. at 10.

[11] While Defendants claim they have produced sales data that covers both their in-store and online sales of relevant beef products, Opp. at 15; Declaration of David P. Adams ("Adams Decl.") (ECF 176-2), ¶3, Defendants continue to refuse to produce sufficient information to interpret the sales data, such as a data dictionary, that may be necessary to determine which sales may be properly attributable to Whole Foods or Amazon.

1   there is no "***strong evidence*** of 'undue delay.'" *Sonoma Cnty. Ass'n of Retired Emps.*
2   *v. Sonoma Cnty.*, 708 F.3d 1109 (9th Cir. 2013) (emphasis added).  Moreover, even if
3   there was "strong evidence of undue delay," the Ninth Circuit has made clear that
4   delay alone is insufficient to establish prejudice.  *Arrellano*, 66 F.3d at 1 ("'Delay
5   alone – no matter how lengthy – is an insufficient ground for denial of leave to
6   amend.'").

7        Should the Court allow amendment to add the Amazon entities, it promotes
8   judicial efficiency to further extend the class certification deadline so class
9   certification may move forward as to all defendants at once.  Moreover, if Defendants
10  were so keen to reach the class certification stage, perhaps they should have given
11  Plaintiffs the necessary documents they needed to appreciate the relationship between
12  Amazon and Whole Foods and prepare for class certification (Declaration of Paige M.
13  Tomaselli (ECF 171-1), ¶12) – they cannot delay when it aligns with their own
14  interest and then use deadlines that were postponed as a result of their own delay to
15  block Plaintiffs' attempt to sue all liable parties.

16        **D.    Plaintiffs' Motion Is Brought in Good Faith**

17        Whole Foods' suggestion that Plaintiffs sought leave to amend solely to extend
18  the class certification deadline (Opp. at 2, 4) is demonstrably false.[12]  In fact, this
19  Court has already recognized that Defendants previously "agreed to ***not oppose***
20  Plaintiffs' request for an extension of time under the condition that Plaintiffs not seek
21  to . . . add Amazon as a defendant," which Plaintiffs declined.[13]  Had Plaintiffs been
22  solely interested in extending the class certification deadline, as Defendants now
23

24  [12] Defendants generally mischaracterize the parties' meet-and-confer efforts
25  regarding this Motion.  Opp. at 4; *see* Declaration of Paige Tomaselli in support of *Ex Parte* Application to Continue the Hearing on Plaintiffs' Motion for Class Certification, ECF 153 at 15-17.

26  [13] Order Regarding Plaintiffs' *Ex Parte* Application to Continue the Hearing
27  (ECF 157) at 3; Defendants' Opposition to Plaintiffs' *Ex Parte* Application to Continue Hearing on Plaintiffs' Motion for Class Certification and Related Deadlines
28  (ECF 156 & attachments) at 8 (emphasis in original).

1   contend, Plaintiffs would have accepted Defendants' offer.   Accordingly, the

2   assertions of bad faith are wholly without merit.

3        Further, ***not*** having Amazon as a party to this litigation has prolonged discovery

4   because Defendants have used Amazon as a shield to avoid having to produce

5   documents by claiming they are in Amazon's (not Whole Foods') possession.   For

6   example, in response to Plaintiffs' requests for "marketing materials related in any

7   way to Whole Foods' sale of beef" and "[a]ll final agreements discussing data sharing

8   between . . . any . . . Whole Foods entity, including Amazon.com entities," Whole

9   Foods responded by saying that these are third-party documents "that are outside the

10  possession, custody and control of Defendants."   Ex. 30 at 5-6, 17-18 (Whole Foods

11  Market Services, Inc.'s Responses to Plaintiffs' Third Set of Requests for Production

12  (Nos. 39, 47), served on Sept. 30, 2024).   Meanwhile, Amazon claims the documents

13  are "in the possession, custody, or control of" the Whole Foods Defendants. Ex. 29 at

14  2.  If both Amazon and Whole Foods are parties to this action, Plaintiff will be able to

15  propound identical discovery upon both parties, which will prevent Whole Foods from

16  using the dilatory tactic of playing ignorance as to which information it has versus

17  which information Amazon has.

18       Finally, assuming *arguendo* that Whole Foods has standing to assert bad faith

19  accusations on behalf of Amazon (which it does not), there can be no bad faith when

20  Amazon has been on notice of the claims from the very beginning of this lawsuit and

21  has been involved in the litigation.   *See Stearns v. Select Comfort Retail Corp.*, 763 F.

22  Supp. 2d 1128 (N.D. Cal. 2010) (holding new claims did not constitute bad faith

23  because parties were on notice of the claims through the "original pleading and SAC,

24  and communications between counsel").

25

26

27

28

**III.    Conclusion**

The motion for leave to file the [Proposed] Second Amended Complaint should be granted.

DATED:  October 4, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
AELISH M. BAIG (201279)
TAEVA C. SHEFLER (291637)
ALAINA L. GILCHRIST (335807)


s/ Aelish M. Baig
AELISH M. BAIG

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
aelishb@rgrdlaw.com
tshefler@rgrdlaw.com
agilchrist@rgrdlaw.com

GRIME LAW LLP
DYLAN D. GRIMES (SBN 302981)
PAIGE M. TOMASELLI (SBN 237737)
730 Arizona Avenue
Santa Monica, CA  90401
Telephone:  310/747-5095
ptomaselli@grimelaw.com
dgrimes@grimelaw.com

ELSNER LAW & POLICY, LLC
GRETCHEN ELSNER (*pro hac vice*)
314 South Guadalupe Street, Suite 123
Santa Fe, NM  87501
Telephone:  505/303-0980
gretchen@elsnerlaw.org

Attorneys for Plaintiffs

- 10 -