# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC. doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH-KES<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>The Honorable Karen E. Scott |

This Matter comes before the Court on Plaintiffs' Motion to Compel Defendants Whole Foods Market California, Inc., Mrs. Gooch's Natural Food Markets, Inc., and Whole Foods Market Services, Inc., to produce documents responsive to Plaintiffs' requests for production (ECF No. 173). The Court held oral argument on October 15,

2024, attended by Elsner Law & Policy (Gretchen Elsner) and Grime Law (Paige M. Tomaselli) on behalf of Plaintiffs and Blaxter Blackman (David P. Adams) on behalf of Defendants.

The Court GRANTS Plaintiffs' Motion as follows:

1. Regarding Plaintiffs' Request No. 31 for a data dictionary, the parties are directed to continue to meet and confer and if unable to reach an agreement, can come back to the Court on short notice via the Court's IDC procedure. The Court's expectation is that Defendants will respond to the nature of the request and disclose to Plaintiffs information so that the parties can have a discussion.

2. Regarding Plaintiffs' Requests Nos. 3 and 31 for entity and personnel organizational charts, Defendants have not met their burden of showing that production is burdensome. Defendants are ordered to produce entity organizational charts from 2018, 2019, 2020, 2021, 2023 and 2024. As to personnel organizational charts, the Court finds that they are relevant and that Defendants have not shown that the burden outweighs the value to the case. The Court orders a further production, but Defendants may limit to people involved in meat. Production in response to Requests Nos. 3 and 31 is due October 25, 2024.

3. Regarding Plaintiffs' Request No. 33 for a list of acronyms, the Court finds that the request is relevant, not unduly burdensome, and that Defendants' objections do not appear to be meritorious. Production in response to Request No. 33 is due October 25, 2024.

4. Regarding Plaintiffs' Requests Nos. 29 and 38 on consumer surveys, the Court directs Defendant to proceed as described to the Court, which is running ESI searches and following up with Defendants' personnel. Defendant should double track its ESI search with efforts to talk to people in the marketing department. If the parties are unable to reach agreement, the Court welcomes the parties to return to Court on short notice via the Court's IDC procedure without having to a do a full noticed motion.

Production in response to Requests Nos. 29 and 38 is due by October 23, 2024.

Therefore, based on the briefing and oral argument of counsel, Plaintiffs' Motion to Compel is GRANTED. All production orders are subject to the documents existing in Defendants' possession, custody, or control and being located by a reasonably diligent search.

Dated: November 6, 2024

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE