BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
J.T. WELLS BLAXTER (SBN 190222)
wblaxter@blaxterlaw.com
DAVID P. ADAMS (SBN 312003)
dadams@blaxterlaw.com
BLAXTER | BLACKMAN LLP
601 Montgomery Street, Suite 1110
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for defendants WHOLE FOODS MARKET SERVICES, INC.; WHOLE FOODS MARKET CALIFORNIA, INC.; and MRS. GOOCH'S NATURAL FOOD MARKETS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, and FARM FORWARD, on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>WHOLE FOODS MARKET SERVICES, INC., a Delaware corporation, WHOLE FOODS MARKET CALIFORNIA, INC., a California corporation, MRS. GOOCH'S NATURAL FOOD MARKETS, INC., doing business as Whole Foods Market, a California Corporation,<br><br>Defendants. | Case No. 8:22-cv-01562-JWH (KESx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION TO MODIFY CLASS CERTIFICATION BRIEFING SCHEDULE**<br><br>The Honorable John W. Holcomb<br><br>Complaint Filed:   August 23, 2022<br>Discovery Cutoff:   Not Set<br>Pretrial-Conference:   Not Set<br>Trial Date:   Not Set |

# *EX PARTE* APPLICATION TO MODIFY THE CLASS CERTIFICATION BRIEFING SCHEDULE

Pursuant to L.R. 7-19, and the Judge Holcomb's Individual Procedures, Defendants Whole Foods Market Services, Inc. ("WFM Services"), Whole Foods Market California, Inc. ("WFM CA"), and Mrs. Gooch's Natural Food Markets, Inc., ("Mrs. Gooch's"; referred to collectively with WFM CA and Mrs. Gooch's as "Defendants") apply *ex parte* to modify the briefing schedule related to plaintiffs Sara Safari ("Safari") and Peyon Khaghani's ("Khaghani"; referred to collectively with Safari as "Plaintiffs") Motion for Class Certification, currently set for hearing on April 8, 2024. *See* ECF No. 223-1. Good cause exists to grant this application and continue Defendants' January 17, 2025 opposition date because: (1) Plaintiffs' three expert witnesses offering opinions in support of Plaintiffs' Motion for Class Certification are not available for deposition until January 8, 16, and 17 respectively; (2) Safari is not available for deposition until January 3, 2025; (3) Plaintiffs unilaterally set the deposition of another fact witness, Jay Friedman, for January 17, 2025; (4) Farm Forward, a foundational fact witness on whom Plaintiffs rely to establish the existence of the alleged misrepresentations, has delayed its production of documents due in August (almost five months ago) until yesterday and only made a very limited, partial production; (5) Defendants have previously worked with Plaintiffs' counsel to extend deadlines when faced with similar prejudicial issues; and (6) Plaintiffs' continue to push on tangential merit discovery issues in an effort to distract defense counsel during this briefing period and busy holiday season.

Defendants respectfully request that the Court grant this application and modify the current briefing and hearing schedule to the following: (1) Defendants' Opposition due February 14, 2025; (2) Plaintiffs' Reply due April 4, 2025; and (3) hearing May 9, 2025, or a date convenient to the Court's calendar.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION AND RELEVANT FACTS

### A.  Defendants Agreed on Two Separate Occasions to Accommodate Plaintiffs' Requests to Continue Class Certification.

On July 25, 2023, this Court entered an Order setting a schedule for class certification briefing and instructing Plaintiffs to move by June 7, 2024.  On May 10, 2024, Defendants stipulated to Plaintiffs' request for a 60-day extension of the class certification briefing schedule.  ECF No. 145.  On May 13, 2024, the Court granted the parties' stipulation, extending the briefing schedule and requiring Plaintiffs to move for class certification by August 6, 2024.  ECF No. 147.

Plaintiffs approached Defendants again on July 22, 2024 seeking a stipulation to vacate the entire class certification schedule pending their motion to add Amazon as a defendant.  *See* Declaration of David Adams ("Adams Decl.") ¶2.  Defendants were willing to accommodate a further extension of the briefing schedule, but not vacate it.  *See* ECF No. 156 at 9:8-12.  Defendants also did not believe Amazon, after two years of litigation, was a necessary or proper party to Plaintiffs' claims.  Adams Decl., ¶2.  Plaintiffs declined Defendants' proposal, and the Court ultimately denied Plaintiffs' request to vacate the class certification briefing schedule, but did modify it to give Plaintiffs more time for discovery and moving to add Amazon as a party.  *Ibid.*  By order entered August 5, 2024, the Court set the current briefing schedule, requiring Plaintiffs move for class certification by December 6, 2024, Defendants oppose by January 17, 2024, Plaintiff reply by February 14, 2024 and set the matter for hearing on March 18, 2024.  *See* ECF No. 157.  By order dated November 18, 2024, the Court continued the Class Certification Hearing to April 8, 2025 on its own motion.  *See* ECF No. 215.

