UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, on behalf of themselves and all others similarly situated,<br>PEYMON KHAGHANI, on behalf of themselves and all others similarly situated,<br>JASON ROSE, on behalf of themselves and all others similarly situated, and<br>FARM FORWARD, on behalf of the general public,<br><br>   Plaintiffs,<br><br>   v.<br><br>WHOLE FOODS MARKET, INC.,<br>WHOLE FOODS MARKET SERVICES, INC.,<br>WHOLE FOODS MARKET CALIFORNIA, INC., and<br>MRS. GOOCH'S NATURAL FOOD MARKETS, INC.,<br><br>   Defendants. | Case No. 8:22-cv-01562-JWH-KESx<br><br>**ORDER GRANTING DEFENDANTS'** ***EX PARTE*** **APPLICATION TO EXTEND BRIEFING SCHEDULE [ECF No. 225]** |

Before the Court is the *ex parte* application of Defendants Whole Foods Market Services, Inc.; Whole Foods Market California, Inc.; and Mrs. Gooch's Natural Foods Markets, Inc. to modify the briefing schedule related to the motion for class certification filed by Plaintiffs Sara Safari and Peymon Khaghani.[1] Plaintiffs oppose Defendants' Application.[2] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed below, the Application is **GRANTED**.

## I. BACKGROUND

The parties are familiar with the history of this putative class action.[3] As relevant here, in May 2024 the Court granted the parties' stipulation to extend the deadlines regarding class certification, which set a deadline of August 6, 2024, for Plaintiffs to file a motion for class certification.[4] One week before that deadline, Plaintiffs moved to vacate the class certification hearing, because (1) Plaintiffs planned to file a motion to amend the Second Amended Complaint; (2) Defendants had not yet produced some documents that Plaintiffs believed would be relevant to class certification; and (3) Safari had not yet been deposed, and her deposition testimony was relevant to the motion for class certification.[5]

---

[1]  Def.'s *Ex Parte* Appl. to Modify Class Certification Briefing Schedule (the "Application") [ECF No. 225]; *see also* Pl.'s Mot. for Class Certification (the "Motion for Class Certification") [ECF No. 218].

[2]  *See* Pl.'s Opp. to Application (the "Opposition") [ECF No. 228].

[3]  *See* Order re. Def.'s Mot. to Dismiss [ECF No. 74].

[4]  Ord. Granting Stip. to Extend the Deadline for Pls. Sara Safari and Peymon Khaghani to Move to Certify the Class [ECF No. 147].

[5]  *See* Pl.'s *Ex Parte* Appl. to Vacate Class Certification Hearing [ECF No. 153].

Defendants opposed the extension,[6] and the Court granted the extension in part.[7] The current deadlines are as follows:

- the deadline for Plaintiffs to move for class certification was December 6, 2024;
- the deadline for Defendants to respond to such motion is January 17, 2025;
- the deadline for Plaintiffs to file a reply in support of such motion is February 14, 2025; and
- the hearing on such motion shall be set for March 18, 2025, at 10:00 a.m.[8]

Plaintiffs filed their Motion for Class Certification in a timely manner on December 6, 2024.[9] Defendants filed the instant Application approximately two weeks later, on December 19, 2024.[10]

## II.  LEGAL STANDARD

"The opportunities for legitimate *ex parte* applications are extremely limited." *Lum v. Mercedes-Benz USA, LLC*, 2012 WL 13012454, at *4 (C.D. Cal. Jan. 5, 2012) (citation omitted). To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or

---

[6]  *See* Def.'s Opp'n to *Ex Parte* Appl. to Vacate Class Certification Hearing [ECF No. 156].

[7]  *See* Order Re. Pl.'s *Ex Parte* Appl. to Continue (the "Scheduling Order") [ECF No. 157].

[8]  *Id.*

[9]  *See* Motion for Class Certification.

[10]  *See* Application.

that the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

### III.  ANALYSIS

Defendants argue that they are entitled to *ex parte* relief in large part because Defendants are unable to obtain deposition testimony from critical witnesses, including Plaintiffs' expert witnesses and Safari, in time for Defendants to file their opposition to the Motion for Class Certification.[11]  In their Opposition, Plaintiffs assert that Defendants have not shown good cause to extend the briefing schedule because Defendants can file their opposition without taking the depositions at issue, or Defendants could have tried to take those depositions sooner.[12]

The Court concludes that Defendants are entitled to *ex parte* relief.  Based upon the Application and supporting declaration, it appears that, despite Defendants' attempt to schedule the depositions of Plaintiffs' witnesses in December, Defendants are unable to obtain those depositions in time to file their opposition.[13]  For example, one of Plaintiffs' witnesses is available for a deposition only on January 17, 2025—the same day that Defendants' opposition is due.[14]  It also appears that Plaintiffs rebuffed Defendants' attempts to obtain information that would have facilitated earlier depositions of those witnesses.[15]  Moreover, the Court finds Plaintiffs' arguments regarding good cause unpersuasive in view of Plaintiffs' prior request for the Court to vacate the class

---

[11]  *See generally id.*

[12]  *See generally* Opposition.

[13]  *See* Decl. of David P. Adams in Supp. of the Application, Ex. 1 (the "Correspondence") [ECF No. 225-3].

[14]  *See id.*

[15]  *See id.*

certification schedule so that Plaintiffs could, among other things, obtain deposition testimony. Thus, the Court concludes that Defendants have shown good cause under Rule 6(b) of the Federal Rules of Civil Procedure to receive this extension.

The Court hopes and expects that, in the future, counsel will cooperate and reach a stipulation on simple issues such as this extension.[16]

### IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' instant Application [ECF No. 225] is **GRANTED**.
2. The deadline for Defendants to file an opposition to the Motion for Class Certification is **EXTENDED** to February 14, 2025.
3. The deadline for Plaintiffs to file a reply in support of the Motion for Class Certification is **EXTENDED** to April 4, 2025.
4. The hearing on the Motion for Class Certification [ECF No. 218] is **CONTINUED** to May 6, 2025, at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: December 26, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[16] *See* Court's Civility and Professionalism Guidelines § B2 (available at https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines).