UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA SAFARI, on behalf of themselves and all others similarly situated, <br> PEYMON KHAGHANI, on behalf of themselves and all others similarly situated, <br> JASON ROSE, on behalf of themselves and all others similarly situated, and <br> FARM FORWARD, on behalf of the general public, <br><br> Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET, INC., WHOLE FOODS MARKET SERVICES, INC., WHOLE FOODS MARKET CALIFORNIA, INC., and MRS. GOOCH'S NATURAL FOOD MARKETS, INC., <br><br> Defendants. | Case No. 8:22-cv-01562-JWH-KESx <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND SECOND AMENDED CLASS ACTION COMPLAINT [ECF No. 163]** |

-1-

Before the Court is the motion of Plaintiffs Peyton Khaghani and Sara Safari for leave to amend their Second Amended Complaint.[1] The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the reasons detailed below, the Motion is **DENIED**.

## I. BACKGROUND

The parties are familiar with the history of this putative class action.[2] In broad strokes, Plaintiffs allege that Defendants Whole Foods Market Services, Inc.; Whole Foods Market California, Inc.; and Mrs. Gooch's Natural Food Markets, Inc. (collectively, "Whole Foods") falsely advertise and label their beef products, which are sold through Whole Foods stores and Amazon.com, as antibiotic-free.[3] Plaintiffs originally filed the action against Defendant Whole Foods Market, Inc. in August 2022.[4] Since then, Plaintiffs have amended their pleadings twice, including to add Defendants Whole Foods Market Services, Inc.; Whole Foods Market California, Inc.; and Mrs. Gooch's Natural Food Markets, Inc.[5]

After Plaintiffs filed their Second Amended Complaint, the Court set the deadline for Plaintiffs to file a motion for class certification as August 6, 2024.[6]

---

[1] Pl.'s Mot. for Leave to Amend (the "Motion") [ECF No. 163]; *see also* Pls.' Second Am. Compl. against Defs. Mrs. Gooch's Natural Food Markets, Inc.; Whole Foods Market California, Inc.; and Whole Foods Market Services, Inc. (the "Second Amended Complaint") [ECF No. 108].

[2] *See* Order Re. Def.'s Mot. to Dismiss [ECF No. 74].

[3] *See generally* Second Amended Complaint.

[4] *See* Compl. [ECF No. 1].

[5] *See* First Amended Compl. (the "First Amended Complaint") [ECF No. 35]; Second Amended Complaint.

[6] *See* Order Re. Pl.'s *Ex Parte* Appl. to Continue (the "Scheduling Order") [ECF No. 157].

One week before that deadline, Plaintiffs moved to vacate the class certification hearing, in part because they desired to seek leave to amend the Second Amended Complaint to include additional defendants.[7] The Court granted that motion in part, which extended Plaintiffs' deadline to file a motion for class certification to December 6, 2024.[8]

Plaintiffs filed the instant Motion in September 2024.[9] The matter is fully briefed.[10]

## II.  LEGAL STANDARD

### A.  Rule 15(a)—Leave to Amend

Pursuant to the Federal Rules of Civil Procedure, a district court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a).  The purpose underlying Rule 15(a) is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).  However, leave to amend is "not automatic." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2020 WL 5775174, at *1 (C.D. Cal. July 8, 2020).  The Ninth Circuit instructs district courts to consider five factors when deciding a motion for leave to amend under Rule 15(a):  (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of amendment; and (5) whether the plaintiff has previously amended his or her complaint.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).  Of those factors, prejudice to the opposing party is the consideration

---

[7]  *See* Pl.'s *Ex Parte* Appl. to Vacate Class Certification Hearing [ECF Nos. 153 & 179 (sealed)].

[8]  *See* Scheduling Order.

[9]  *See* Motion.

[10]  *See* Def.'s Opp'n to the Motion [ECF Nos. 176 & 182 (sealed)]; Pl.'s Reply in Support of the Motion (the "Reply") [ECF Nos. 191 & 194 (sealed)].

"that carries the greatest weight." *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

### B. Rule 20(a)—Permissive Joinder

The Federal Rules of Civil Procedure permit the joinder of two or more defendants in one action if: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Before allowing the joinder of parties, the court "must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Desert Empire Bank v. Ins. Co. of North Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). A court "should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *Id.* Because the standards are similar, courts often consider Rules 15(a) and 20(a) together. *See id.*

### III. ANALYSIS

As an initial matter, Plaintiffs filed this motion under Rule 15(a), and Defendants responded accordingly. However, because a Scheduling Order is in place, the request for leave to amend should instead be considered under Rule 16. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (explaining that, once a scheduling order is in place, a motion to amend is treated as a request to amend the scheduling order). Under Rule 16(b), amendment is inappropriate absent a showing of "good cause." Fed. R. Civ. P. 16(b). The "good cause" standard "primarily considers the

diligence of the party seeking the amendment," and "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 875 F.2d at 609.  The "good cause" standard is far less generous to a plaintiff than the "liberal" Rule 15 standard.  *See id.* at 607.

