UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. 8:22-cv-01562-JWH-KESx                                     Date: September 4, 2025

Title:  SARA SAFARI ET AL. v. WHOLE FOODS MARKET, INC.

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     Order to Show Cause ("OSC") why Motion to Compel Should Not be Denied

In April 2024, Plaintiffs served a subpoena on non-party Eel River Organics, LLC ("Eel River") located in Hydesville, Humboldt County, California. (Dkt. 292-1 at 13.) The subpoena requires production of documents by electronic transfer to an email address. (Id. at 11.) On May 12, 2024, Attorney Harold Reiland Jr. of Reiland/Law in Alamo, California, served objections to the subpoena. (Id. at 26.) On August 1, 2025, Plaintiffs filed a motion in this Court to compel Eel River to produce documents in response to the subpoena. (Dkt. 292, 293.) Plaintiffs noticed the motion for a hearing on September 23, 2025. (Id.) Eel River has not filed an opposition.

Federal Rule of Civil Procedure 45(d)(2)(B) allows a subpoena recipient to object. "If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move ***the court for the district where compliance is required*** for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i) (emphasis added). "A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (c)(2)(A).

The Court orders the hearing noticed for September 23, 2025, **OFF CALENDAR**. By **September 15, 2025**, Plaintiffs shall respond to this OSC and answer the following questions:

(1) Is the subpoena valid and enforceable if it does not identify a place of compliance? See Vega v. Soto, No. 1:22-cv-000471-JLT-EPG (PC), 2024 U.S. Dist. LEXIS 106079, at *5

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01562-JWH-KESx                                                    Date: September 4, 2025
                                                                                                             Page 2

(E.D. Cal. June 14, 2024) ("Some courts have required a subpoena to contain a physical address rather than just a notation that the deposition would proceed by electronic means.") (citing other cases).

(2) What is the place of compliance for the Eel River subpoena?

(3) If the place of compliance is in Humboldt County, then do Plaintiffs need to file their motion to compel in the Northern District of California?

(4) If the place of compliance is somewhere else, then is it within 100 miles of where Eel River resides, is employed, or regularly transacts business in person?

The Clerk shall serve this order on Eel River by mail to Harold Reiland Jr., Reiland / Law, PO Box 1415, Alamo, CA 94507-7415, and by email to hal@reilandlaw.com.

Initials of Deputy Clerk jd

cc:    hal@reilandlaw.com

       Harold Reiland Jr.
       Reiland / Law, PO Box 1415
       Alamo, CA 94507-7415