B. **Defendants Worked Diligently to Obtain Evidence Needed for Opposing Class Certification While Also Responding to Extensive Merit Discovery.**

As Defendants continued to accommodate Plaintiffs' scheduling requests, they also worked to obtain key discovery related to Plaintiff's motion for class certification.

1. **Defendants Subpoena to Farm Forward**.

On July 17, 2024, Defendants served Farm Forward, a former plaintiff in this action, with a subpoena. *See* Adams Decl., ¶3. Although Farm Forward was dismissed from this action for lack of standing (ECF No. 100), Plaintiffs' operative Second Amended Complaint continues to rely heavily on beef product testing Farm Forward allegedly conducted on Defendants' retail beef in 2021 and 2022. *Compare* ECF No. 1 with ECF No. 108. Indeed, Farm Forward's testing and interactions with Whole Foods Market and GAP remain central to Plaintiffs' efforts to show that a misrepresentation actually exists (a foundational element to each of Plaintiffs' claims).

Farm Forward is represented by the same attorneys representing Plaintiffs. Adams Decl., ¶4. Farm Forward, however, has steadfastly refused to produce documents that were due in August. *Ibid.* Farm Forward strung-along Defendants for months by meeting and conferring on the scope of the subpoena and electronic document searches. *Ibid.* Farm Forward finally made an initial production yesterday, December 18, 2024, which it admits is incomplete. *Ibid.* While this is the first production of several ESI reviews, Farm Forward still refuses to state which requests for production in Defendants' subpoena they consider relevant and to which it is producing documents. *Ibid.*

2. **Defendants' Subpoena to Plaintiff Sara Safari.**

After the Court granted Plaintiffs' second extension of time to move for class certification, Plaintiffs requested that Defendants take the deposition of plaintiff

1  Safari, set for August 16, 2024, off calendar so that she would not have to sit for
2  duplicate depositions should the Court grant Plaintiffs' motion to leave to amend
3  and Amazon added as a party.  Adams Decl., ¶5.  Defendants' again agreed to
4  accommodate Plaintiffs and vacated the deposition pending resolution of the
5  motion, which remains under submission with the Court.  *Ibid.*  Once Plaintiff filed
6  for class certification, which included a declaration for plaintiff Safari filed on the
7  Saturday after the Court deadline, Defendants requested (the following Monday) her
8  availability for deposition during the weeks of December 16 and December 30 the
9  following Monday.  *Ibid.*  Plaintiffs offered one date in response – January 3, 2024.
10 *Id.* at Ex. 1 [Meet and Confer], at 5.  Thus, Defendants set the deposition for her first
11 available date.

       **3.**     **Defendants' Interrogatories, Set Three**.

13  On October 11, 2024, in an effort to prepare for opposing class certification,
14 Defendants propounded interrogatories to Plaintiffs, asking Plaintiffs to identify
15 "each expert witness, and his or her area of expertise and area of testimony,
16 [Plaintiffs] intend to offer in support of class certification."  Adams Decl., ¶6.  On
17 November 12, 2024, Plaintiffs served objections and refused to substantively
18 respond to Defendants' interrogatories.  *Id.* at Ex. 2 [Khaghani's Responses to
19 Interrogatories, Set Three], at 3:7-8.

       **4.**     **Plaintiffs' Requests for Production, Set Three.**

21  On August 30, 2024, Plaintiffs served their Requests for Production, Set
22 Three on WFM Services. Adams Decl., ¶7.  Each of the 13 requests was duplicative
23 of one, or some combination, of the 38 previously propounded requests for
24 production in this case.  *Ibid.*  Defendants had already fully responded to these prior
25 requests, producing over 167,000 pages of documents in more than 28 separate
26 productions covering all aspects of Defendants' sale and marketing of beef products
27 and verification of its antibiotics-related quality standards.  *Ibid.*  Accordingly,

DEFENDANTS' *EX PARTE* APP. TO MODIFY
CLASS CERT. BRIEFING SCHEDULE

Defendants objected to these requests and directed Plaintiffs to the previous requests for production to which each was duplicative. *Ibid*.

Following a brief meet and confer, Plaintiffs served Defendants with a lengthy Motion to Compel Further Responses to these duplicative document requests the day after Plaintiffs filed their motion for class certification. *See* Adams Dec., ¶8. This has forced Defendants to divert substantial resources away from class certification issues to compile their response to the discovery motion. *Ibid.* At last count, the joint statement related to this motion totals over 85 pages. *Ibid*. After Defendants diverted substantial resources and time to meeting their one-week opposition deadline, Plaintiffs opted *not* to file their joint statement on December 17th as contemplated under Civil LR 37-2.2. *Ibid*. As of the date of this filing, Plaintiffs have still not filed their joint statement. *Ibid*.

### 5. Deposition of Jay Friedman.

On December 3, 2024, Plaintiffs set the deposition of a third party, Jay Friedman, an individual with ties to Global Animal Partnership ("GAP"), the animal welfare certification organization whose standards apply to Defendants' beef, for December 17, 2024. Adams Decl., ¶9. Plaintiffs then unilaterally rescheduled the deposition for January 17, 2025 – the same day Defendants' opposition is due. *Ibid.* Thus, Defendants will need to have their motion finish early so they can participate in this deposition.

### C.   Plaintiffs' Certification Experts Are Unavailable for Deposition Until Defendants' Opposition is Due.

On December 6, 2024, Plaintiffs filed their Motion for Class Certification. *See* ECF No. 223-1. Plaintiffs' motion is supported by the opinions of three expert witnesses, Jon M. Riddle and Dr. Elizabeth Howlett, offering opinions regarding the calculation of damages for Plaintiffs' proposed class, and Bruce G. Silverman, offering opinions regarding consumer perception of Defendants' marketing

messages. ECF Nos. 219-13, 219-16, 219-17. Defendants requested their availability for deposition on December 16, 2024. Adams Decl., ¶10. As detailed below, Plaintiffs have informed Defendants that their experts are only available for deposition on January 8 (Silverman), 16 (Riddle) and 17 (Howlett). Again, the date Defendants' opposition is due.

**D.  The Parties' Meet and Confer**

On December 13, 2024, Defendants requested that Plaintiffs agree to modify the class certification briefing schedule to allow Defendants an additional three weeks for their opposition given all of the issues detailed above. Adams Decl., Ex. 1, at 9-11. Defendants' email explained why they were asking for the additional time. *Ibid.*

On December 16, 2024, Plaintiffs declined to stipulate to Defendants' proposed dates and instead offered Defendants additional time to provide their portion of the Joint Statement to Plaintiffs' pending Motion to Compel Further Responses to Plaintiffs Requests for Production, Set Three, which was due December 16, 2024. *Id.*, at Ex. 1, at 8-9. Defendants explained that Plaintiffs offer failed to address the bulk of the reasons a continuance was necessary, and in any event, an extension of time to respond with Defendants' portion of the Joint Statement was meaningless as Defendants had spent all weekend preparing their response which was due that day. *Id.,* at Ex. 1, at 8.

Plaintiffs replied that day saying that, "While Plaintiffs are willing to consider a modified briefing schedule," they would only consider one that granted each party additional time to draft their respective opposition and reply briefs, while also maintaining the current April 8, 2025 hearing date. *Id.* at Ex. 1, at 7. Defendants responded, reminding Plaintiffs that a "reply is more limited [than an opposition] in both scope and length. Further, the time frame for Plaintiffs' reply does not include two of the busier holidays when most people are unavailable for more than a week."

*Id.*, at Ex. 1, at 6-7. Defendants, nonetheless, sought a compromise and proposed that Defendants be given an additional two weeks to file their opposition while Plaintiffs be granted an additional week to file their reply. *Ibid.*

Plaintiffs, again, declined Defendants' offer, and proposed that Defendants be only given 10 additional days to file their brief, while Plaintiffs be given eleven additional days to file their reply. *Id.* at Ex. 1, at 6. Plaintiffs claimed this accommodation was necessary given Plaintiffs' counsel's family travel plans. *Ibid.*

Plaintiffs then informed Defendants that their expert witnesses were only available for deposition as follows: Jon M. Riddle (January 16, 2025); Dr. Elizabeth Howlett (January 17, 2025); and Bruce G. Silverman (January 8, 2025). *Id*. at Ex. 1, at 4.

Defendants replied and stated that the current briefing schedule was unworkable given that Plaintiffs' experts were not available for deposition until Defendants' opposition was due. Adams Decl., Ex. 1, at 3. Defendants proposed that the parties agree to a revised schedule as follows: Defendants Opposition (February 14, 2025); Plaintiffs' Reply (April 4, 2025); and Hearing May 9, 2025, or a date convenient to the Court. *Ibid.* Plaintiffs, again, declined to accommodate Defendants' request. *Id.* at Ex. 1, at 1-2. Defendants informed Plaintiffs on December 18, 2024 that they would seek a modified briefing schedule through an *ex parte* application. Adams Decl., Ex. 1, at 1; L.R. 7-19, *et seq*. Plaintiff's counsel's contact information is:

| Paige M. Tomaselli<br>Dylan D. Grimes<br>GRIME LAW LLP<br>730 Arizona Avenue<br>Santa Monica, CA 90401<br>(310) 747-5095<br>ptomaselli@grimelaw.com<br>dgrimes@grimelaw.com | Gretchen Elsner<br>ELSNER LAW &<br>POLICY, LLC<br>314 South Guadalupe Street, Suite 123<br>Santa Fe, NM 87501<br>(505) 303-0980<br>gretchen@elsnerlaw.org | Aelisha M. Baig<br>Alaina L. Gilchrist<br>Taeva C. Shefler<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800,<br>San Francisco, CA 94104 |

|   |   | (415) 288-4545<br>aelishb@rgrdlaw.com<br>agilchrist@rgrdlaw.com<br>tshefler@rgrdlaw.com |
|---|---|---|

Adams Decl., ¶11.

## II. ARGUMENT

Good cause exists to grant the present application for the following reasons. Importantly, each of the exigent circumstances described below are made more pressing considering these deadlines fall squarely within the two busiest holidays of the year, during which counsel for both parties, Defendants' personnel, and the parties experts will be unavailable.

### A. Depositions.

Defendants are unable to depose Plaintiffs' expert witnesses supporting their Motion for Class Certification until January 8, 16, and 17th. Defendants' opposition is due January 17, 2025. To effectively oppose Plaintiffs' motion, Defendants need to not only complete these depositions but also obtain certified transcripts and work with their own experts to formulate their opposition arguments. Defendants cannot complete these tasks in the time allotted under the current briefing schedule. Importantly, Defendants attempted to ameliorate this time-crunch by propounding interrogatories to Plaintiffs in October asking them to disclose their experts and the areas of testimony. Plaintiffs, however, refused to provide substantive responses.

Plaintiffs also scheduled two other key depositions in this case for early January– Plaintiff Safari on January 3, 2025 and Jay Friedman on January 17, 2025. Safari's deposition is manifestly relevant to the issues in class certification as her testimony will bear on whether her claims are typical of her proposed class and her adequacy as a class representative. As with Plaintiffs' expert witnesses, Defendants will need time not only to depose Ms. Safari, but also to obtain certified transcripts and work with their experts to formulate their opposition. The two-week turnaround

to accomplish this task renders it extremely difficult, considering that Defendants will be required to prepare for the deposition over Christmas and New Year holidays, then work to incorporate her testimony into their Opposition while preparing to depose Plaintiffs three experts in a two-week period prior to their opposition deadline.  Importantly, Defendants have previously accommodated Plaintiffs' scheduling requests regarding Safari's deposition by taking her previously scheduled August 16, 2024, off the calendar pending a ruling on the Plaintiffs' Motion for Leave to File a Third Amended Complaint.  Adams Decl., ¶5. Defendants waited until December to reschedule the deposition because this Court has yet to rule on Plaintiffs' Motion for Leave to File a Third Amended Complaint. *Ibid*.  Once it became clear that the deposition would need to go forward notwithstanding the pending motion, Defendants noticed Safari's deposition immediately. *Ibid.*

Defendants expect Jay Friedman will testify regarding GAP's operation and history.  This testimony will bear on issues related to consumer perception of GAP's certification and the commonality of the proposed class. Importantly, this deposition, like the deposition of Dr. Elizabeth Howlett set for January 17, 2025, is the date Defendants' opposition is due.  Thus, under the current briefing schedule, Defendants will need to devote an attorney to prepare for each deposition, while also finalizing and filing their brief all on the same day.  Not only would this prejudice Defendants' ability to finalize and file their opposition, but they would be prevented from using material from either deposition in their opposition.

**B.    Farm Forward Subpoena.**

Farm Forward, a former plaintiff in this matter, conducted the investigation and testing relied on in both the initial and operative complaint in this case.  Thus, Farm Forward is expected to have significant documents and information bearing on issues affecting class certification, such as Farm Forward's antibiotic testing.  The

validity of testing bears directly on whether Plaintiffs' claims of consumer deception and class damages are subject to common proof.

Defendants have attempted to obtain documents related to this investigation and testing since July of this year. During this time, Defendants worked diligently to meet and confer with Farm Forward and negotiate ESI search terms for the organization to run in its custodian files. Farm Forward, who is represented by Plaintiffs' counsel, however, only produced its initial production of documents in response to Defendants' subpoena yesterday, after Defendants devoted significant resources to drafting a motion to compel. Adams Decl., ¶4. Importantly, while Farm Forward may have made an initial production, it has steadfastly refused to identify which requests for production in Defendants' subpoena to which it is producing documents. *Ibid.* Defendants still intend to file their motion to compel to resolve this issue and obtain further documents in a timely manner. *Ibid.* Once Defendants finally obtain a full production from Farm Forward, they will need to depose its corporate representative. Thus, Defendants are prejudiced because they will be unable to obtain necessary documents and testimony from Farm Forward in time to incorporate this material into their opposition.

### C.  Defendants Agreed with Plaintiffs' Requests to Modify Briefing Schedule.

This Court should grant Defendants' *ex parte* application because Defendants have stipulated to Plaintiffs' previous requests for continuance of their class certification deadline. In May 2024, Defendants stipulated to extend the deadline for Plaintiffs to move to file their motion for class certification. *See* ECF No. 145. Also, in August 2024, Defendants would not agree to vacate the briefing schedule but would agree not to oppose Plaintiffs' request for an extension of time if Plaintiffs agreed not to seek to add Amazon, who Defendants do not believe is a necessary party to these claims. *See* ECF No. 156 at 9:8-12. Defendants asked that

Plaintiffs show reciprocal professional courtesy and stipulate to extend the parties' opposition and reply deadlines. *See* Ex. 1 at 10. Plaintiffs refused. *Id.* at 1-2.

**D.  Defendants Good Faith Efforts to Comply With Plaintiffs' Numerous Discovery Demands.**

Defendants continue to expend considerable time and resources complying with Plaintiffs' merit discovery demands, which has impacted Defendants' availability to prepare to oppose Plaintiffs Motion for Class Certification.

Defendants have produced over 167,000 pages of documents in over 28 separate productions in this matter covering all aspects of Defendants' sale and marketing of beef and verification of its antibiotics-related quality standards. Adams Decl., ¶12.

Despite these efforts, Defendants continue to devote substantial resources to responding to Plaintiffs' motions to compel (one was served one court day after Plaintiff's served their motion for class certification and has yet to be filed) and requests for informal discovery conferences, meet and confers regarding past discovery responses (the parties met and conferred December 12, 2024 for an hour and a half on Plaintiffs' contentions regarding Defendants' response to Plaintiff's Interrogatories Set Two), responding to newly propounded discovery (Defendants are served voluminous responses to Plaintiffs' Interrogatories, Set Four on December 18, 2024), document productions (Defendants have processed nine productions of documents since September totaling almost 10k pages of documents), and continuing ESI searches (defendants are currently working on two separate ESI review projects at Plaintiffs request – one for marketing documents and survey materials in newly identified custodians files, and another applying revised search terms including further beef suppliers to the current custodian files). Adams Decl., ¶13. These efforts take substantial time and effort and are made more

difficult and time-consuming given Defendants' personnels' availability during the busy holiday season. *Ibid.*

### III. CONCLUSION

Based on the foregoing evidence and arguments, good cause exists to grant this application and modify the class certification briefing schedule as follows: (1) Defendants' Opposition due February 14, 2025; (2) Plaintiffs' Reply due April 4, 2025; and (3) hearing May 9, 2025, or a date convenient to the Court's calendar.

DATED: December 19, 2024　　　　　　BLAXTER | BLACKMAN LLP

　　　　　　　　　　　　　　　　　　By:　　*/s/ David P. Adams*
　　　　　　　　　　　　　　　　　　　　　BRIAN R. BLACKMAN
　　　　　　　　　　　　　　　　　　　　　J.T. WELLS BLAXTER
　　　　　　　　　　　　　　　　　　　　　DAVID P. ADAMS
　　　　　　　　　　　　　　　　　　Attorneys for Defendants WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET CALIFORNIA, INC., AND MRS. GOOCH'S NATURAL FOOD MARKETS INC.