In any event, Plaintiffs are not entitled to amend their pleadings under any of Rules 15, 16, or 20.  Plaintiffs seek to add Amazon.com, Inc.; Amazon.com Sales, Inc.; and Amazon.com Services LLC (collectively, "Amazon") as defendants to this action.[11]  According to Plaintiffs, they learned during discovery that (1) Amazon.com, Inc. is the parent corporation of Whole Foods; (2) Amazon controls "applicable meat marketing, sourcing and sales policies and procedures at Whole Foods"; and (3) Amazon "directly sell[s] Whole Foods 365 and private label beef with the same alleged false marketing through Whole Foods Market on Amazon, Amazon Prime, and Amazon Fresh."[12]  Plaintiffs contend that they could not have included allegations regarding Amazon at any previous time because Plaintiffs did not understand the "integral role" that Amazon plays in "marketing, sourcing, and [selling]" Whole Foods beef.[13]

The Court is unconvinced.  As Plaintiffs acknowledge, Amazon acquired Whole Foods in 2017.[14]  Plaintiffs therefore should have known before they filed this lawsuit that Amazon is the parent company of Whole Foods.  It is also unlikely that Plaintiffs learned for the first time during discovery that Amazon sells Whole Foods products on the Amazon website—Plaintiffs included images

---

[11]    Motion 2:10-3:3.
[12]    *Id.* at 2:14-18.
[13]    *Id.* at 8:20.
[14]    *Id.* at 3:12.

-5-

of beef sold through the Amazon website in their Second Amended Complaint.[15] Indeed, most of Plaintiffs' proposed amendments relate to records that were available to Plaintiffs before they filed their Second Amended Complaint, including proxy statements and images of Amazon's website and marketing materials.[16]

Furthermore, Plaintiffs contend that some recently produced documents reveal that Amazon "exerts control over Whole Foods' meat sourcing," but Plaintiffs overstate the content of those documents.[17] For example, Plaintiffs have submitted an email news blast that was transmitted to Whole Foods employees that contained articles from 2019 in which reporters speculated that Amazon, as the parent company of Whole Foods, would reduce Whole Foods' prices.[18] Plaintiffs read this email to suggest that Amazon "exerts control over Whole Foods' price setting."[19] But that document suggests nothing of the sort—it is a news blast to which no Amazon or Whole Foods employee responded.[20] So too for the other documents that Plaintiffs have supplied, which indicate that Amazon is the parent company of Whole Foods and a

---

[15] *See* Second Amended Complaint ¶ 47.

[16] *See, e.g.*, Decl. in Support of Application to File Documents Under Seal (the "Shefler Declaration"), Ex. 1 (the "Third Amended Complaint") [ECF No. 164-1] ¶ 32 (citing December 31, 2017, Form 10-K filed by Amazon.com, Inc.), ¶ 65 (alleging that consumers could search for Whole Foods beef through the Amazon website), & ¶ 101 (citing Amazon's May 24, 2023, Proxy Statement, which reiterated that Whole Foods required meat to contain "no antibiotics ever"); *id.*, Ex. 24 ("Exhibit 24") [ECF No. 162-11] (media articles from 2019 that claimed Amazon exerted price control over Whole Foods).

[17] Motion 6:10-11.

[18] *See generally id.*; Exhibit 24.

[19] Motion 7:1-2.

[20] *See* Exhibit 24.

retailer of Whole Foods' products, not that Amazon controlled Whole Foods' marketing or pricing of beef.[21]

      Additionally, permitting Plaintiffs to add defendants at this point in the litigation would cause undue prejudice. Plaintiffs filed this Motion shortly before the deadline to move for class certification, when Plaintiffs had nearly completed discovery related to their motion for class certification.[22] If granted, the instant Motion would effectively reset that progress: the Amazon defendants would be entitled to move to dismiss the allegations against them; the parties would be entitled to conduct further discovery related to class certification; and the motion for class certification would be refiled.[23] That course would result in prolonged delays and increased costs, which—although not themselves "fatal to amendment"—counsel against granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.3d 1074, 1079 (9th Cir. 1990); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). Further, Plaintiffs have already amended their pleadings twice, and Plaintiffs' instant proposed amendments are premised on information that Plaintiffs long had available to them. *See Acri v. International Assn. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398–99 (9th Cir. 1986)

---

[21]    *See, e.g.*, Shefler Declaration, Exs. 14 &15 (ECF Nos. 162-2 & 162-3) (indicating that suppliers were required to comply with Whole Foods and Amazon Food Safety standards, without stating what those standards were).

[22]    *See* Motion.

[23]    *See id.* at 16:21–24 (arguing that "[t]he most efficient way to proceed is with one complaint against all relevant defendants, moving forward with a single class certification motion against both sets of defendants"); Reply 8:7–9 (requesting that the Court "further extend the class certification deadline so class certification may move forward against all defendants at once").

-7-

(denying leave to amend when the plaintiffs could have sought amendment sooner to avoid a "necessity for further discovery").

## IV. DISPOSITION

For the foregoing reasons, Whole Foods' instant Motion for leave to amend [ECF No. 163] is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 2, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE